IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL ) | |
| Plaintiff, ) | Civil Action No. 14-1904 (JEB) |
| v. ) | |
| Allied Barton Security Services LLC, ) Defendant ) | |

## PLAINTIFF'S MOTION TO WITHDRAW ATTORNEY AND AMEND ORIGINAL COMPLAINT

Eugene Nyambal (hereinafter "Plaintiff" or " Nyambal"), Pro Se, respectfully comes before this Court to inform the Court of his decision to withdraw counsel and request that the pending Motion to Dismiss filed by Defendant be put on hold to allow him to have a full update about his case, hire a new attorney, if needed amend his complaint to better reflect his objectives of representation and ensure a more effective defense. His request is based on the following facts:

1. Plaintiff filed a civil lawsuit against Allied Barton Security Services on October 9, 2014 in the Superior Court for the District of Columbia. The Case was thereafter transferred to the US District Court for the District of Columbia at the request of Defendant who filed a Motion to Dismiss on November 26, 2014. Plaintiff's attorney filed a Response to the Motion to Dismiss on December 17, 2015. Since then, the Motion to Dismiss is pending before this Honorable Court.

2. Due to the hardship and damage to his reputation arising from his unlawful blacklisting by Allied Barton at the World Bank, Plaintiff has been unable to find a job or and assignments in the United States over the past few years. He travelled to West Africa for temporary assignments in February 2015 and stayed there longer without his family in order to seek additional opportunities. He returned in the United States on December 21, 2015.

RECEIVED
DEC 22 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

3. Plaintiff had been sending emails to his counsel on a regular basis to ask questions and inquire about the status of his case, however most of his emails have remained unanswered. Plaintiff was unable to receive regular updates, feedback and full access to the documents filed on his behalf by his counsel in spite of his multiple requests. His concerns and queries about the handling of the case, the strategy, the documents and interactions between his attorney and the opposing counsel have been met with silence by his counsel.

4. In particular, when the case was transferred from the DC Superior Court to the US District Court, Plaintiff asked his attorney whether an amended complaint was needed to comply with the rules and requirements of the US District Court, but his attorney indicated that no changes were needed. Plaintiff also asked his attorney to share with him a number of documents related to this case, including a copy of the security contract between Allied Barton and IMF obtained through court order, in a related case against the IMF, however his counsel indicated that "he didn't know whether he had the right to share this document with him". While overseas, plaintiff offered several times that his fiancée pick up the documents at his attorney's office, she also severally called the attorney as instructed by Plaintiff, but to no avail. Plaintiff asked his attorney why the ruling on the Motion to Dismiss was taking so long and Counsel simply advised him to wait. Plaintiff thereafter asked Counsel to share with him the strategy to forcefully defend this case and meet the objectives of his representation, but he did not have any answer. Finally, plaintiff asked his attorney whether in light of the strong evidence provided by the World Bank against Allied Barton, the attorney had tested or initiated any discussion with Allied Barton besides court proceedings, but his never got an answer. The email trail is available upon request.

5. Plaintiff and his family have suffered severe damages from Allied Barton's malicious actions. His children aged 7, 11 and 17 are growing up without their father whose professional reputation

has been ruined by Allied Barton. He does not want to risk his case on technicalities, misunderstandings with his counsel or failures to adequately reflect the objectives of his representation. Plaintiff would therefore like to be given the opportunity to adequately prepare his defense and to ensure that the objectives of his representation are met.

6. Due to these irreconcilable differences in the management of his case, Plaintiff informed his attorney on December 17, 2015 that he intends to hire a new counsel upon his return in the United States and asked him to prepare a Motion to Withdraw (letter to Counsel attached in Annex 1). Alongside this Motion, the December 17, 2015 letter to Plaintiff's counsel hereafter attached presents the rationale of his decision to withdraw attorney, amend his complaint and ensure that his objectives of representation are met. Upon arriving in the US on December 21, 2015, Plaintiff served the letter again to his attorney via a certified mail.

7. THEREOF, Plaintiff therefore prays this Court to allow him to withdraw attorney, withdraw the original complaint and pleadings, seek a new Counsel to determine the best course of action and amend his complaint in order to better reflect latest developments as well as the objectives of his representation in this case that has damaged his career, his reputation and severely affected his young children who have been growing up in America without their father for Allied Barton's malicious actions.

By _____

Eugene Nyambal, PRO SE

5734 first Street South
Arlington, VA 22204
Tel: 703 622 06 09

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 22nd day of December 2015 a true and correct copy of the foregoing was served via mail and email transmission upon the following:

Edward C. Bacon #270124
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
301-345-7001
ebacon@lawbtp.com

John M. Shoreman (D.C. Bar 407626)
McFADDEN & SHOREMAN
1050 Connecticut Avenue, NW, Suite 1000
Washington, DC 20036
(202) 772-3188
*Counsel for Plaintiff*

              _____
              Eugene Nyambal

Eugene Nyambal                                              December 17, 2015
5734 First Street South
Arlington, VA 22204
enyambal@yahoo.com

Mr. John M. Shoreman
McFadden & Shoreman
1050 Connecticut Av. NW, Suite 1000
Washington DC 20036

**Subject: Civil Action No. 14-1904 (JEB)-Nyambal vs. Allied Barton and Mandamus Cases-Notice to terminate legal representation**

Dear John,

This is to inform you that after several attempts to ensure that you are providing me with the best advice in the cases mentioned above and improve communication with me in the handling of the case, I have decided to terminate our legal representation with immediate effect.

I would like to thank you for your collaboration since 2011 in the IMF and Allied Barton cases. My decision to seek another counsel in these matters is based on your failure to share with me your strategy in the handling of these cases, to follow up on agreed actions to be taken on my behalf, to answer the question on whether besides the court filings you had made attempts to liaise with the opposing counsels and to share the documents with me in spite of my multiple requests. The email evidence is available. When I sent you my last email on December 8, 2015, I was expecting you, even at last minute, to clarify these matters and give me some assurance that you are still defending these cases in the best of my interest.

Allow me to remind the facts involved in our representation agreement. I lost my employment, income, career, reputation and assets after being terminated by the IMF in 2009 for whistleblowing in a mining corruption case that has materialized since then. Due to the IMF and Allied Barton's damages to my reputation, I been unable to find another job or an assignment in the US over the past few years and I have been living overseas without my young children for almost a year on short-term assignments. Based on my solid experience in international development with the IMF, World Bank and IFC, I am sometimes considered for senior positions with other organizations. However, the IMF issue always resurfaces and I am rejected at last minute. People are scared to hire me in my field for having filed a lawsuit against the IMF. This is how my career came to a halt six years ago at age 46. Because my story was in the media, I have no other way, but a court decision to seek remedies and prove to the public that I was a victim, not a trouble maker.

In 2012, we filed a lawsuit against the IMF which was recently dismissed by the US Supreme Court based on the IMF's absolute immunity under US laws. In the meantime, Allied Barton, an IMF contractor, secretly blacklisted me, displayed my name and picture in the World Bank's list of people deemed to be a security hazard for the Bank and its staff members. On this basis, Allied Barton denied me access at the World Bank. The World Bank apologized for these malicious actions and provided me with the evidence showing Allied Barton's involvement alongside the IMF in secretly and unlawfully blacklisting me at the World Bank without its consent. We also have a copy of the security contract between the IMF and Allied Barton.

In the meantime, the Government Accountability Project (GAP), a leading whistleblower organization presented my case to the US Congress during the hearings for the adoption of the Whistleblower law in international organizations. The US Consolidated Appropriations Act (2012) compels the US Administration to ask the IMF to resolve whistleblower cases through external arbitration in the following terms:

*"**The Secretary of the Treasury shall seek to ensure that the IMF is implementing best practices for the protection of whistleblowers from retaliation, including best practices for legal burden of proof, access to independent adjudicative bodies, results that eliminate the effects of retaliation, and statutes of limitation for reporting retaliation."*.

I hired you to defend my rights against Allied Barton and the IMF and file a Mandamus to compel the US Administration to enforce the whistleblower law enacted by the US Congress in 2012.

I.   Allied Barton Case

In October 2014, we filed a complaint at the Superior Court for the District of Columbian. The case was transferred to the US District Court and I asked you whether we need to amend our complaint to comply with the District Court's requirements. Allied Barton filed a Motion to Dismiss and we responded in November 2014. Since then, the Court has not ruled on the Motion to Dismiss. I have been asking you to share with me your strategy in handling this case, but to no avail. I also asked whether besides court proceedings, you had approached Allied Barton's Counsel, but I did not get any answer. I also severally asked that you give me a copy of the contract between Allied Barton and the IMF and I became really concerned when you indicated that you wanted to check whether you had the right to share this contract with me. I believe all documents gathered during discovery must be shared with the client. Against this backdrop, I am very confused and don't know whether you remain fully determined to forcefully defend my interests.

II.   Petition for Mandamus about the Whistleblower law

The legal and filing fees were fully paid in August 2015. While I was visiting the US in September 2015, we agreed that you will send a 30-day notice to the US Secretary of the Treasury and the US Attorney General asking them to enforce the whistleblower law by demanding that the IMF settle this case through external arbitration and absent a response, we will file a Petition for Mandamus thereafter. To date, the case has not been filed in spite of my multiple reminders. I severally asked whether you had sent the letters discussed earlier and requested copies, but you never gave me any answer. A few weeks ago, you indicated that you had met with DoJ officials and agreed with them that the language of the whistleblower law (i.e. The Secretary of the Treasury "SHALL SEEK TO ENSURE..." was merely advisory. Your December 4, 2015 email states:

> "the U.S. government will not comply with our request to force the IMF to adopt whistleblower/independent arbitration procedures through a reduction in financial contributions". The position of DOJ is that the legislation is merely advisory and leaves the government discretion to continue financial contributions at its discretion. It's a reasonable reading of the law, but we will continue the argument in federal court.

Upon receiving this email, I replied by stating that the law is very clear and does not ask the US Government to "reduce its financial contribution to the IMF". This provision appears only in the section concerning Development Banks (i.e. World Bank, ADB, AfDB, etc.) which are funded through budgetary appropriations alongside USAid. The IMF section is separate because the IMF is not a Development Bank and its funding mechanisms are different. You did not respond nor give me copies of letters sent on my behalf to the Secretary of the Treasury and DoJ. I believe I am not asking you to do anything unlawful on my behalf.

The DC Rules of Professional Conduct-Rule 1.2 (scope of representation) clearly state that *"(a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d), and (e), and shall consult with the client as to the means by which they are to be pursued"*.

Based on the foregoing, it appears that we have you have failed to follow up on agreed actions; to adequately communicate with me and share with me a clear strategy. Most and foremost, it increasingly appears that we have irreconcilable differences in the management of these cases. This is why I made the decision to terminate our legal relationship. I really wanted us to work together through the end of these cases.

Given the fact that the court can rule on this case anytime, I request that you inform the Court as of December 17, 2015 that you will be withdrawing and thereafter file a Motion to Withdraw. I will also ask the Court to put my case on hold until I find another attorney when I am back in the US on December 20, 2015.

I would therefore be grateful if you could give all the files and evidence pertaining to these cases within the next 5 business days and refund the fees paid for the preparation and filing of the Mandamus Petition.

Thanks in advance for your consideration of these matters.

Sincerely

Eugene Nyambal

