IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EUGENE NYAMBAL** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No.:  14-1904 (EGS) |
| : | |
| **ALLIEDBARTON SECURITY** : | |
| **SERVICES, LLC** : | |
| : | |
| **Defendant.** : | |
| : | |
| : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S RULE 59(e) MOTION FOR RECONSIDERATION

COMES NOW the Defendant, ALLIEDBARTON SECURITY SERVICES, LLC, by and through counsel, Richard S. Schrager, Esquire and Bacon, Thornton & Palmer, LLP, and by way of opposition to Plaintiff's Rule 59(e) Motion for Reconsideration, respectfully states as follows:

### I.      INTRODUCTION

Plaintiff, Eugene Nyambal ("Nyambal"), filed this suit in the Superior Court for the District of Columbia on October 9, 2014, alleging that AlliedBarton Security Services, LLC ("AlliedBarton") conspired with the International Monetary Fund ("IMF"), a non-party in this action, to preclude him from accessing two buildings in the District of Columbia - the IMF building, located at 700 19th Street, N.W., and The World Bank building, located at 1818 H Street, N.W.  The Complaint purported to assert claims of Civil Conspiracy (Count I), Tortious Interference with Business Relationships (Count II), Defamation (Count III), Intentional Infliction of Emotional Distress (Count IV), and Punitive Damages (Count V). The case was removed to the United States District Court for the District of Columbia on November 12, 2014.

Defendant AlliedBarton filed a Motion to Dismiss pursuant to Rule 12(b)(6) (Failure to State a Claim Upon Which Relief Can Be Granted) which was opposed by the Plaintiff. On January 26, 2016, the Court issued an Order granting Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. Plaintiff filed his Motion for Reconsideration on February 23, 2016.

For the reasons stated herein, the Plaintiff's motion should be denied.[1]

## II. **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sierra Club v. Tri–State Generation and Transmission Assoc., Inc.,* 173 F.R.D. 275, 287 (D.Colo.1997); *Hatfield v. Board of County Commis. for Converse County,* 52 F.3d 858, 861 (10th Cir.1995). Nevertheless, under Fed.R.Civ.P. 59(e), any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment, if it seeks to change the order or judgment issued. Torres v. Gonzalez, 980 F. Supp. 2d 143, 146 (D.P.R. 2013).

As the moving party, Plaintiff has the burden of demonstrating that relief under Rule 59(e) is warranted. *Messina v. Krakower,* 439 F.3d 755, 758–59 (D.C.Cir.2006); *Murray v. District of Columbia,* 52 F.3d 353, 355 (D.C.Cir.1995). It is well-established that a motion for reconsideration is committed to the sound discretion of the court. *Murray,* 52 F.3d at 355. The granting of such a motion is, however, an unusual measure, occurring in extraordinary circumstances. *Firestone v. Firestone* 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam); *Anderson v. District of Columbia,* 72 F.3d 166, 167–68 (D.C.Cir.1995) (per curiam). The court will entertain a motion for reconsideration only "where sufficient grounds for disturbing the

---

[1] Plaintiff's motion is directed only to the Court's dismissal of Count III – Defamation.

finality of the judgment" are shown. *Smalls v. United States,* 471 F.3d 186, 191 (D.C.Cir.2006) (citations omitted). In particular, such a motion " 'need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Messina,* 439 F.3d at 758 (quoting *Firestone,* 76 F.3d at 1208).[2] "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." *Id.* at 146, *citing,* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2810.1 (2d ed.) (2012).

### III.  ARGUMENT

Of the three grounds supporting a motion for reconsideration, Plaintiff only alleges the need to correct a clear error or prevent a manifest injustice. Essentially, Plaintiff contends that the Court "misunderstood" his Complaint, and that his Motion for Reconsideration should be granted to prevent manifest injustice. The D.C. Circuit has observed that, under Rule 59(e), "manifest injustice does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 665, (D.C. Cir. 2004).

Plaintiff's argument still relies on the theory of civil conspiracy, which the Court has rejected. In its Memorandum Opinion, the Court correctly noted that "…Mr. Nyambal imputes liability for his alleged defamation onto AlliedBarton *only through a theory of civil conspiracy."* (emphasis added)(Memorandum Opinion, page 15).  Plaintiff's use of the conjunctive "and" in his allegations ("the IMF and AlliedBarton…"; the World Bank and AlliedBarton…") attempts to create an inference of joint and/or independent action by AlliedBarton without any factual basis, and where none exists. Nowhere has Plaintiff alleged

---

[2]  Kittner v. Gates, 783 F. Supp. 2d 170, 172 (D.D.C. 2011)

that independent of its relationship with the IMF, AB had the authority to publish the alleged defamatory statements.

> "By refusing Mr. Nyambal access to the World Bank based on the Do Not Admit List, AlliedBarton executed its duties as the IMF and World Bank's security company. AlliedBarton cannot be found negligent for publishing Mr. Nyambal's name on the Do Not Admit List because it is not alleged that AlliedBarton published his name on the list.

Memorandum Opinion filed 1/26/16, page 17

Plaintiff's inability to extricate himself from his own web of allegations is demonstrated by the fact that the Court quoted extensively from the Plaintiff's Complaint and Plaintiff's opposition to Defendant's Motion to Dismiss. Plaintiff's own language contained no allegation or inference that AlliedBarton acted independently, and in fact, Plaintiff continues to press the allegation that AlliedBarton was engaged in a conspiracy with the World Bank and/or the International Monetary Fund. Even in his Motion for Reconsideration, the Plaintiff continues to dig the hole deeper. Arguing that the Court took a quotation out of context, he attempts to add context with this quote:

> Nyambal argued: "Nyambal alleges that Allied Barton *in furtherance of its conspiracy with the IMF*, without the World Bank's consent, placed his name and photograph on a "No Admit List" at the World Bank. (emphasis added)

Plaintiff's Motion for Reconsideration, page 6.

Nor does the following quote lend any credibility to the Plaintiff's argument:

> "Accordingly, in making its negligence assessment, the Court focused exclusively on the IMF versus AlliedBarton's behavior. Hence, it gave little or no credence to the circumstances surrounding the defamatory communication, which consisted largely of alleged retaliation for Plaintiff's whistle blowing on the IMF related to a deal in Cameroon."

Plaintiff's Motion for Reconsideration, page 8.

The Plaintiff makes no effort to explain how an independent vendor providing security at a building had any interest in, let alone was aware of, any alleged financial improprieties in Cameroon.[3]

Whether through blacklisting by the World Bank or the "Do Not Admit List" of the IMF, the only reasonable inference is that AlliedBarton did not act on its own, and therefore, could not have acted negligently. By numerous direct quotations from that Complaint in its Memorandum Opinion, the Court clearly demonstrated that it understood Plaintiff's allegations, and the fact that the allegations failed to properly state a claim.

Wherefore, the above premises considered, the Defendant prays this Honorable Court deny Plaintiff's Motion for Reconsideration.

BACON, THORNTON, & PALMER LLP

By:    /s/ Richard S. Schrager  #349530
       6411 Ivy Lane
       Suite 500
       Greenbelt, MD  20770-1411
       rschrager@lawbtp.com
       301-345-7001

       /s/ Edward C. Bacon  #270124
       6411 Ivy Lane
       Suite 500
       Greenbelt, MD  20770-1411
       ebacon@lawbtp.com

---

[3] A complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. Plausibility entails that the plaintiff has plead factual content that is not merely consistent with liability but allows the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of March**, 2016**, a copy of the foregoing was served, electronically:

John M. Shoreman (DC Bar 407626)
McFADDEN & SHOREMAN
1050 Connecticut Avenue, N.W., Suite 1000
Washington, D.C.  20036
*Counsel for Plaintiff*


Donald M. Temple [#408749]
1101 15th Street, N.W., Suite 203
Washington, D.C. 20005
(202) 628-1101 Telephone
(202) 628-1149 Facsimile
dtemplelaw@gmail.com
*Attorney for Plaintiff*

/s/ Richard S. Schrager