IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 14-1904 (EGS) |
| I.    v. ) | |
| ) | |
| Allied Barton Security Services LLC, ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PENDING TO THE RULING ON HIS MOTION FOR RECONSIDERATION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Eugene Nyambal (hereinafter "Plaintiff" or " Nyambal"), Pro Se, moves to respectfully request that should his pending Motion for Reconsideration be granted, this Honorable Court give him a leave to amend his original complaint to clarify the facts in contention and reflect significant recent developments in his case. As grounds therefore, Plaintiff provides as follows:

### I.    BACKGROUND

1. Plaintiff filed a civil lawsuit against Allied Barton Security Services on October 9, 2014 in the Superior Court for the District of Columbia. The Case was thereafter transferred to the US District Court for the District of Columbia at the request of Defendant who filed a Motion to Dismiss on November 26, 2014. Plaintiff's attorney filed a Response to the Motion to Dismiss on December 17, 2015. On December 22, 2015, Plaintiff filed a Motion Withdraw Attorney and Amend complaint to clarify the facts and refine his claims; however, his Motion was recalled by his Counsel. On January 26, 2016, the Court issued an Order granting Defendant's Motion to Dismiss all counts of Plaintiff's Complaint. Plaintiff filed his Motion for Reconsideration on February 23, 2016 which is pending before this Court.



2. Due to the hardship and damage to his reputation arising from his unlawful blacklisting by Allied Barton and co-conspirator at the World Bank, Plaintiff had to travel to West Africa on short-term assignments for an extended period of time to support his family in the US. Before traveling in early February 2015, Plaintiff gave clear instructions to his Counsel to prepare a Motion for Reconsideration that includes legal arguments and clarification of the background and facts, so as to help the Court make an informed decision in the interest of justice. Plaintiff and Counsel agreed to bring their legal collaboration to closure for irreconcilable differences on the strategy. Plaintiff has never amended his complaint since the start of these court proceedings. As a matter of law, he therefore prays this court to give him leave to file an amended complaint in order to clarify the facts and reflect significant recent developments in this case.

3. **In his original complaint, Plaintiff alleged the following facts:** (i) Allied Barton provides security to the World Bank and IMF which are two legally unrelated institutions, i.e. just like Coca Cola and Pepsi or Verizon and T-Mobile (see. Original Complaint, at ¶ 2); (ii) Allied Barton and co-conspirator (the IMF) had already interfered with Nyambal's relationships with the Credit Union on July 16, 2009 (see. Original Complaint, at ¶ 9); (iii) Allied Barton and co-conspirator (the IMF) placed Nyambal's name on the list of people deemed to represent a security hazard at the World Bank, a third party and legally independent entity (see. Original Complaint, at ¶ 10); (iv) Allied Barton and his co-conspirator later used this manufactured and false information to deny access to Nyambal at the World on July 23, 2016 (i.e. ten days after this Court's ruling challenging the IMF's claim of absolute immunity from lawsuits in the US) and October 9, 2013 without informing the World Bank's management team in charge of blacklisting and restriction policies (see. Original Complaint, at ¶ 11 to 13); (v) at Nyambal's request, the World Bank conducted an administrative review based on its internal laws (see. Original complaint ¶17),

declined its responsibility on Nyambal's unlawful and illegal blacklisting by Allied Barton and co-conspirator and shared with him the material evidence showing that Allied Barton had manufactured false information about Nyambal and severally sent and placed Nyambal's name and picture alongside defamatory memos on the World Bank's list of people deemed to represent a security threat to the World Bank and its staff members (NO ACCESS LIST), (see. Original Complaint, ¶ 16); (vi) the World Bank has apologized to Nyambal for Allied Barton's and co-conspirator's blacklisting of Nyambal and his subsequent humiliation (see. Original complaint ¶ 19) and Allied Barton and his co-conspirator have refused to investigate or provide any explanation to Nyambal, in spite of his multiple requests (see. Original complaint, ¶ 20); (vii) this defamatory information is now available to Nyambal's potential employers and business partners worldwide via the media and multiple rumors (see. Original complaint (see. Original complaint, ¶ 14 and 15); and (viii) as a result, Nyambal and his family have suffered severe financial, reputational and emotional damages (see. Original complaint, ¶ 18 and 21).

4. Against this background, this Court entirely dismissed Nyambal's lawsuit against Allied Barton. The following Counts were dismissed: (i) Civil Conspiracy, (ii) Tortious Interference with Business Relationships, (iii) Defamation and, (iv) Intentional infliction of emotional distress.

5. Plaintiff would like to refine his complaint in order to reflect significant recent developments in this case since the end of 2014 and clarify the facts in contention to help the Court make an informed decision in the interest of justice. Plaintiff will clarify among others; potential areas of misinterpretation; the key role of Allied Barton in IMF's security; the rules and due process protocols governing the blacklisting of individuals at both the World Bank and the IMF that have been **knowingly and intentionally** violated by Allied Barton and his co-conspirator (the IMF); how under similar circumstances, Allied Barton and his co-conspirator (the IMF) have handled

more severe cases against people representing a security/safety threat based on established misconduct and prima facie evidence; and the unlawful and illegal use of third party's facilities, resources and computers to manufacture false information, secretly, unlawfully and illegally transfer one's name and picture with defamatory messages to the third party's blacklist of people deemed to represent a security hazard, therefore conveying the false message that the concerned private contractor is a potential source of terror with the sole malicious purpose of ruining his reputation; using this false information to publicly humiliate the concerned private contractor, in violation of the third party's due process policies and without even informing the third party's management team in charge of restriction policies and notifying Plaintiff himself about the allegations and actions taken against him.

## II. ARGUMENTS

6. Rule 15(a) provides that leave to amend shall be freely given when justice requires. "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999). The United States Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1136 (D.C. Cir. 1989). Thus, the burden is on the opposing party to show that there is reason to deny leave. *In re Vitamins Antitrust Litigation*, 217 F.R.D. 30, 32 (D.D.C. 2003). The Supreme Court explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

7. The law is well-settled that leave to amend a pleading should be denied only where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

1996). In this instant case, Plaintiff is entitled to amend his complaint because there has not been undue delay. Plaintiffs' proposed amendment would merely clarify his claims and share recent developments with the Court upon which to rely without significantly expanding or altering the scope of this action. Given the fact that this case remains at an early stage, defendant will not be prejudiced by an amended complaint and the scope of discovery will not be unduly expanded.

8. **Plaintiff is entitled to amend his complaint because his amendments would not be futile. It is in the interest of justice.** "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (citing *James Madison Ltd by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

## II. CONCLUSION

9. For the foregoing reasons, Plaintiff requests that the Court grant him leave to file an Amended Complaint should his pending Motion for Reconsideration prosper before this Honorable Court.

Respectfully submitted,

By _____

Eugene Nyambal, PRO SE

5734 first Street South
Arlington, VA 22204
Tel: 703 622 06 09

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September 2016 a true and correct copy of the foregoing was served via mail and email transmission upon the following:

Edward C. Bacon #270124
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 500

Greenbelt, MD 20770-1411
301-345-7001
ebacon@lawbtp.com

Richard S. Schrager  #349530
6411 Ivy Lane
Suite 500
Greenbelt, MD  20770-1411
rschrager@lawbtp.com
301-345-7001

_____
Eugene Nyambal