# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

EUGENE NYAMBAL )
    Plaintiff, )
    V. ) Civil Action No. 14-1904 (EGS)
)
Allied Barton Security Services LLC, )
)
Defendant )

## PLAINTIFF'S MOTION TO WITHDRAW ATTORNEY

Eugene Nyambal (hereinafter "Plaintiff" or "Nyambal"), Pro Se, moves to respectfully inform this court that at the request of Plaintiff, he and his counsel, Mr. Dipo Akin-Deko have agreed to terminate the legal representation agreement for irreconcilable differences and conduct that could jeopardize the Plaintiff's case. As agreed, Plaintiff had paid a significant retainer fee. However, in spite of his multiple requests, he has never received any invoice since hiring the Akin-Deko law firm in September 2017 and after this court's granting of the Plaintiff's Motion for Reconsideration, this law firm has conferred with the opposing attorney and filed a joint Local Rule 16.3 Meet and Confer Report without informing and conferring with Plaintiff or explaining him what had been filed.

Plaintiff had entered a legal representation with the Akin-Deko Professionals PLLC on September 17, 2017 to work on the Supplement to his Motion for Reconsideration based on newly discovered evidence and thereafter file an amended complaint should his Motion be granted.

On October 17, 2018, this Court granted Plaintiff's Motion for Reconsideration and a Standing Order to file a Joint Meet and Confer Report pursuant to Local Rule 16.3 by November 1, 2018.

Between October 17 and 26, 2018, Plaintiff contacted his counsel to have an invoice of the services rendered in filing the supplement to the Motion for Reconsideration and discuss the strategy

RECEIVED
OCT 31 2018
Clerk, U.S. District and
Bankruptcy Courts

going forward. He also insisted that besides compliance with the court order, he wanted his attorney to file an amended complaint to reflect his newly discovered evidence.

On October 22, 2018, plaintiff sent an email to his attorney asking him to liaise with him and have a clear strategy before he meets with the opposing counsel.

On October 24, 2018, while Plaiting was still waiting for a feedback from his counsel to discuss the case, he received the following email from his counsel: "For your records, here is the sample 16.3 report we are to file the court" and Plaintiff replied: "Thanks, I will review and revert to you asap". In the evening, Counsel sent another email to Plaintiff explaining why he would not be inclined to filing an amended complaint at this time. He also promised to give him an updated invoice as soon as possible, as requested by Plaintiff. However, in his various communications with Plaintiff, Counsel did not inform him that he had already conferred with the opposing attorney and filed a Joint Local Rule 16.3 Meet and Confer Report on behalf of Plaintiff on October 24, 2018.

On October 25, 2018, Plaintiff sent an email to his counsel stating: "Please send me an updated invoice. We will also discuss the strategy. What is the best time to have a chat about the case today?"

On October 25, 2018, Counsel sent an email to Plaintiff stating: "It may be best I step out as counsel on your case"…

On October 26, 2018, Plaintiff sent another email to his attorney stating: "I am still waiting for your feedback. We need to discuss the strategy and agree on the next steps before anything is done in this case about the way forward. Please do not file anything on my behalf or make a commitment with the opposing attorney until we agree on the strategy and you get my consent"

On October 26, 2018, Plaintiff checked his case status through www.pacer.com and realized that his attorney had already filed the Joint Local Rule 18.3 Meet and Confer Report with the opposing attorney on October 24, 2018. He sent the following email to his counsel: I just realized today

October 26, 2018 that you and the opposing counsel had filed a Joint Local Rule 16.3 Meet and Confer Report on October 24, 2018… **Filing a document without my involvement and approval is very unprofessional and against the code of conduct of the DC Bar Association. I am therefore asking you to immediately withdraw this Joint Local Rule 16.3 Meet and Confer. Second, I am still awaiting an updated invoice of your work. This is also against the Bar Association's code of conduct.** I paid a retainer of $10,000 against which you were charging $300 per hour…I want to know how much it has cost and what is the remaining balance."

On October 26, 2018, Plaintiff sent an email to his counsel to inform him that he was hiring a new attorney and asked him to withdraw. Plaintiff also sent another email to his counsel copied to the opposing counsel advising them to withdraw any joint report they had filed in court.

On October 26, 2018, the court set case deadlines.

Given the fact that Plaintiff has had a very bad experience in a related IMF case where his counsel was approached for settlement negotiations, never disclosed to Plaintiff the substance of the discussions with the opposing counsel, and a few months later, filed a concealed Joint Stipulation of Dismissal on behalf of Plaintiff, plaintiff does not want to take any chance with trust issues, asymmetric information or lack of disclosure in the handling of his case by counsels.

For the foregoing reasons, Plaintiff prays this Honorable Court to grant the Motion to Withdraw attorney, as agreed by Plaintiff and his attorney of record.

Respectfully submitted,

By_____
Eugene Nyambal, PRO SE
5734 first Street South
Arlington, VA 22204
Email: enyambal@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of October 2018 a true and correct copy of the foregoing was served via mail and email transmission upon the following:

Edward C. Bacon #270124
Richard S. Schrager #349530
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
Tel: 301-345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com

Eugene Nyambal