## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EUGENE NYAMBAL** : | |
| : | |
|    **Plaintiff,** : | |
| : | |
| **v.** : | **Civil Action No.: 14-1904 (EGS)** |
| : | |
| **ALLIEDBARTON SECURITY** : | |
| **SERVICES, LLC** : | |
| : | |
|    **Defendant.** : | |
| : | |
| : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW the Defendant AlliedBarton Security Services, LLC, by and through counsel Richard S. Schrager, Esquire and Bacon, Thornton & Palmer, LLP, and by way of opposition to Plaintiff's Motion for Leave to File Amended Complaint respectfully states as follows:

The Court is certainly familiar with the procedural history of this case, so it will not be repeated here. However, it needs to be noted that:

1. In its Order of October 17, 2018, the Court

   "… [granted] Mr. Nyambal's motion for reconsideration based only on the allegations within his complaint. Accordingly, the Court **DENIES** Mr. Nyambal's motion for leave to file a supplemental memorandum." Page 7 of the Court's Order of 10/17/18.

2. Also in its Order, the Court stated that

   "…Mr. Nyambal's motion for reconsideration is therefore **GRANTED**. **Because Mr. Nyambal stated a claim for defamation, he may seek discovery only for this claim.** Page 18 of the Court's Order of 10/17/18. (Emphasis added).

3. Both *pro se* and through the representation of numerous counsel whose services had been terminated by Mr. Nyambal, he has sought to supplement or amend the record in this case many, many times since the Court's original order dismissing the Complaint on January 26, 2016. Virtually all of the "newly discovered evidence" has been alleged in those pleadings. Since there has not been any discovery in this case, all of this "newly discovered evidence" would have been available and should have been pled before he filed his initial Complaint.

4. Plaintiff's Motion for Reconsideration filed February 23, 2016 only sought reconsideration of the Court's ruling as to the count alleging defamation. Plaintiff was represented by counsel at the time, and the motion was specifically and exclusively directed to the Court's ruling on the defamation claim.[1] Neither a Motion for Reconsideration nor a Notice of Appeal has been filed as to the other counts. In his proposed Amended Complaint, Plaintiff not only seeks to buttress his defamation claim, but also adds claims for Negligence and Invasion of Privacy that were not even pled in his original Complaint.

5. Plaintiff's arguments in favor of his Motion for Leave to File Amended Complaint (no undue delay; no prejudice to Defendant; not futile; and, in good faith) are specious at best. Mr. Nyambal will have his day in court, but he should not be permitted to turn the clock back nearly four and a half years[2] for a mulligan.

Wherefore, the above premises considered, Defendant prays this Honorable Court deny Plaintiff's Motion for Leave to File Amended Complaint.

---

[1] "Plaintiff's motion is directed, in particular, to its defamation claim." Plaintiff's Motion for Reconsideration, Docket No. 17, page 2.
[2] Plaintiff's original Complaint was filed in the Superior Court for the District of Columbia on 10/9/14.

Respectfully submitted,

BACON, THORNTON, & PALMER LLP

By: /s/ Richard S. Schrager  #349530
Richard S. Schrager, Esq.
6411 Ivy Lane
Suite 500
Greenbelt, MD  20770-1411
rschrager@lawbtp.com
301-345-7001

/s/ Edward C. Bacon  #270124
Edward C. Bacon, Esq.
6411 Ivy Lane
Suite 500
Greenbelt, MD  20770-1411
ebacon@lawbtp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of March **2019**, a copy of the foregoing was served electronically on:

David Ludwig
Dunlap Bennett & Ludwig, PLLC
1717 Pennsylvania Ave., NW, Suite 1025
Washington, D.C.  20006

/s/ Richard S. Schrager