IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL )<br>  )<br>Plaintiff,   )<br>V.    )<br>  )<br>Allied Barton Security Services LLC, )<br>  )<br>Defendant   ) | Civil Action No. 14-1904 (EGS) |

**PLAINTIFF'S MOTION TO WITHDRAW ATTORNEY**

Eugene Nyambal (hereinafter "Plaintiff" or "Nyambal"), Pro Se, moves to respectfully inform this court that at the request of Plaintiff, his Counsel Ms. Joyce Williams has agreed to terminate legal representation because he has realized after entering the representation agreement and paying the retainer fee, that his counsel and her partner working on his case are not licensed to practice law under the jurisdiction of the District of Columbia and therefore would adequately litigate this case.

As instructed by this Court, Plaintiff had been working hard to secure new counsel.

On October 23, 2019, the law firm Armooh-Williams PLLC located at 2000 Duke Street, suite 334 Alexandria, VA 22314 sent a retainer agreement to Eugene Nyambal to represent him in the above-captioned case for settlement negotiations and litigation. The proposed team included Ms. Joyce-Williams and Mr. Dexter Cummings, attorneys of law.

On November 14, 2019, Mr. Nyambal executed the retainer agreement and paid retainer fees in the amount of $10,000. Thereafter, Ms. Williams informed Plaintiff that she had secured collaboration of an experienced litigation attorney, Mr. Kwaku D. Ofori, Esq., to work with her with the promise that he will be entering representation a few days after her appearance in court.


RECEIVED
Mail Room
FEB 1 9 2020
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

On December 4, 2019, Ms. Williams promised again that Mr. Ofori will enter his representation before Thanksgiving and that Mr. Ofori had agreed to be co-counsel should the case go on trial.

On December 6, 2019, Ms. Joyce Williams filed Motion to appear PRO HAC as Vice Attorney and her appearance fees were paid on behalf of Plaintiff (Eugene Nyambal) by Ms. Janet Smith, Esq., this attorney is unknown to Plaintiff and has no representation agreement with her.

When asked why she had entered PRO HAC in the US District Court for DC, Ms. Joyce Williams sent the following email to Plaintiff:

> In terms of my seeking a Pro Hac Vice- I am admitted to United States Federal District Court for the District of Arizona. Because D.C is not a State, my understanding was that there is automatic reciprocity. When I called the court, I was informed that I should have applied to be formally sworn in by a judge of the D.C Federal Court. The automatic reciprocity only applied to Bankruptcy Court. The last day I could have submitted the Document was November 15th to be sworn in on December 04th. Thus entering my appearance via Pro Hac Vice. I am the lead attorney in both settlement and litigation, should it become necessary. Mr. Ofori will be my co-counsel (https://www.oforilawfirm.com/attorney-profiles/kwaku-d-ofori/ ).

However, the only two people working on this case are Ms. Amooh and Mr. Dexter Cummings who are not licensed in the District of Columbia. Ms. Janet Smith who is listed in court as Plaintiff's lead attorney in court and Mr. Offori have never been copied in the email communications pertaining to this case and they have never discussed this case with Plaintiff.

Mr. Ofori has never entered his appearance in this case. Upon checking his background, Plaintiff realized that his area of specialization is in real estate law and informed Ms. Williams who promised to find a suitable replacement for trial.

Plaintiff severally asked Ms. Joyce to provide him with an assessment of the case and her litigation and discovery strategy. On January 14, 2020, Ms. Williams promised by email to prepare a trial book and litigation strategy to be sent to Plaintiff by January 30, 2020, but to no avail.

On February 12, 2020, Ms. Joyce Williams and Mr. Dexter Cummings sent a letter to Plaintiff stating that they had been unable to secure lead litigation attorney and will conservatively require

an additional $100,000 deposit from Plaintiff to handle this litigation (i.e. Motion files, deposition prep).

On February 13, 2020, Plaintiff reminded Ms. Williams and Mr. Cummings that he had February 28, 2020 court deadlines to file documents and still did not have any output and clear idea about his legal team. He copied Mr. Ofori asking him to confirm whether he ever had any role to play in the legal team, but he never responded. Plaintiff also stressed the fact that he has no legal representation contract with the alleged lead attorney (Janet Smith) and asked Ms. Williams to provide him with Ms. Janet Smith's contact and her written feedback that she was in a positon to defend this case.

Based on the foregoing, Plaintiff has decided to immediately terminate his legal representation agreement with Ms. Williams and seek appropriate remedies arising from thus scheme.

In the meantime, Plaintiff will act PRO SE until he has resources to hire new counsel. There is no prejudice to defendant because Plaintiff has fully complied with the scheduling order and the only remaining discovery is his deposition.

For the foregoing reasons, Plaintiff prays this Honorable Court to grant the Motion to Withdraw attorney, as agreed by Plaintiff and his attorney of record.

Respectfully submitted,

By
Eugene Nyambal, PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February 2020 a true and correct copy of the foregoing was served via mail and email transmission upon the following:

Edward C. Bacon #270124
Richard S. Schrager #349530
Bacon, Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
Tel: 301-345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com

_____
Eugene Nyambal