Leave to file GRANTED

*Emmet S. Sullivan*

United States District Judge

12-16-2020

In its Minute Order of January 23, 2020, the Court informed the parties that it would refer all discovery disputes to a Magistrate Judge, to be randomly assigned, for resolution pursuant to Local Rule 72.2. Accordingly, the Court will refer this civil dispute to a randomly-assigned Magistrate Judge.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE NYAMBAL

    Plaintiff, Appellant

v.

ALLIED BARTON SECURITY
SERVICES, LLC

    Defendant-Appellee

Civil Action No.1:14-01904
(EGS)

## PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S MISREPRESENTATION, BAD FAITH, DILATORY TACTICS, VIOLATION OF DISCOVERY RULES AND THE SCHEDULING ORDERS

Plaintiff Eugene Nyambal ("Plaintiff"-Appellant), PRO SE, hereby respectfully moves to file this Motion for Sanctions against Defendant pursuant to FRCP 37(c) and FRCP 37(b)(2) following the mandate of the Court of Appeals remanding the case to this Honorable Court. Appellant's Motion was originally filed in July 2020 with the Appellate Court due to the restrictions imposed by the District Court during the Interlocutory Appeal.

Plaintiff's Motion for Sanctions is based on Defendant's dilatory tactics, willful deception to prevent discovery, failure to make his initial disclosures six years after the start of this action and to timely and completely answer discovery requests and to supplement his answers when informed of the deficiency and deceptive nature of his answers, in violation of Federal Rules of Civil Procedures 26 (a)(1) and 26(e) and violation of the Scheduling Orders of October 25, 2018, February 1, 2019 modified on June 3 and 21, 2019 at Defendant's request (instructing the parties to complete non-expert discovery by no later than August 14, 2019.

The sanctions sought under FRCP 37 include:"(1) precluding Defendant from using information, evidence, witnesses, or information that Allied Barton failed to disclose as required

by [Federal Rule of Civil Procedure 26(a) and Local Court Rule 26.2(a)]; (2) striking any late initial disclosure or supplemental response to be envisaged by Defendant after the filing of this Motion for Sanctions for violation of FRCP 26(a) and 26(e); (3) entering a default judgment with prejudice in favor of Plaintiff for defendant's bad faith, misrepresentation and dilatory tactics in this endless six-year-old case; and, (4) refunding plaintiff's legal fees since the court's scheduling order of October 2018 ordering discovery for defendant's bad faith and dilatory tactics to prevent discovery and; (5) such other and further relief as this Court deems proper.

**A detailed Memorandum of Points and Authorities is hereafter attached alongside the following Annexes:**

**ANNEX 1.** Plaintiff's Discovery Deficiency letter of September 17, 2019

**ANNEX 2.** Defendant's Response of October 3, 2019 to Plaintiff's deficiency letter

**ANNEX 3. Defendant's misleading insurance policy No.023058098** under the beneficiary name of "AB Capital Holdings LLC", **deceptively limiting Allied Barton's maximum liability to $10,000,000 and applicable to all its security contracts**, including IMF and World Bank (see. email of August 14, 2019 and Defendant's response No.3 of October 3, 2019 to discovery letter)

**ANNEX 4. Defendant's security contract with the World Bank (No. 8003133) dated March 5, 2008** (effective April 1, 2008 to March 31 2013) that DOES NOT COVER the period of Mr. Nyambal's blacklisting of July 23 and October 9, 2013 and that COMPEL Allied Barton (Article SC 9.02, page 3) **to "secure** and maintain in effect, at its own expense the following **insurances"** of at least $23,000,000" :

(a) "Comprehensive General (Third Party) Liability Insurance" for all operations covered by this Contract including Contingent Liability coverage for subcontractors, Completed Operations, Broad Form CGL, Endorsement and Contractual Liability under this Contracts), US$20,000,000[1]

(b) Errors and Omissions or other Professional Liability Insurance: Sufficient to cover Professional services rendered hereunder, US$2,000,000

(c) The Umbrella Liability insurance (US$1,000,000)

**ANNEX 5. Defendant's Answers to Plaintiff's Requests for Production of Documents: first set of Discovery Requests served on May 13, 2019:** (i) first Request served on May 13, 2019 and answered August 16, 2019 or 93 days after having been served and 2 days

---

[1] Sc9.03 of the Contract states: "Contractor shall provide purchaser with certificates of insurance for these coverages within seven (7) days of execution of this Contract.

after the August 14, 2019 Scheduling Order's deadline for the completion of non-expert discovery; and (ii) No answer to second request for Production of Documents served on July 13, 2019 and never answered and (iii) No answer to third request served on May 22, 2020. No IMF Document has been produced after six years of litigation and almost two years of discovery on one defamation claim (security contract, liability insurance, list of witnesses) and the documents produced for the World Bank (security contract and insurance agreement) are deceptive.

**ANNEX 6. Defendant's Answers to Interrogatories:** (i) First Interrogatories served on May 13, 2019 and answered with wholesale objections on August 12, 2019 (i.e. 90 days after having been served and 2 days before the scheduling order's August 14, 2019 deadline for the completion of non-expert discovery) and (ii) the second Interrogatories served on July 13, 2019 and answered on August 9, 2019 with general objections to all Interrogatories on grounds that the first Interrogatories not yet answered already contained 24 Interrogatories; therefore Defendant will not answer the second Interrogatories.

**Annex 7: Defendant's Answers to Requests for Admission:** (i) first request served on May 13, 2019 and answered with wholesale denials and objections even on facts later established in the World Bank-Allied Barton security contract; (ii) second request served on July 13, 2019 and answered on August 12, 2019 with objections and denials and (iii) third request served on May 22, 2020 and Defendant refused to answer and filed a Protective Order (this request uses information from the security contract and insurance agreement that was not available when Plaintiff made previous requests for Admission and shows contradictions between Defendant's answers to Interrogatories and Admission and the provisions of the World Bank contract produced on August 16, 2019.

**ANNEX 8.** Plaintiff's Request for Production of Documents and for Admission respectively served on May 22 and May 25, 2020

**ANNEX 9. Plaintiff's Status Report on pending discovery issues.**

**ANNEX 10.** Defendant's Confidentiality Report executed on August 15, 2019 (i.e. one day after the expiration of the deadline for non-expert discovery (August 14, 2019

**Pursuant to LCvR 7(m), before filing this Motion for Sanctions, Plaintiff has conferred with Defendant** about his repeated failures to make his initial disclosures, to answer discovery requests and supplement his answers, with particular emphasis on the fact that (1) he did not produce any security or insurance liability contract pertaining to its business with the IMF and that (2) he has produced deceptive World Bank security contract and insurance agreement.

**On June 12, 2020** Plaintiff sent the following message to Defendant advising him that he will file a Motion to strike his evidence if he does not make his initial disclosures and produce the long-overdue critical documents needed by Plaintiff in this six year-old case to probe his defamation claim. Since then, Defendant has not answered or supplemented the discovery requests.

Plaintiff asked Defendant to agree by June 15, 2020 that he will produce the requested documents 30 days from the day of service of the Request for Production of Documents that was served on May 22, 2020 (i.e. commitment to produce by no later than June 22, 2020). This delay has passed and Defendant's initial disclosures "to be served without awaiting any court order" pursuant to FRCP 26(a)(1) remain unavailable (e.g. IMF and World Bank security contracts, insurance agreements for the World Bank and IMF security contracts, list of witnesses)

From: Eugene Nyambal <enyambal@yahoo.com>
Sent: Friday, June 12, 2020 7:42 PM
To: Richard Schrager <rschrager@lawbtp.com>
Subject: Eugene Nyambal v. Allied Barton-Notice of Action-Civil Action No.: 14-1904 (EGS)

Dear Mr. Schrager,
I was convinced that the Court's decision to stay the case, discovery and proceedings applied t both parties. Although I had indicated that I was temporarily suspending the second request for Admissions, you moved to file a Protective Order to continue to willfully and maliciously refuse to produce the critical documents that I need to probe my case and be well prepared against any dispositive Motion (e.g. Allied Barton security contract with IMF and all related insurance policies and Allied Barton security contract and all related insurance policies). These statutorily mandatory docs were due several years ago.

This is my third and last attempt to request production of documents in this 6 year old case where the District Court had decided without any fact finding and evidence (e.g. security contract, insurance policy, etc.) to dismiss my complaint with prejudice in January 2016 for failure to state claims and contended that Allied Barton had no role and responsibility him harming Plaintiff; as he had acted on behalf of his clients.

It is also important to note that during the discovery ordered by the District Court, you have produced fake documents that do not cover the periods of the incidents with Allied Barton officers at the World Bank.

Beware that based on these developments and the severe prejudice arising from your bad-faith and dilatory actions aimed at unnecessarily prolonging this case, I hereby inform you that if you do not agree in writing, by Monday June 15, 2020 at 5pm, to produce all documents requested in documents within 30 days from the date of service, I will have no option but to file a Motion to strike against Allied Barton.

Sincerely Yours
Eugene Nyambal

**On June 15, 2019**, Defendant responded to Plaintiff Notice of imminent court action by alleging that he is still trying to obtain the IMF contracts from his client and did not produce "fake" World Bank documents (security contract and insurance agreement):

> From: Richard Schrager <rschrager@lawbtp.com>
> To: 'Eugene Nyambal' <enyambal@yahoo.com>
> Sent: Monday, June 15, 2020, 1:47:43 PM EDT
> Subject: RE: Eugene Nyambal v. Allied Barton-Notice of Action-Civil Action No.: 14-1904 (EGS)
>
> Mr. Nyambal,
> I am attempting to procure the IMF contract. There have been difficulties in obtaining a copy. AlliedBarton has not produced any "fake" documents. You will note that the contracts were renewed by their terms to cover the period in question.
>
> I will certainly keep you advised. Please do not hesitate to contact me if you have any questions.

**It is time for the District court to bring this case to an end and take the most severe sanctions against Defendant to preserve the integrity of the judicial system.** "The District of Columbia Rules of Professional Conduct apply to the proceedings in this Court. See LCvR 57.26. Rule 8.4(c) provides that "[i]t is professional misconduct for a lawyer to .. [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

**Allied Barton's counsel has willfully engaged in misconduct for both expert and non-expert discovery. For non-expert report, severe sanctions are justified under FRCP 37(c )(1) and 37 (b)(2) for violation of FRCP 26(a)(1) and 26(e) as well as bad faith and violation of court orders.** Defendant's counsel has not only refused to make his initial disclosures, to comply with the scheduling order and to answer or supplement discovery requests, but he has also unilaterally refused to produce critical documents needed by Plaintiff to probe his case. No IMF security and insurance liability contract has been produced after six years of litigation on ground that they are not within the scope of discovery and not relevant for Plaintiff's claim. Worse, defendant and his counsel by have produced deceptive liability insurance limiting Allied Barton's maximum liability for all its security contracts to $10,000,000 when the World Bank security

contract requests the production of insurance liability contracts of at least $23,000,000 for the execution of the security contract. This is wasting Plaintiff's and the court's scarce resources.

**For expert discovery,** when defendant failed to timely file his Rule 26(a)(2) statement, he misrepresented to the court that he had served the motion for extension of time to file on Plaintiff and that his delays in preparing the expert report were due to the law firm's server breakdown on September 19 and 23, 2019 when Plaintiff has produced evidence showing that he received emails from the counsel's personal and office emails on September 19 and 23, 2019. Even assuming that his misrepresentation has materialized and is taken *at prima facie*, he still violates Rule 26(a)(2) because the expert report is supposed to be written by an independent expert, not by defendant's counsel. If the law firm's server breakdown has prevented the timely completion of the expert report, this means that the law firm was actually in charge of working on the report, which is against F.R.C.P 26 (see.*"Butera v. District of Columbia, 235 F.3d 637, 660-661 (D.C. Cir. 2001)"*. **Alternatively, reversal is justified for misrepresentation** if the server breakdown was not a contributing factor to the delay and given the fact that Defendant had misrepresented to the Court about serving the Motion on Plaintiff. In this case, the District Court's abuse of discretion would be based on the following: (i) violation of 5(a)(1) "defendant's failure to serve Motion for Extension of Time"; (ii) violation of Plaintiff's due process by ruling without allowing him to answer; (iii) misrepresentation by opposing party in violation of FRCP 60(b) (3) *see. Canady v. Erbe Elektromedizin GMBH, 99 F. Supp.2d 37, 49 n.26 (D.D.C. 2000)*; and (iv) fraud on the Court in violation of FRCP 60(d)(3) (see. *Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)*. This is wasting Plaintiff's and the court's resources.

**Defendant has caused prejudice to Plaintiff and to the Court by engaging in dilatory and deceptive discovery and,** because he has not only prevented Plaintiff from timely and fully probing his case by **withholding critical information for the outcome of this case, he has also**

triggered the filing of Plaintiff's multiple Motions and an Interlocutory Appeal, bringing this six-year-old case to a standstill with discovery remaining at the very early stage, therefore causing a undue burden to the Court and depriving Plaintiff from the benefits of efficient and timely discovery under FRCP 26 and just, speedy and inexpensive resolution of his case under FRCP 1. Plaintiff therefore seeks the imposition of sanctions pursuant to FRCP 37 to deter such misconduct.

## CONCLUSION

Plaintiff would like to respectfully ask this Court to grant his Motion for Sanctions under FRCP 37 as explained in the attached Memorandum of law and exhibits. The proposed order is also hereafter attached.

Respectfully submitted,

EUGENE NYAMBAL
PRO SE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIE that on the 8th day of October 2020, a copy of the foregoing was served on:

Edward C. Bacon (DC Bar No. 270124)
Richard S. Schrager (DC Bar No. 349530)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com