**Leave to file GRANTED**

*Emmet G. Sullivan*

United States District Judge

5-24-2021

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EUGENE NYAMBAL,      )
     )
       Plaintiff,      )
     )
       v.      )
     )
ALLIEDBARTON SECURITY      )
SERVICES, LLC,      )
     )
       Defendant.      )

Case No.: 1:14-cv-01904-EGS
**Honorable Judge Emmet. G. Sullivan**

## PLAINTIFF'S REQUEST TO GRANT CONCEDED MOTIONS FOR DEFENDANT'S FAILURE TO ANSWER AND TO RULE ON PENDING MOTIONS TO END THIS 7 YEAR LONG JUDICIAL TORTURE

Plaintiff EUGENE NYAMBAL hereby moves to respectfully request that this Honorable Court expedite rulings and grant unanswered Motions and tardy responses by treating them as conceded in this 7-year old defamation case. He also prays the Court to rule on other pending Motions and remove the unjustified filing restrictions against him subjecting his filings to the mention "Leave to File Granted" which is a violation of the scheduling order of January 22, 2021 and LCvR 7(d).

### I. PROCEDURAL BACKGROUND OF UNJUSTIFIED FILING RESTRICTIONS AGAINST PLAINTIFF AND THE COURT'S FAILURE TO RULE ON CONCEDED, UNANSWERED MOTIONS AND TARDY RESPONSES FROM DEFENDANTS IN VIOLATION OF THE SCHEDULING ORDER

**On January 22, 2021, the Court entered a modified scheduling order stating:**

"The parties shall adhere to the following schedule to govern the pending motions in this case: Defendant's opposition to110 Motion for Reconsideration shall be filed by no later than February 4, 2021; Plaintiff's reply shall be filed by no later than February 11, 2021" Defendant's opposition to112 Motion for Recusal,131 Supplement to Motion for Recusal, and137 Second Motion for Recusal shall be filed by no later than February 18, 2021; Plaintiff's reply shall be filed by no later than February 25, 2021. *Defendant's opposition to138 Motion for Leave to File First Amended Complaint shall be filed by no later than March 4, 2021; Plaintiffs reply shall be filed by no later than March 11, 2021"* In view of the lifting of the stay and establishment of a briefing schedule, Defendant's113 Motion to Strike is DENIED. The parties shall file a Joint Status Report with recommendations for further proceedings by no later than March 18, 2021. Signed by Judge Emmet G. Sullivan on 1/22/2021. (lcegs3).

**On February 4, 2021**, Defendant filed his opposition to Motion for Reconsideration of order

denying Motion to amend. It was docketed the same day.

**On February 8, 2021 Plaintiff filed his Reply to opposition to Motion for Reconsideration** of Motion to amend in accordance with the scheduling order. He severally re-filed; but the court refused to docket his documents.

**On February 19, 2021, Defendant filed his tardy opposition to second Motion for Recusal** and a Motion to Permit Late Filing (Docket No. 140-142). These documents were docketed the same day. Defendant was late because his opposition was due on February 18, 2021.

**On February 25, 2021, Plaintiff filed his Reply to defendant's opposition to second Motion for Recusal** and his opposition to Motion to permit late filing. But his reply was not docketed.

**On March 5, 2021, the court docketed Plaintiff's Motion to Vacate Minute Order of 09/24/2019** on Motion for Extension of Time to file Expert report and dismiss the report with prejudice for misrepresentation and fraud on the court. The docketing stated: "Leave to file GRANTED" (see. Docket No. 148).

**On March 5. 2021,** the Court also docketed Plaintiff's REPLY to opposition to second MOTION for Recusal and to Motion to Permit Late Filing. The docketing stated: "Leave to file GRANTED" (see. Docket No. 147)

**On March 5, 2021,** the court docketed (Docket No. 146) Plaintiff's Reply to opposition to MOTION for Reconsideration of MINUTE ORDER of 09/19/2019 (Docket No. 110) denying Plaintiff's Motion for Leave to Amend Complaint (Docket No. 65) The docketing stated: "Leave to file GRANTED" (see. Docket No, 146).

**On March 8, 2021, Plaintiff filed his reply to defendant's opposition to Motion for Leave to amend complaint** and his third Motion to Recuse United States Judge. His documents

were not docketed.

**On March 16, 2021, the court docketed Plaintiff's documents filed on March 8, 2021**
**with Motions "leave to file GRANTED"**, including (1) Plaintiff's reply to opposition to motion
for leave to file amended complaint (Docket No. 160) and (2) Plaintiff's "Third Motion For
Recusal of US Judge (docket No. 159).

**On March 31, 2021,** Defendant filed his RESPONSE to Third Motion for Recusal
(Third). It was docketed the same day (see. Docket No. 162).

**On April 4 and 6, 2021,** Plaintiff filed his Reply to Defendant's opposition to third
Motion for Recusal of US Judge. It was not docketed.

**On April 20, 2021,** Plaintiff's reply to Defendant's opposition to third Motion for
Recusal was docketed with the docketing date of April 16, 2021 and the mention "REPLY to
opposition re159 MOTION for Recusal filed by EUGENE NYAMBAL. "Leave to file
GRANTED" (Docket No. 163).

## II. REQUEST TO GRANT MOTIONS CONCEDED BY DEFENDANT FOR LACK OF RESPONSE OR TARDY OPPOSITION

**The Court respectfully asks the court to grant the following Motions as conceded:**

➢ **Plaintiff's Motion to vacate order of 09/24/2019 granting Defendant's Expert Report**
**and dismiss the report with prejudice for misrepresentation and fraud on the court**
(see. Docket No. 148) because Defendant failed to file any opposition as requested by
LCvR 7(b). Plaintiff's Motion was eventually docketed on March 5, 2021 after having
been severally filed and served on Defendant[1] and his opposition was due 14 days after
the Minute Order of March 5, 2021 granting Plaintiff's Motion for leave to file.

---

[1] **On February 20, 2020,** as instructed by the court, Plaintiff filed this Motion; however his Motion has never been
docketed in spite of the fact that he was given a stamped copy by the clerk's office. **On October 7, 2020,** Plaintiff
filed a Motion of Inquiry for his missing Motion. **On December 10, 2020,** Plaintiff refiled the Motion which

➤ **Plaintiff's third Motion for Recusal of US Judge because Defendant's opposition was tardy (see. Docket No, 162) in violation of the scheduling order and LCvR 7(b).** Given the fact that Plaintiff's third Motion for recusal was docketed on March 16, 2021, defendant's opposition was due on March 30, 2021. However, he filed a tardy opposition on March 31, 2021. It is important to remind that this Motion was filed and served on Defendant on March 8, 2021.

➤ **Plaintiff's second Motion for recusal because Defendant's opposition was tardy.** Pursuant to the scheduling order of January 22, 2021, Defendant's opposition to second Motion for Recusal was due on February 18, 2021. However, Defendant filed his Opposition to motion for recusal and his Motion to permit late filing on February 19, 2021 (see. Docket No. 140-142).

**Plaintiff's Motions should therefore be treated as unopposed, conceded and granted pursuant to LCvR 7(b) because Defendant's Opposition Memorandum to Motion for Recusal was tardy.** ((see. Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia, 819 F.3d 471, 476 (D.C. Cir. 2016): "the court did not consider Cohen's opposition brief. At that point the tardy opposition was equivalent to no opposition at all")); see also LCvR 7(b) OPPOSING POINTS AND AUTHORITIES stating: "Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the

---

remains unavailable on the docket. **On January 22, 2021,** the court entered a modified scheduling order without any mention to Plaintiff's missing Motion which has already been filed 4 times. **On January 28, 2021,** Plaintiff filed a request to docket his missing Motion and correct **the January 22, 2021 Minute Order** to reflect that this Motion is pending, but the Court refused to docket this Motion for inquiry.

**Before the January 23, 2020 order instructing Plaintiff to refile this Motion, it had already been filed and fully briefed by both parties.** It was filed on November 12, 2019 and November 22, 2019. Defendant filed his Opposition Memorandum on November 19, 2019. **On December 6, 2019,** this Motion was arbitrarily denied without prejudice *"in view of the admission of Plaintiff's new counsel",* **although this ground of denial does not exist in any jurisdiction in the world.**

motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

**Plaintiff's Motion for Reconsideration of order of 09/19/2019 (Docket No. 110) denying Plaintiff's Motion for Leave to Amend Complaint should be treated as conceded and granted for Defendant's naked opposition without legal authority to substantiate his arguments** in violation of **LCvR 7(b) (i.e. opposing Points and Authorities) and LCvR 7(c) (i.e. proposed order)** (see. Also *Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 284 F.Supp.2d 15, 25 (D.D.C.2003), *aff'd,* 98 Fed.Appx. 8 (D.C.Cir.2004); *Lewis v. District of Columbia,* No. 10–5275, 2011 WL 321711, at *1 (D.C.Cir. Feb. 2, 2011).

### III.    REQUEST TO EXPEDITE THE ADJUDICATION OF OTHER PENDING MOTIONS

Plaintiff respectfully asks the court to rule on the following Motions that have been pending for an extended period of time its earliest convenience:

➢ MOTION for Reconsideration re 09/19/2019 MINUTE ORDER denying65 Plaintiff's Motion for Leave to Amend Complaint filed on April 24, 2020

➢ Motion for Leave to amend complaint filed on January 8, 2021

➢ MOTION for Recusal of United States (first) filed on May 15, 2020

➢ MOTION for Recusal of United States (second) filed on September 29, 2020

➢ MOTION for Recusal of United States (third) filed on March 8, 2021

➢ MOTION for Protective Order filed by Defendant on June 3, 2020

➢ MOTION for Sanctions under FRCP 37 filed by Plaintiff on October 15, 2020

By refusing to rule on Plaintiff's defamation case for 7 years, the Court has hijacked plaintiff's life, reputation and confiscated Plaintiff's ability to clear his good name against the false allegations, restore his professional reputation and enhance his career prospects.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully prays this Honorable Court to help bring this case to a prompt and fair resolution by: (1) granting the conceded Motions in the interest of justice, and (2) expediting the adjudication of Plaintiff's pending Motions.

Respectfully submitted

Eugene NYAMBAL, PRO SE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIE that on the 29th day of April 2021, a copy of the foregoing was served electronically on:

Edward C. Bacon (DC Bar No. 270124)
Richard S. Schrager  (DC Bar No. 349530)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EUGENE NYAMBAL,          )
                         )
     Plaintiff,          )
                         )
       v.             )     Case No.: 1:14-cv-01904-EGS
                         )
ALLIEDBARTON SECURITY    )
SERVICES, LLC,          )
                         )
     Defendant.        )

## PROPOSED ORDER

Upon consideration of Petitioner's Motion to grant unanswered Motions and expedite the ruling on his pending Motions and review of the record and any opposition hereto, it is hereby

        **ORDERED, that the following unanswered and conceded Motions ARE GRANTED**

- ➢ MOTION to vacate order of 09/24/2019 granting Defendant's Extension of Time to File Expert Report and dismiss his expert report with prejudice for misrepresentation and fraud on the court
- ➢ MOTION for Recusal of United States Judge (second and third)

- ➢ MOTION for Reconsideration of MINUTE ORDER of 09/19/2019 denying Plaintiff's

    Motion for Leave to Amended Complaint

      **ALSO ORDERED, that the following Motions are GRANTED**
- ➢ Motion for Leave to amend complaint filed on January 8, 2021

- ➢ MOTION for Recusal of United States (first) filed on May 15, 2020

- ➢ MOTION for Sanctions under FRCP 37 filed by Plaintiff on October 15, 2020

      **FURTHER ORDERED**, that Defendant's MOTION for Protective Order is DENIED

**SO ORDERED.**

     **Date:**_____         _____

                                    **JUDGE EMMET G. SULLIVAN**
                                    **United States District Judge**