UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

EUGENE NYAMBAL,

                    Plaintiff,

v.

ALLIEDBARTON SECURITY
SERVICES LLC,

                    Defendant.

---

Civ. Action No. 14-1409
(EGS)

MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Eugene Nyambal's
("Mr. Nyambal") three motions for recusal. *See* ECF No. 112,[1] ECF
No. 137, and ECF No. 159. Upon careful consideration of the
motions, responses,[2] and replies thereto; the applicable law; and
the entire record; the motions are **DENIED**.

## I.   Procedural Background

This case has had a lengthy procedural history, which the
Court will describe in the detail necessary to understand and
provide context for Mr. Nyambal's various claims. It was removed
from the Superior Court of the District of Columbia on November
12, 2014, and assigned to this Court on January 16, 2015. On

---

[1] Mr. Nyambal also filed a Supplement to Motion for Recusal. See
ECF No. 131.
[2]  The Defendant filed a motion to strike in response to the
first motion to recuse based on the stay that was in place at
the time. *See* ECF No. 113. The Court denied the motion to strike
on January 22, 2021. Minute Order (Jan. 22, 2021).

January 26, 2016, the Court granted Defendant AlliedBarton
Security Service, LLC's ("AlliedBarton") Motion to Dismiss.
Thereafter, on February 23, 2016, Mr. Nyambal's second attorney,
Donald Temple, Esq., entered his appearance, and on the same day
filed a motion for reconsideration. *See* ECF No. 17. On July 26,
2016, Mr. Temple moved to withdraw his appearance based on
"irreconcilable differences" with Mr. Nyambal. *See* ECF No. 21 at
1. Mr. Nyambal requested that the Court allow him time to hire a
new attorney, *see* ECF Nos. 29, 30; and the Court stayed its
consideration of the motion for reconsideration for 90 days to
allow Mr. Nyambal to find an attorney, *See* Minute Order (May 17,
2017). Mr. Nyambal then requested an extension of time to find
an attorney, *see* ECF No. 33; which the Court granted, staying
its consideration of the motion for reconsideration for an
additional 60 days, *see* Minute Order (Aug. 28, 2017). While the
motion for reconsideration was pending, Mr. Nyambal filed a
Motion to for Leave to File Amended Complaint, *see* ECF No. 26;
and a Motion to Alter or Amend Judgment, *see* ECF No. 28. The
Court denied both motions in view of the pending motion for
reconsideration. *See* Minute Orders (May 17, 2017).

On October 26, 2017, Mr. Nyambal's third attorney, OlaDipo
A. Akin-Deko, Esq., entered his appearance, *see* ECF No. 35; and
the Court granted Mr. Nyambal's motion for reconsideration on
October 17, 2018. On October 25, 2018, the Court entered the

first scheduling order governing discovery. *See* Minute Order
(Oct. 25, 2018). On November 1, 2018, Mr. Akin-Deko moved to
withdraw his appearance stating that "Counsel and Plaintiff are
at an impasse concerning the role of legal representation,
interpretation of the Federal Rules and legal strategy . . . ."
ECF No. 46 at 1.

On November 2, 2018, Mr. Nyambal's fourth attorney, Joseph
Lee Meadows, Esq., entered his appearance, *see* ECF No. 47; and
on November 15, 2018, Mr. Meadows moved to withdraw, citing
"irreconcilable differences concerning the financial arrangement
and terms," ECF No. 49 at 2. On that same day, the Court
directed Mr. Nyambal to file a Status Report by November 29,
2018 indicating whether he intends to prosecute his own case *pro
se*, or find new representation. *See* Minute Order (Nov. 15,
2018). On November 29, 2018, Mr. Nyambal file a response stating
that he intended to find new representation, *see* ECF No. 50 at
1; and thereafter the Court issued a Minute Order stating that
it would stay proceedings for thirty days to allow Mr. Nyambal
to find representation, *see* Minute Order (Dec. 3, 2018).

On December 13, 2018, Mr. Nyambal's fifth attorney, Jason
F. Zellman, Esq., entered his appearance, *see* ECF No. 51; and
thereafter the Court directed the parties to file a new Meet and
Confer Statement, *see* Minute Order (Dec. 17, 2018). On February
1, 2019, the Court entered the second scheduling order governing

3

discovery. *See* Minute Order (Feb. 1, 2019). On February 25, 2019, Mr. Nyambal's sixth attorney, David Ludwig, Esq., filed a Notice of Substitution of Counsel, *see* ECF No. 53; and on February 28, 2019, Mr. Nyambal filed a second Motion to Amend his Complaint, *see* ECF No. 54. On March 1, 2019, the Court entered a briefing schedule on the motion to amend, *see* Minute Order (Mar. 1, 2019); and on May 3, 2019, the Court denied the motion amend on the grounds that the proposed amendment would cause undue delay and prejudice to the defendant because at that time, the case had been pending for more than four years and the parties had engaged in motion practice, *see* Minute Order (May 3, 2019).

On May 13, 2019, Mr. Nyambal's seventh attorney, Mohaimina Haque, Esq., entered her Notice of Substitution of Counsel. *See* ECF No. 58. On June 3, 2019, the Court granted the parties' consent motion to modify case deadlines, Minute Order (June 3, 2019); and on June 21, 2019, the Court granted the parties' consent motion to clarify case deadlines, Minute Order (June 21, 2019). On August 29, 2019, Ms. Haque filed a motion to withdraw as attorney, stating that she had "developed irreconcilable differences with Plaintiff. Plaintiff would like to engage in motion practice that Counsel believes after a conscientious examination of the Court's prior Order, the applicable law, Federal Rules of Civil Procedure, local law, and ethical

4

considerations would be frivolous." ECF No. 63 at 1. The Court granted the motion to withdraw and directed Mr. Nyambal to file a notice by September 25, 2019 indicating whether he intends to prosecute his own case *pro se* or find new legal representation. *See* Minute Order (September 4, 2019).

On September 6, 2019, Mr. Nyambal filed a third Motion for Leave to File an Amended Complaint. *See* ECF No. 65. On September 19, 2019, the Court denied the motion:

> MINUTE ORDER denying 65 Plaintiff's Motion for Leave to Amended Complaint. On May 3, 2019, the Court denied Mr. Nyambal's motion for leave to file an amended complaint. Undeterred, Mr. Nyambal moves for the Court's permission to file an amended complaint. For the reasons stated in the Court's Minute Order of May 3, 2019 and substantially for the reasons stated in AlliedBarton's memorandum in opposition, Mr. Nyambal's pro se motion is DENIED. It is FURTHER ORDERED that Mr. Nyambal must seek leave of the Court for all future filings until he retains an attorney. See Hollis-Arrington v. Fannie Mae, No. 04-5068, 2004 WL 2595891, at *1 (D.C. Cir. Nov. 15, 2004) (district court did not abuse its discretion in ordering that (1) plaintiff shall "file nothing further in relation to this case without leave of Court, other than a notice of appeal," and (2) "any filings [plaintiff] attempts to make without leave of Court shall be deemed vexatious litigation and sanctioned accordingly."). The Court declines to order Mr. Nyambal to pay AlliedBarton's attorneys' fees and costs incurred in responding to the pro se motion, see Def.'s Opp'n, ECF No. 66 at 3, and the Court reminds AlliedBarton of its obligation to file a proposed order with any opposition brief, see LCvR 7(c). The Clerk of Court is directed to mail a copy of this Order to Mr. Nyambal.

Minute Order (Sep. 19, 2019).

On September 18, 2019, Mr. Nyambal informed the Court that he intended to hire new counsel, *see* ECF No. 69 at 1; and the Court directed him to file a status report by no later than October 25, 2019, updating the Court on the status of his efforts to retain new counsel, *see* Minute Order (Oct. 19, 2019).

On September 24, 2019, AlliedBarton filed a motion for extension of time to file its Rule 26(a)(2) statement, which was opposed by Mr. Nyambal. *See* ECF No. 71. AlliedBarton stated that its statement was due on September 30, 2019 and requested a 21-day extension because its economic expert had a previously scheduled family matter that made him unavailable for a period of time, and that counsel was unable to work on the case on September 19, 2019 due to a computer crash. *Id*. The Court granted the motion on the same day, over Mr. Nyambal's objection. *See* Minute Order (Sept. 19, 2019).

On September 30, 2019, Mr. Nyambal filed a Motion for Leave to File Notice for Defendant's Deficiency in Discovery, *see* ECF No. 72; and his Opposition to Defendant's Motion for Extension of Time, *see* ECF No. 73. On October 21, 2019, AlliedBarton filed its Rule 26a2 statement. *See* ECF No. 73. On October 22, 2019, Mr. Nyambal filed a notice indicating that he intended retain new counsel, noting that he has been litigating the case from

West Africa since 2016, *see* ECF No. 75; and filed a Motion for Leave to File Notice on Issues in which he stated, among other things, that: (1) he had not been served with AlliedBarton motion for extension of time; and (2) he was not given due process because the court granted the motion without determining whether he would be prejudiced, *see* ECF No. 76.

On October 24, 2019, the Court entered the following Minute Order:

> MINUTE ORDER. In view of 75 Mr. Nyambal's Status Report that states he intends to continue his efforts to retain new counsel, Mr. Nyambal is directed to file another status report by no later than November, 27 2019, updating the Court on his efforts to retain new counsel. Given Mr. Nyambal's pro se status and his intentions to retain new counsel, the Court, sua sponte, stays discovery until further Order of the Court. The Court finds as moot 72 Mr. Nyambal's Motion for Leave to File Notice for Defendant's Deficiency in Discovery. To the extent that Mr. Nyambal moves for reconsideration of the Court's Minute Order of September 24, 2019, Federal Rule of Civil Procedure 6(b) expressly provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time...with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A). For good cause shown, the Court granted Defendant's motion for extension of time. The Court therefore denies without prejudice 76 Mr. Nyambal's Motion for Leave to File Notice on Issues.

Minute Order (Oct. 24, 2019). On November 12, 2019, Mr. Nyambal filed: (1) Motion for Leave to File Status Report on Pending

Discovery Issues, *see* ECF No. 77; (2) Motion for Leave to File Motion for Reconsideration of Minute Order of 9/14/2019, *see* ECF No. 78; and (3) Motion for Leave to File Motion for Reconsideration of the Minute Order of 9/19/2019, *see* ECF No. 79; and on November 18, 2019, the Court set a briefing schedule on the motions, *see* Minute Order (Nov. 18, 2019). On November 22, 2019, Mr. Nyambal filed, among other things: (1) Motion to Clarify re Order on Motion for Leave to File, *see* ECF No. 83; (2) Notice on Concerns about the Court's Lack of Impartiality, *see* ECF No. 86.

On December 6, 2019, the Court granted the *pro hac vice* admission of Mr. Nyambal's eighth attorney, Joyce Williams, Esq., under the sponsorship of Janet Smith, Esq. *See* Minute Order, Dec. 6, 2019. On the same day, the Court directed the parties to file a joint proposed scheduling order, kept the discovery stay in place, and in view of the *pro hac vice* admission of new counsel, denied without prejudice the following pending motions: (1) Plaintiff's Motion for Leave to File Motion for Reconsideration of the Minute Order of 09/19/2019, *see* ECF No. 79; (2) Plaintiff's Motion for Reconsideration of Minute Order dated 09/19/2019, *see* ECF No. 83; (3) Plaintiff's Motion to Vacate Minute Order dated 09/19/2019, *see* ECF No. 84; and (4) Plaintiff's Motion to Clarify re Order on Motion for Leave to File, *see* ECF No. 85. Min. Order (Dec. 6, 2019).

On January 23, 2020, the Court entered the third scheduling order governing discovery:

> MINUTE ORDER. In view of 94 Plaintiff's Notice of Proposed Order Scheduling Order and 95 Defendant's Notice of Proposed Order Scheduling Order, the parties shall adhere to the following schedule: (1) any motion to vacate the Order granting Defendant's extension of time to file the expert report and dismiss the report with prejudice for misrepresentation shall be filed by no later than February 28, 2020; (2) any motion for leave of the Court relating to a discovery dispute shall be filed by no later February 28, 2020; (3) non-expert discovery, including depositions, shall be completed by no later than July 30, 2020; (4) all discovery shall be completed by no later than September 15, 2020; (5) any dispositive motions shall be filed by no later than October 15, 2020; and (6) mediation shall be completed by no later than November 30, 2020. Any motions for extension of time of these deadlines shall comply with this Court's Standing Order. See Standing Order, ECF No. 43 at 8 (motions for extension of time shall be filed three business days before the deadline). Any party moving to modify this Order must seek the Court's permission and show good cause. The Court hereby LIFTS the stay on discovery in this case. Because the Court will not revisit its ruling denying 54 Mr. Nyambal's motion for leave to file an amended complaint, see Min. Order of May 3, 2019, this Order does not permit the "filing of motions for reconsideration to grant Plaintiff's amended complaint." Pursuant to the Court's Standing Order, ECF No. 43 at 6, this Order does not permit the "Filing of a Motion to Compel Discovery." The Court hereby gives notice to the parties of its intent to refer all discovery disputes to a Magistrate Judge, to be randomly assigned, for resolution pursuant to Local Civil Rule 72.2. The Court declines

> to set a pretrial conference date or a trial
> date at this time.

Minute Order (Jan. 23, 2020).

On February 19, 2020, Mr. Nyambal filed: (1) Motion to Vacate re Minute Order entered on 1/23/2020, *see* ECF No. 96; (2) Motion to Withdraw Attorney, *see* ECF No. 97; and (3) Notice of Interlocutory Appeal, *see* ECF No. 98. On February 20, 2020, Ms. Smith and Ms. Williams moved to withdraw their appearances, citing irreconcilable differences with Mr. Nyambal. *See* ECF No. 100 at 1. On February 24, 2020, the Court directed Mr. Nyambal to file a notice by March 13, 2020, informing the Court whether he intends to prosecute his own case *pro se* or find new legal representation. *See* Minute Order (Feb. 24, 2020). The Court also stayed the action, discovery, and current deadlines until further order of the Court. *See id*. On February 26, 2020, Mr. Nyambal filed a motion asking the Court to stay the case until the end of March 2020 due to a medical condition. *See* ECF No. 104 at 1.

On March 12, 2020, Mr. Nyambal filed a status report stating that he is "futher[ing] his efforts to hire a new attorney" and requested that the Court give him more time to retain new counsel, *see* ECF No. 108 at 2; and thereafter the Court directed Mr. Nyambal to file a notice by April 24, 2020, informing the Court of his efforts to obtain legal counsel. *See*

Minute Order (Mar. 17, 2020). On April 24, 2020, Mr. Nyambal informed the Court that he intends to proceed *pro se* until he can hire new counsel. *See* ECF No. 109 at 1. Thereafter, the Court entered a Minute Order noting that although Mr. Nyambal's notice of interlocutory appeal does not stay proceedings in the district court, the Court had stayed the case, discovery, and deadlines until further Order of the Court, and in view of Mr. Nyambal's intent to proceed *pro se*, directed him to seek leave of Court for all future filings. *See* Minute Order (May 22, 2020).

On April 24, 2020, Mr. Nyambal filed a motion for reconsideration of the September 19, 2019 Minute Order denying his motion for leave to file an amended complaint, *see* ECF No. 110; which the Court denied for the reasons stated in the Court's May 3, 2019 and September 19, 2019 Minute Orders, *see* Minute Order (June 3, 2021).

On May 15, 2020, Mr. Nyambal filed his first motion for recusal, *see* ECF No. 112; which AlliedBarton moved to strike, *see* ECF No. 113. The Court denied AlliedBarton's motion to strike. *See* Minute Order (Jan. 22, 2021). Mr. Nyambal filed a supplement to his motion for recusal on December 16, 2020. *See* ECF No. 131. On January 22, 2021, Mr. Nyambal filed his second

motion for recusal. *See* ECF No. 137. And on March 16, 2021, Mr. Nyambal filed his third motion for recusal. *See* ECF No. 159.[3]

On June 3, 2020, AlliedBarton filed a motion for protective order, *see* ECF No. 117; and on December 2020, Mr. Nyambal filed a motion for sanctions, *see* ECF No. 132. The Court referred these motions pertaining to discovery disputes to a Magistrate Judge for resolution. *See* Minute Order (Jan. 22, 2021).

The Mandate of the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") was issued on September 17, 2020 following the denial and dismissal of Mr. Nyambal's various motions on his interlocutory appeal to that court. *See* ECF No. 120. On January 22, 2021, the Court lifted the stay, entered a briefing schedule to govern the pending motions, and directed the parties to file a joint status report with recommendations for further proceedings by March 18, 2021. *See* Minute Order (Jan. 22, 2021). In the Joint Status Report, Mr. Nyambal requested that the Court adjudicate the pending discovery motions before scheduling further proceedings. *See* ECF No. 150 at 2.

On March 5, 2021, Mr. Nyambal filed a motion to vacate re Minute Order on Motion for Extension of time filed on 9/24/2019. *See* ECF No. 148. Due to AlliedBarton's misunderstanding of

---

[3] The three motions and the supplement are largely duplicative. *See generally* ECF Nos. 112, 131, 137, 159.

whether this motion had been docketed, it did not file a response. *See* ECF No. 166. The Court directed AlliedBarton to respond by June 18, 2021. *See* Minute Order (June 3, 2021).

On June 3, 2021, the Court denied Mr. Nyambal's Motion to Docket Missing Documents and Rule on Pending Motions, *see* ECF No. 149:

> The documents Mr. Nyambal contends are missing are located on the docket as follows: (1) Reply to Defendants Opposition for Motion for Reconsideration is located at ECF No. 146. (2) Reply to Defendants Opposition to 137 Second Motion for Recusal is located at ECF No. 147. (3) Motion to Vacate Order Granting Defendants Motion for Extension of time to File Rule 26(a)(2) Statement and to Dismiss his Motion with Prejudice for Misrepresentation is located at ECF No. 96. (4) The Court denied leave to file motion of inquiry for the reasons explained in the docket entry at ECF No. 133. (5) The court denied leave to file plaintiff's request to prosecute and adjudicate pending motions to end more than 6 years of undue delays and judicial torture at ECF No. 135. Following the resolution of the pending motions, the parties will be asked to submit a joint proposed scheduling order.

Minute Order (June 3, 2021).

Also on June 3, 2021, the Court denied Mr. Nyambal's Motion to Grant Conceded Motions, *see* ECF No. 165:

> Mr. Nyambal asks the Court to grant as conceded certain motions (ECF Nos. 137, 159) to which the defendant's opposition was tardy. The Court in its discretion declines to do so. LCvR 7(b) (If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.). The Court notes that the defendant timely filed its

13

> opposition to the following motions: ECF Nos.
> 110, 138, 121. In response to ECF No. 112,
> defendant timely filed a motion to strike
> based on the stay that was in place at the
> time. See ECF No. 113.

Minute Order (June 3, 2021).

In sum, the remaining pending motions at this time are the three motions for recusal, *see* ECF Nos. 112, 137, 159; the two discovery-related motions that have been referred to Magistrate Judge Faruqui, *see* ECF Nos. 117, 132; and Mr. Nyambal's Motion to Vacate Order Granting Defendant's Motion for Extension of time to File Rule 26(a)(1) Statement and to Dismiss His Motion With Prejudice For Misrepresentation, *see* ECF No. 148.[4]

## II.  Legal Standard

A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In assessing section 455(a) motions, this circuit applies an 'objective' standard: Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" *S.E.C. v. Loving Spirit Foundation, Inc.*, 392 F.3d 486, 493 (2004) (quoting *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam).

---

[4] To the extent the parties address the merits of this motion in their briefing on the recusal motions, *see e.g.*, ECF No. 112 at 12, ECF No. 131 at 6-7; the Court will address the merits when it rules on that motion, *see* ECF No. 148.

"To sustain [his] burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases where no extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Tripp v. Executive Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting *Liteky*, 510 U.S. at 555). "By contrast, Section 455(b)(1) requires the moving party to demonstrate actual bias or prejudice based upon an extrajudicial source." *Id.*

"The court has broad discretion in the consideration of the sufficiency of a motion to remove a judicial officer pursuant to 28 U.S.C. § 455(a)." *Cotton v. Washington Metropolitan Area Transit Authority*, 264 F. Supp. 2d 39, 42 (D.D.C. 2003) (citing *Cobell v. Norton,* 237 F. Supp. 2d. 71, 78 (D.D.C. 2003), citing *James v. District of Columbia,* 191 F. Supp. 2d 44, 46-47 (D.D.C. 2002)). The court "must begin its analysis of the allegations supporting such a request with a presumption against disqualification." *Cobell,* 237 F. Supp. 2d at 78 (citations omitted). To overcome this presumption, the moving party must demonstrate by clear and convincing evidence that disqualification is required by Section 455(a). *Id.* at 78-79 (citations omitted).

## III. Discussion

Mr. Nyambal does not contend that there is bias derived from an extrajudicial source; accordingly, his burden is to demonstrate by clear and convincing evidence that the court has a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555; which the court assesses based on whether "a reasonable and informed observer would question the judge's impartiality," *Loving Spirit Foundation, Inc*., 392 F.3d at 493. For the reasons explained below, Mr. Nyambal has failed to meet this burden.

### A.   Claims Based on Misunderstood Court Rulings, Orders, and Stipulation

Mr. Nyambal claims that the Court is biased because it granted the motion to dismiss "without any evidence or fact finding." ECF No. 112 at 10, *see also* ECF No. 131 at 10-11; but Mr. Nyambal misunderstands the legal standard pursuant to which a motion to dismiss is analyzed. *See Nyambal v. AlliedBarton Security Services*, 153 F. Supp. 3d 309, 313-14 (D.D.C. 2016). Mr. Nyambal claims that he has been prohibited from filing any motion except a notice of appeal, *see* ECF No. 131 at 8, 13; but Mr. Nyambal misunderstands the Court's orders because he may file motions with leave of court, *see* Minute Order (Sept. 19, 2019), Minute Order (May 22, 2020); which he has done many times. Mr. Nyambal contends that the Court mislead him into

thinking he would be able to file an amended complaint, *see* ECF No. 112 at 14-15; but he misunderstands that the Court set a briefing schedule on the motion to amend. *See* Minute Order (March 1, 2019). Mr. Nyambal claims bias because the Court did not allow him to file motions to compel discovery, *see* ECF No. 112 at 11; but Mr. Nyambal misunderstands that the Court's Standing Order requires leave of Court to file motions related to discovery disputes, *see* ECF No. 43 ¶ 10. Mr. Nyambal claims bias because AlliedBarton has not made its initial disclosures, *see* ECF No. 112 at 12, ECF No. 131 at 6; but in the parties' meet and confer statement, they stipulated to dispense with initial disclosures, *see* ECF No. 44 at 4. Mr. Nyambal claims bias because the Court entered the third scheduling Order *sua sponte*, *see* ECF No. 112 at 14; ECF No. 131 at 7-8, 14; ECF No. 137 at 6; but that Order was not entered *sua sponte*, but rather after the parties, including Mr. Nyambal's then-counsel, submitted their proposed orders, *see* ECF No. 94, ECF No. 95. Mr. Nyambal contends that the Court denied his motion to compel discovery for not complying with a provision of the Court's Standing Order Governing Civil Cases ("Standing Order") regarding courtesy copies that does not apply to pro se litigants, *see* ECF No. 137 at 6, ECF No. 131 at 14; ECF No. 137 at 25-26; but Mr. Nyambal misunderstands that the Court referred to the provision of the Standing Order that states "The parties

17

shall not file any motions relating to a discovery dispute without leave of the Court. The Court may refer discovery disputes to a Magistrate Judge for resolution." ECF No. 43 at 6-7.

In making these claims, Mr. Nyambal has misunderstood the applicable legal standard, the relevant Court Order, or the stipulation of the parties. Mr. Nyambal's misunderstandings fail to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Accordingly, his claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

### B.   Claims Based on Alleged Threats and Hostility

Mr. Nyambal claims that the Court is biased because the September 19, 2019 Minute Order used "threatening language," and "threatened him with sanctions for vexatious litigation.'" ECF No. 112 at 10; *see also* ECF No. 131 at 8; ECF No. 131 at 7. In its September 19, 2019 Minute Order, the Court observed that Mr. Nyambal's motion had been previously ruled on in May 2019, stating that "On May 3, 2019, the Court denied Mr. Nyambal's motion for leave to file an amended complaint. Undeterred, Mr. Nyambal moves for the Court's permission to file an amended complaint." *See* Minute Order (Sept. 19, 2019). The Court also

18

required Mr. Nyambal to seek leave of Court for all future filings until he retained an attorney, citing *Hollis-Arrington v. Fannie Mae*, No. 04-5068, 2004 WL 2595891, at *1 (D.C. Cir. Nov. 15, 2004) (district court did not abuse its discretion in ordering that (1) plaintiff shall "file nothing further in relation to this case without leave of Court, other than a notice of appeal," and (2) "any filings [plaintiff] attempts to make without leave of Court shall be deemed vexatious litigation and sanctioned accordingly."). *Id.*

Mr. Nyambal also claims that the Court is biased because it "angrily prohibited him from calling the court." ECF No. 131 at 8. On November 13, 2019, the Court entered the following Minute Order:

> On November 13, 2019, Chambers received a voicemail message from Mr. Nyambal regarding this matter. To avoid ex parte communications, the Court prohibits telephone calls from parties. Mr. Nyambal is reminded to comply with this Court's Orders. E.g., Standing Order, ECF No. 43 at 2 § 3(b) ("Parties are to communicate with the Court in writing by motion, opposition, and reply; not by letter or telephone call."); Minute Order of Sept. 19, 2019 ("Mr. Nyambal must seek leave of the Court for all future filings until he retains an attorney."). The Clerk of Court is directed to send a copy of this Minute Order to Mr. Nyambal's address of record.

Minute Order (Nov. 13, 2019). The Court routinely enters Minute Orders containing similar language when a party makes an *ex*

19

*parte* call to chambers in violation of the Court's Standing Order.

The language in the Court's Minute Orders cannot reasonably be characterized as "hostile" or "angry," nor does the language or cite to supporting legal authority rise to the level of a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Accordingly, Mr. Nyambal's claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

### C.   Claims Based on Court Rulings

#### 1.   Motions to Amend the Complaint

Mr. Nyambal claims that the Court is biased because it denied all of his motions to amend his complaint.[5] *See* ECF No. 112 at 11; ECF No. 131 at 7, 11-12; ECF No. 137 at 19-21. The Court denied Mr. Nyambal's first motion to amend his complaint because his motion for reconsideration was pending. *See* Minute Orders (May 17, 2017). Thereafter, the Court denied Mr. Nyambal's second motion to amend his complaint on the legal grounds stated in the Minute Order of May 3, 2019. Mr. Nyambal's

---

[5] Mr. Nyambal also claims bias because while he was not allowed to amend his complaint, AlliedBarton was allowed to amend its motion to dismiss. An Amended Motion to Dismiss was filed on November 26, 2014 before the case was assigned to this Court. ECF No. 7.

subsequent motions to amend his complaint were duplicative of his second motion; accordingly, the Court denied them on the same legal grounds. *See* Minute Order (Sept. 19, 2019), Minute Order (June 3, 2020).

Mr. Nyambal claims that the Court is biased because it denied his second motion to amend his complaint because he did not submit a redlined version, and that the Court denied his third motion to amend his complaint even though he submitted a redlined version with that motion. *See* ECF No. 137 at 6. The Court explained its legal grounds for denying Mr. Nyambal's second motion to amend. *See* Minute Order (May 3, 2019). In that Minute Order, the Court also pointed out that Mr. Nyambal had failed to comply with the Court's Standing Order requirement to submit a redline version of any proposed amended complaint. *See id*. And the Court explained its legal grounds for denying Mr. Nyambal's third motion to amend his complaint by referring to the May 3, 2019 Minute Order. *See* Minute Order (Sept. 19, 2019).

Mr. Nyambal claims that the Court is biased because he disagrees with the Court's denials of his repetitive motions to amend his complaint. The Court articulated its legal grounds for denying the motions, and his disagreement with the Court's decisions fails to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Accordingly, his claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required. *See also Loving Spirit Found.,* 392 F.3d at 494  ("if disqualification were required 'merely as a result of counsel's disagreement with judicial conclusions reached in the course of litigation, the judicial system would grind to a halt.'" (quoting *Barnett v. City of Chicago,* 952 F. Supp. 1265, 1269 (N.D. Ill. 1997)).

### 2. Scheduling Orders

Mr. Nyambal claims that the Court is biased because it "has transformed the scheduling orders into a moving goal post to protect [AlliedBarton] from [its] discovery failures, prevent him from prevailing in this case and lay the ground for summary dismissal in favor of [AlliedBarton] . . . ." ECF No. 137 at 27; *see also* ECF No. 112 at 11 (stating that the Court modified the scheduling order to "bail out" AlliedBarton and that the Court "modified the scheduling order to lay the ground for the dismissal of [Mr. Nyambal's] remaining claim through summary judgment").

The three scheduling orders in this case have been necessitated by the withdrawal and then entering the appearance of Mr. Nyambal's attorneys. *See supra* Section I. Furthermore,

they were entered after considering the recommendations of the parties. *See id.*

Mr. Nyambal has failed to demonstrate, by clear and convincing evidence, that the entry of the three scheduling orders reflects a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555, as the entry of the three scheduling orders was appropriate for the reasons explained above. Accordingly, his claim does not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

### 3. Motions Found as Moot or Dismissed Without Prejudice

Mr. Nyambal claims that the Court is biased because the Court found as moot or denied without prejudice various motions he filed. *See* ECF No. 112 at 13-15; ECF No. 131 at 7, 13; ECF No. 137 at 6. Mr. Nyambal filed a number of motions in this case *pro se* before he informed the Court that he would proceed *pro se*. *See generally* Docket for Civil Action No. 14-1904. He filed some of these motions while still represented by counsel, and others after an attorney withdrew his or her appearance, but before Mr. Nyambal hired a new attorney. *See generally id.*

The Court managed the docket by, among other things, finding as moot or denying without prejudice, as appropriate,

23

motions that were pending when: (1) discovery stays were entered based on Mr. Nyambal's need to retain new counsel, and (2) motions that were pending when new counsel entered their appearance. To the extent that a subsequent attorney determined seeking the relief was appropriate, the attorney could do so. Or Mr. Nyambal could do so after he informed the Court that he was proceeding *pro se*.

Mr. Nyambal disagrees with the manner in which the Court has managed the complicated docket in this case. His disagreement fails to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555, as the Court's management of the docket has been appropriate for the reasons explained above. Accordingly, his claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

### D.   Claims Based on the Length of Time the Case and Certain Motions Have Been Pending

#### 1.   Motion for Reconsideration

Mr. Nyambal claims bias because of the amount of time his motion for reconsideration was pending. *See* ECF No. 112 at 11; ECF No. 131 at 11. The Court granted the motion to dismiss on January 26, 2016. ECF No. 14. Mr. Nyambal filed a motion for

reconsideration on February 23, 2016. *See* ECF No. 17. On July 26, 2016, the attorney who represented Mr. Nyambal on the motion for reconsideration moved to withdraw his appearance. *See* ECF No. 21 at 1. Thereafter, Mr. Nyambal requested that the Court allow him time to find a new attorney, *see* ECF Nos. 29, 30; and the Court stayed its consideration of the motion for reconsideration for 90 days to allow Mr. Nyambal to find an attorney, *See* Minute Order (May 17, 2017). Mr. Nyambal then filed a motion for an extension of time to find an attorney, *see* ECF No. 33; which the Court granted, staying its consideration of the motion for reconsideration for an additional 60 days, *see* Minute Order (Aug. 28, 2017). On October 26, 2017, a new attorney entered his appearance, and the Court granted Mr. Nyambal's motion for reconsideration on October 17, 2018.

Mr. Nyambal's claim regarding the length of time his motion for reconsideration was pending fails to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555, as it was appropriate for the Court to stay its consideration of the motion until Mr. Nyambal was represented. Accordingly, his claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

### 2.    Length of Time This Case Has Been Pending

Mr. Nyambal claims bias because of the amount of time this case has been pending. *See* ECF No. 137 at 8, 26-27. The procedural history makes clear the delays in this case have largely been due to Mr. Nyambal's numerous attorney representation issues. *See supra* Section I. The procedural history indicates that the Court reacted appropriately in response to the various attorney withdrawals, requiring regular status reports while Mr. Nyambal sought new representation, and staying the proceedings, or aspects thereof as appropriate, while Mr. Nyambal sought to obtain new representation. The Court is well aware of its responsibilities pursuant to Canon a(A)(5) of the Code of Conduct for United States Judges—"A Judge should promptly dispose of the business of the court"—but Mr. Nyambal's attorney representation issues have impacted the Court's ability to promptly "dispose" of this case.

Mr. Nyambal's claims regarding the length of time this case has been pending fail to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555, as the length of time this case has been pending is largely due to Mr. Nyambal's attorney representation issues. Accordingly, his claims do not provide a reasonable basis to question the Court's

impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493.
Therefore, recusal is not required.

### E.  Claims Regarding Other Cases

Mr. Nyambal claims that the Court's impartiality can be
questioned based on its rulings in *Nyambal v. International
Monetary Fund*, Civil Action No. 12-1037. *See* ECF No. 112 at 12-
13; ECF No. 131 at 8-9, 16-18; ECF No. 137 at 7, 28-30; ECF No.
159 at 9. On November 20, 2020, the D.C. Circuit dismissed Mr.
Nyambal's appeal of this Court's November 1, 2019 Order. *Nyambal
v. International Monetary Fund*, No. 19-7152 (D.C. Cir. Nov. 20,
2020).[6] Mr. Nyambal also claims that the Court "fail[ed] to
timely transmit the proof of payment of his filing fees to the
[Court of] Appeals," thereby causing the summary dismissal of
his appeal. *See* ECF No. 137 at 8-9, 29. However, the payment of
fees was docketed on September 15, 2020, and the Court of
Appeals dismissed the appeal not because of a fee issue, but
because Mr. Nyambal did "not meet his burden of demonstrating
that this court has subject matter jurisdiction over his appeal
as to that portion of the order, given this court's prior ruling
that [the International Monetary Fund] ["]IMF["] has not waived
its absolute immunity in this case." ECF No. 52-1 at 1. The D.C.

---

[6] Mr. Nyambal also complains about a "missing" motion for
reconsideration, ECF No. 112 at 12-13, *see* ECF No. 28; but the
Court denied the motion for reconsideration, see ECF No. 47; on
July 6, 2020, *see* Minute Order (July 6, 2020).

Circuit summarily affirmed this Court's November 1, 2019 Order because, among other things, "The filing of the notice of voluntary dismissal by appellant's counsel was legally and factually warranted, given this court's ruling that IMF did not waive its immunity" and because Mr. Nyambal did "not plausibly claim that either his counsel's or IMF's counsel's action's actions, including their statements regarding possible sanctions if the case proceeded, were made for an improper purpose" pursuant to Federal Rule of Civil Procedure 11(b)(1). *Id.* at 1-2.

Mr. Nyambal's disagreements with this Court's rulings, which were affirmed on appeal, and his misunderstanding of the Court of Appeal's rulings fail to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Accordingly, his claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

### F.    Claims Regarding Refusing to Docket Filings, Time Taken to File Documents on the Docket

Mr. Nyambal claims throughout his motions and the supplement that the Court has refused to docket certain filings that he has submitted, and complains about the time lag from when he has submitted a document and when it has been docketed.

*See generally* ECF Nos. 112, 131, 137, 159. He also claims that the Court violated the third scheduling order by not docketing his filings. *See* ECF No. 159 at 3-5. The docket for this case is complicated for a number of reasons. Following the entry of the Court's May 22, 2020 Minute Order requiring leave of Court for Mr. Nyambal's future *pro se* filings, a number of his filings were docketed before the Court granted leave to do so. *See generally* Docket for Civil Action No. 14-1904. They were later docketed as "entered in error." *See generally id.* Many of these filings were duplicative of filings already on the docket and so the Court denied leave to file. *See* ECF Nos. 151, 152, 153, 154, 155, 156, 157, 161. The Court denied leave to file Mr. Nyambal's Motion for Inquiry About Two Motions, and directed him to the ECF Number for the motions about which he inquired. *See* ECF No. 158. To try to avoid duplicative filings in the future, the Court entered the following Minute Order:

> Because of reduced on-site Clerk of Court and Chambers staffing due to the ongoing national health emergency, there is a time lag between the mail receipt of briefings and posting to the docket. The Court has received numerous duplicative filings from Mr. Nyambal, *see* ECF Nos. 151, 152, 153, 154, 155, 156, 161. Accordingly, the Court will no longer address Mr. Nyambal's duplicative filings on the docket in this case.

Minute Order (Mar. 23, 2021).

Mr. Nyambal claims bias because there are delays in the docketing of documents he has filed, whereas AlliedBarton's documents are filed immediately, and contends that this results in AlliedBarton having more time to respond to his filings than he has to respond to AlliedBarton's filings. *See* ECF No. 159 at 5-7. To manage the docket in this case and avoid the filing of duplicative documents, the Court continues to require leave of court prior to docketing Mr. Nyambal's *pro se* filings. *See* Minute Order (May 5, 2020). AlliedBarton, which is represented by counsel with a CM/ECF password, is able to file documents directly on the docket. As to Mr. Nyambal's other point, as a practical matter, any delay between the time that Mr. Nyambal has submitted a document for filing and the filing of the document on the docket does not result in additional time for AlliedBarton to respond because the time to respond is triggered by the filing of the document on the docket.

Mr. Nyambal's claims of bias because of allegedly missing documents on the docket, because of time lags in the docketing of his filings, and because AlliedBarton is able to file its documents via CM/ECF fail to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555, for the reasons explained above. Accordingly, his claims do not provide a reasonable basis to question the Court's

impartiality. *Loving Spirit Foundation, Inc*., 392 F.3d at 493.

Therefore, recusal is not required.

To the extent Mr. Nyambal believes that documents are missing from the docket, he may submit a motion for leave to file with the specific documents attached.

**IV. Conclusion**

For the reasons stated above, it is hereby

**ORDERED** that Mr. Nyambal's motions for recusal, ECF No. 112, ECF No. 137, and ECF No. 159, are **DENIED**.

**SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **June 12, 2021**