Leave to file GRANTED.
/s/_____
EMMET G. SULLIVAN
UNITED STATES
DISTRICT COURT JUDGE
Dated: July 2, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EUGENE NYAMBAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLIEDBARTON SECURITY ) <br> SERVICES, LLC, ) <br> ) <br> Defendant. ) | Case No.: 1:14-cv-01904-EGS <br> **Honorable Judge Emmet. G. Sullivan** |

**PLAINTIFF'S MOTION FOR AMENDMENT AND CERTIFICATION OF THE ORDER OF JUNE 12, 2021 DENYING HIS MOTIONS FOR RECUSAL OF US JUDGE FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

Plaintiff EUGENE NYAMBAL hereby moves to respectfully request that this Honorable Court (1) state in writing whether the Order and underlying Memorandum of June 12, 2021 denying Plaintiff's Three Motions for Recusal of US Judge (**ECF No. 112, ECF No.137, ECF No.159)** involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; (ii) amend the Order and certify the order to reflect the language required by 28 U.S. Code § 1292 (b) and allow Plaintiff to file an Interlocutory Appeal.

Given the fact that the Court has been denying Plaintiff's due process rights by ruling without docketing his documents and refusing to rule on the most critical Motions for an extended period of time in this 7 year old case, the issue pertaining to the Judge's recusal is a controlling question of law because its resolution in interlocutory appeal would affect the outcome of this case and materially advance the ultimate resolution of this litigation. Plaintiff respectfully request that the Court grant permission to appeal under 28 U.S.C. § 1292(b).

1

I.   **REQUEST TO AMEND ORDER OF JUNE 12, 2021 TO REFLECT THE LANGUAGE OF 28 U.S. Code § 1292 (b) AND PROVIDE JUSTIFICATION OF COURT DECISIONS UNDERPINNING THE RULINGS ON MOTIONS**

The Court denies Plaintiff's three Motions for Recusal of US Judge on the grounds that the facts demonstrate that Plaintiff did not meet the burden of showing by clear and convincing evidence that the court has a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555.

**In support of its Order Denying Motion for Recusal, the Court used the following arguments to show that it had no bias toward Mr. Nyambal:**

A.  **Claims of bias are based on Misunderstood Court Rulings, Orders, and Stipulation fail to demonstrate, by clear and** convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible." (e.g. (i) Plaintiff's misunderstanding of the legal standards pursuant to which a motion to dismiss is analyzed; (ii) Plaintiff's unfounded claim that he was prohibited from filing any motion except a notice of appeal (*see* ECF No. 131 at 8, 13) because he misunderstood the orders stating that he may file motions with leave of court, *see* Minute Order (Sept. 19, 2019), Minute Order (May 22, 2020); (iii) Plaintiff's erroneous contention that the Court mislead him into thinking he would be able to file an amended complaint, *see* ECF No. 112 at 14-15; but he misunderstands that the Court set a briefing schedule on the motion to amend. *See* Minute Order (March 1, 2019); (iv) Plaintiff's claims bias because Allied Barton has not made its initial disclosures, *see* ECF No. 112 at 12, ECF No. 131 at 6; but in the parties' meet and confer statement, they stipulated to dispense with initial disclosures, *see* ECF No. 44 at 4 and; (v) Mr. Nyambal claims bias because the Court entered the third scheduling Order *sua sponte*, *see* ECF No. 112 at 14; ECF No. 131 at 7-8, 14; ECF No. 137 at 6.

B. **Claims of bias based on Alleged Threats and Hostility** in the language of the Minute Order of September 19, 2019 was unfounded because such orders are routinely sent to litigants.

C. **Claims of bias Based on Court Rulings (Motions to Amend the Complaint. stays and three modifications of Scheduling Orders do not reflect by clear and** convincing evidence, that the court has a "deep-seated favoritism toward Defendant or antagonism toward Plaintiff that would make fair judgment impossible," *Liteky*, 510 U.S. at 555. Therefore, recusal is not required.

D. **Claims that Motions Found as Moot or Dismissed Without Prejudice demonstrate bias are unfounded. Plaintiff has failed to** demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555. Accordingly, his claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

E. **Claims Based on the Length of Time the Case and Certain Motions Have Been Pending** (Motion for Reconsideration filed in February 2016 and Length of Time This Case Has Been Pending) do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required**.**

F. **Claims Regarding Other Cases** (claims that the Court's impartiality can be questioned based on its rulings in *Nyambal v. International* Monetary Fund and its failure to timely transfer the proof of payment of his Appeal fees to the Court of Appeals do not demonstrate that the Court was biased toward him because he failed to understand the grounds of the summary dismissal of his case by the Court of Appeals.

G. **Claims of bias Regarding Refusing to Docket Filings, Time Taken to File Documents on the Docket and the court's violation of its own scheduling orders are unfounded.** Mr. Nyambal's claims of bias because of allegedly missing documents on the docket, because of time lags in the docketing of his filings, and because Allied Barton is able to file its

documents via CM/ECF. He fails to demonstrate, by clear and convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible. Accordingly, his claims do not provide a reasonable basis to question the Court's impartiality. *Loving Spirit Foundation, Inc.*, 392 F.3d at 493. Therefore, recusal is not required.

## II.   LEGAL STANDARD FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL

28 U.S.C. § 1292(b) permits a non-final order to be certified only when a district judge "shall be of the opinion that the following three conditions are met: (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question , and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *GTE New Media Servs. Inc. v. Ameritech Corp.*, 44 F. Supp. 2d 313, 316 (D.D.C. 1999). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

28 U.S.C. § 1292(b) (requires the district court to "state in writing in such order" that the three elements are met. If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite certification language. A District Court can accomplish certification of a previously issued order in one of two ways to include : BY amendment of the order itself, Fed. R. App. 5(a)(3) (calling for the district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement"); *Halliburton Co. Benefits Comm. v. Graves*, 191 F. App'x 248, 251 (5th Cir. 2006) (per curiam) (advising parties seeking review of a partial summary judgment order to "move the district court to amend its order to include the 28 U.S.C. § 1292(b) certification language, pursuant to Fed. R. App. P.5(a)(3)"); OR BY entry of a separate order, see. E.g.. In re Hamilton, 122 F.3d 13, 14(7th Circuit. 1997); Marisol by Forbes v. Guiliani, 104 F.3d, 524, 527-

29 (2Circ, 1996). Upon the Court's certification of the Order for interlocutory appeal, the movant must petition the Circuit Court for interlocutory review within ten days.

  III.  **THE CRITERIA FOR AN IMMEDIATE INTERLOCUTORY APPEAL TO BE MET**

  **A. The Minute Order should Present a "Pure Question of Law that is Controlling"**

Under the first factor specified in section 1292(b), a litigant may take an interlocutory appeal if the underlying order "involves a controlling question of law." A "pure question of law is a question that the reviewing court could decide quickly and cleanly without having to study the record. The question presented on appeal must also be "controlling." § 1292(b). A question is controlling when "reversal of the district court's order would terminate the action" if decided incorrectly, would be reversible error on final appeal, Katz, 496 F, 2d at 755, or if incorrectly decided and appealed immediately, would bring an end to the action, Klinghoffer v. S.N.C. achille Lauro, 921 F, 2d 21, 24 (2nd Circuit, 1990)."All that must be shown in order for a question to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court (*accord Johnson v. Burken. 930 F2d 1202, 1205, 1206 (7th Circ. 1991); see also In re Cement Antitrust Litigation, 673 F.2d at 1026*

<u>Petitioner will therefore submit his "controlling" questions of law" as soon as the Court provide an amended order and the supporting opinions reflecting the requirements of § 1292(b).</u>

  **B. There is Substantial Ground for Differing Opinions in the Minute Order Ruling**

**The second prong of § 1292(b),** that there be "substantial ground for difference of opinion" on the issue, requires a "genuine doubt as to whether the district court applied the correct legal standard in its order." .... This may mean that there is "conflicting authority on the issue" or that "the issue is particularly difficult and is one of first impression."... The requirement is that the question of law be one as to which there is a substantial ground for difference. However there need not to be actual difference of opinion. Contestability is critical.

<u>Plaintiff will submit his grounds for differing opinions as soon as the Court provide an amended order and the supporting opinion reflecting the requirements of § 1292(b).</u>

### C. An Immediate Appeal from the Order Will Materially Advance the Ultimate Termination of the Litigation

**The third prong of § 1292(b) requires that** in determining whether to certify an interlocutory appeal, a court considers whether an **"immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"** 28 U.S.C. § 1292(b). To materially advance the ultimate termination of the litigation, petitioner should show that immediate appeal will substantially shorten the litigation.

In this instant case, an immediate appeal will help avoid protracted litigation and reduce discovery, pre-trial and trial expenses for the parties and the court. The case was severally reset to early discovery. The parties will be preparing a new scheduling order. There are pending Motions that can help terminate this case earlier. Reducing the time and cost of this protracted litigation and saving the court's resources are controlling questions (see. *Ahrenholtz, 219 F.3d at 677; or Kuehner v. Dickinson & Co., 84 F.3d 316, 318-19 (9th Circ. 1996).*

### IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully prays the District Court to: (1) amend the Minute order of June 12, 2021 to reflect the language required by 28 U.S. Code § 1292(b) and; (2) certify the Interlocutory Appeal.

Respectfully submitted

Eugene NYAMBAL, PRO SE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFIE that on the 21th day of June 2021, a copy of the foregoing was served electronically on:

6

Edward C. Bacon (DC Bar No. 270124)
Richard S. Schrager  (DC Bar No. 349530)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:14-cv-01904-EGS |
| ) | |
| ALLIEDBARTON SECURITY ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## **PROPOSED ORDER**

Upon consideration of Petitioner's Motion to amend and the Minute Orders of June 12, 2021 in order to certify the Interlocutory appeal and reflect the language required by 28 U.S. Code § 1292(b) in this interlocutory order and the accompanying opinion and; consideration of any opposition by Defendant,

it is hereby

**ORDERED,** that Petitioner's Motion is

GRANTED.

**SO ORDERED.**

**Date**:_____      _____

**JUDGE EMMET G. SULLIVAN**

**United States District Judge**

1