**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

EUGENE NYAMBAL,

               Plaintiff,

v.

ALLIEDBARTON SECURITY
SERVICES LLC,

               Defendant.

Civ. Action No. 14-1409
(EGS)

---

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions filed by Plaintiff Eugene Nyambal ("Mr. Nyambal"): (1) Motion to Vacate Order Granting Defendant's Motion for Extension of Time to File Rule 26(a)(1) Statement and to Dismiss His Motion with Prejudice For Misrepresentation, ECF No. 148; and (2) Motion for Amendment and Certification of the Order of June 12, 2021 Denying His Motions for Recusal of U.S. Judge for Interlocutory Appeal Under 28 U.S.C. § 1292(b), ECF No. 179. Upon careful consideration of the motions, responses, and replies thereto; the applicable law; and the entire record; the motions are **DENIED**.

**I.   Motion to Vacate Order Granting Defendant's Motion for Extension of Time to File Rule 26(a)(1) Statement and to Dismiss His Motion with Prejudice For Misrepresentation**

On September 24, 2019, Defendant AlliedBarton filed a motion for extension of time to file its Rule 26(a)(2) statement, which was opposed by Mr. Nyambal. *See* ECF No. 71. AlliedBarton stated

that its statement was due on September 30, 2019 and requested a 21-day extension because its economic expert had a previously scheduled family matter that made him unavailable for a period of time, and that counsel had been unable to work on the case on September 19, 2019 due to a computer crash. *Id*. The Court granted the motion on the same day, over Mr. Nyambal's objection, but before receiving an opposition briefing from Mr. Nyambal. *See* Minute Order (Sept. 19, 2019). Mr. Nyambal asks the Court to vacate the order because: (1) AlliedBarton's motion was not served on the plaintiff; (2) the Court violated Mr. Nyambal's due process rights because it ruled on the motion before giving Mr. Nyambal an opportunity to be heard; and (3) there was a misrepresentation and fraud on the Court because AlliedBarton's counsel gave a false reasons for needing an extension of time and provided a false certification that he had served Mr. Nyambal. ECF No. 148 at 12-16.

**A. Legal Standard**

Mr. Nyambal asks this Court to vacate its September 24, 2019 Minute Order pursuant to Federal Rule of Civil Procedure 60(b). However, "motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations are committed to the sound discretion of the trial court." *America v. Preston*, Civil Action No. 03-1807, 2007 WL 8055550 * 1

(D.D.C. Feb. 12, 2007) (citation omitted).[1] The Advisory
Committee Notes to Rule 60(b) explain that "interlocutory
judgments are not brought within the restrictions of the rule,
but rather they are left subject to the complete power of the
court rendering them to afford such relief from them as justice
requires." Fed. R. Civ. P. 60(b) Advisory Comm. Notes; *see also*
*Schoen v. Washington Post*, 246 F.2d 670, 673 (1957) ("so long as
the court has jurisdiction over an action, it should have
complete power over interlocutory orders made therein and should
be able to revise them when it is consonant with equity to do
so") (internal quotation marks and citation omitted).
"Notwithstanding the broad discretion of a court to reconsider
its own interlocutory decisions, however, and 'in light of the
need for finality in judicial decisionmaking,' district courts
should only reconsider interlocutory orders 'when the movant
demonstrates (1) an intervening change in the law; (2) the
discovery of new evidence not previously available; or (3) a
clear error of law in the first order.'" *Estate of Klieman v.*
*Palestinian Authority*, 82 F. Supp. 3d 237, 242 (quoting *In re*

---

[1] Mr. Nyambal invokes the "excusable neglect" standard in Rule
60(b)(1), *see* ECF No. 148 at 16; which is inapplicable here. Mr.
Nyambal's arguments regarding excusable neglect in his Reply
brief, *see* ECF No. 173 at 10-11; are inapposite because here,
AlliedBarton's counsel sought the extension of time prior to the
deadline.

*Vitamins Antitrust Litig.,* No. 99–1097, 2000 WL 34230081, at *1 (D.D.C. July 28, 2000)).

**B. Service of Motion**

AlliedBarton's counsel states that: (1) he contacted Mr. Nyambal on September 19, 2019 regarding the extension of time; (2) his firm's computer crashed on the same date; (3) he used his personal email account to contact Mr. Nyambal on September 23, 2019 regarding the extension request and received his objection; (4) he filed the motion for extension on September 24, 2019; and (5) on October 3, 2019, Mr. Nyambal informed him that he had not received a copy of AlliedBarton's motion. ECF No. 171 at 1-2. AlliedBarton's counsel states that he "cannot exclude the possibility that [Mr. Nyambal] did not receive service of Defendant's Motion" because he does not have an email showing it was emailed nor did he retain a copy of the envelope. *Id*. at 4. He further states that his standard practice during his nearly 40-year career has been to serve court filings as indicated on the certificate of service accompanying each filing. *Id*. at 3.

The Court does not discount Mr. Nyambal's representation that he did not receive a copy of the motion. However, it is not clear that the motion was not mailed to Mr. Nyambal's address of

record nor emailed to Mr. Nyambal's email address.[2] That said, during the pendency of this matter and the numerous motions and briefings filed by AlliedBarton, this is the sole instance of a potential failure to serve. Mr. Nyambal was aware of the extension request and on September 24, 2019, was mailed a copy of the Minute Order granting the extension request. Because there have been no other instances in this case of AlliedBarton's counsel not serving a motion on Mr. Nyambal, and because it is unclear whether AlliedBarton's counsel failed to serve the motion, there is no reason to vacate the Minute Order on this ground. *Cf. Castillo-Reyes v. Solloso*, No. 95-7233, 1996 WL 680211 (D.C. Cir. Oct. 30, 1996) (district court did not abuse its discretion by denying motion for failure to serve motion when appellant was on notice that failure to serve could result in denial because the court had previously denied ***several motions*** for failure to serve) (emphasis added).

---

[2] For this reason, Mr. Nyambal's allegation that AlliedBarton's counsel made a false declaration on the certificate of service, *see* ECF No. 148 at 15; is without merit. Moreover, this situation hardly qualifies as the kind of egregious conduct required for a successful claim of a fraud on the Court. *See Bowie v. Maddox*, 677 F. Supp. 2d 276, 278 (D.C. Cir. 2010). Furthermore, Mr. Nyambal's argument that the Court "lacked jurisdiction over th[e] motion" because the motion was not served, *see id*. at 12-13; is also without merit.

**C. Due Process Issue**

"A court may extend a filing deadline when the moving party requests an extension before the original filing deadline and shows good cause." *Jordan v. U.S. Department of Justice*, 315 F. Supp. 3d 584, 593 (D.D.C. 2018) (citing Fed. R. Civ. P. 6(b)(1)". "Courts have discretion to determine whether a movant has shown good cause." *Id.* (citing *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005)). "[R]equests for extensions of short duration are routine" in this district. *Jordan v. U.S. Department of Labor*, 308 F. Supp. 3d 24, 37 (D.D.C. 2018).

Here, AlliedBarton moved for a 21-day extension of time 11 days before the relevant deadline. At the time the motion was filed, AlliedBarton had not requested an extension of time for any other deadlines. *See generally* Docket for Civil Action No. 14-1904. Furthermore, the 21-day extension until October 21, 2019 was well before the December 30, 2019 close of discovery under the scheduling order in place at the time. *See* Minute Order (June 21, 2019). In view of the routine nature of the request for a short extension of time, *see Smith*, 430 F.3d at 456; the Court in its discretion determined that AlliedBarton had shown good cause and granted the extension request over Mr. Nyambal's objection.

Mr. Nyambal states that he was prejudiced by the extension because "he has diverted his family's limited resources to comply with the Scheduling Order and timely filed his Expert Report." ECF No. 148 at 1. The Court appreciates that Mr. Nyambal timely filed his expert report; however, this is not a compelling reason to vacate the Court's Minute Order. Nor would it have been a compelling reason to have denied the motion. "The civility of most counsel appearing before this Court results in most requests of this nature premised on prearranged vacations and the press of business being unopposed." *Jordan*, 308 F. Supp. 3d at 37. The Court therefore granted AlliedBarton's request over Mr. Nyambal's objection. Accordingly, the Court did not violate Mr. Nyambal's "due process" rights by granting the extension request before Mr. Nyambal filed his opposition.

**D. Fraud on the Court**

Mr. Nyambal argues that AlliedBarton's counsel's representations regarding the reason he needed to seek an extension of time amounted to a fraud on the Court. *See* ECF No. 148 at 14-16. "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's

7

claim or defense." *Aoude v. Mobile Oil Corp.*, 892 F. 2d 1115, 1118 (1st Cir. 1989). Mr. Nyambal contends that AlliedBarton's counsel's statement that he had been unable to work on the case on September 19, 2019 due to a computer crash was false because Mr. Nyambal received emails from AlliedBarton's counsel's personal and office email addresses on that date. *Id*. at 15. Mr. Nyambal also contends that there is no "causality link" between the computer crash and the need for additional time to prepare the expert report. *Id*. These contentions are without merit and hardly amount to an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude*, 892 F. 2d at 1118. Mr. Nyambal's argument that AlliedBarton's counsel failed to comply with the D.C. Rules of Professional Responsibility is likewise without merit.

Mr. Nyambal has failed to demonstrate "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Estate of Klieman*, 82 F. Supp. 3d at 242. Accordingly, Mr. Nyambal's motion is **DENIED**.

## II. Motion for Amendment and Certification of the Order of June 12, 2021 Denying His Motions for Recusal of U.S. Judge For Interlocutory Appeal Under 28 U.S.C. § 1292(b)

Mr. Nyambal asks this Court to certify for interlocutory appeal the Court's June 12, 2021 Memorandum Opinion and Order denying his three motions for recusal.

A District Court may certify an interlocutory order for immediate appeal if the judge is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Through section 1292(b), "Congress ... chose to confer on District Courts first line discretion" and "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers County Comm'n,* 514 U.S. 35, 46, 47 (1995). The availability of immediate appeal of interlocutory orders subject to the requirements of section 1292(b) is an "exception to the firm final judgment rule governing federal courts." *Trout v. Garrett*, 891 F.2d 332, 335 (D.C. Cir. 1989). Accordingly, a party seeking certification pursuant to section 1292(b) must meet a high standard to overcome the "strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon,*

9

418 U.S. 683, 690 (1974). "Although courts have discretion to certify an issue for interlocutory appeal, . . . interlocutory appeals are rarely allowed [and] the movant 'bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgement.'" *Virtual Def. and Dev. Int'l, Inc. v. Republic of Moldova,* 133 F. Supp. 2d 9, 22 (D.D.C. 2001) (citing *First Am. Corp. v. Al-Nahyan,* 948 F. Supp. 1107 (D.D.C. 1996)). Finally, "The moving party bears the burden of establishing all three elements" of the provisions of section 1292(b). *U.S. House of Representatives v. Burwell*, No. 14-1967, 2015 WL 13699275, at *1 (D.D.C. Oct. 19, 2015) (citing *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.,* 597 F. Supp. 2d 120, 121 (D.D.C. 2009)); *see also Butler v. DirectSat USA, LLC,* 307 F.R.D. 445, 452 ("Unless *all* of the statutory criteria are satisfied . . . 'the district court may not and should not certify its order . . . under section 1292(b).'") (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir.)).

Mr. Nyambal has not identified the controlling question of law, stating that he will do so once the Court "provide[s] an amended order and the supporting opinions reflecting the requirements of Section 1292(b)." ECF No. 179. However, Mr. Nyambal "bears the burden of establishing all three elements" of

the provisions of section 1292(b). *Burwell*, No. 14-1967, 2015 WL 13699275, at *1. Because Mr. Nyambal has not identified the controlling question of law, he has failed to satisfy that burden. Accordingly, his motion is **DENIED**.

## IV. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Motion to Vacate Order Granting Defendant's Motion for Extension of Time to File Rule 26(a)(1) Statement and to Dismiss His Motion with Prejudice For Misrepresentation, ECF No. 148, is **DENIED**, and it is further

**ORDERED** that Motion for Amendment and Certification of the Order of June 12, 2021 Denying His Motions for Recusal of U.S. Judge For Interlocutory Appeal Under 28 U.S.C. Section 1292(b), ECF No. 179 is **DENIED**.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**           United States District Judge**
**           August 13, 2021**