UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EUGENE NYAMBAL,**<br><br>Plaintiff,<br><br>v.<br><br>**ALLIEDBARTON SECURITY SERVICES, LLC,**<br><br>Defendant. | No. 14-1904-EGS-ZMF |

## MEMORANDUM OPINION

Pending before the Court are two related motions: (1) Motion for Protective Order, ECF No. 117 ("Def.'s MPO"), filed by Defendant AlliedBarton Security Services, LLC ("AlliedBarton"); and (2) Motion for Sanctions, ECF No. 132 ("Pl.'s Mot. for Sanctions"), filed by Plaintiff Eugene Nyambal ("Mr. Nyambal"). Defendant's Motion for Protective Order is GRANTED in part and DENIED in part; Plaintiff's Motion for Sanctions is DENIED.

### I.     BACKGROUND

A.     The Stay

The Court presumes that the parties are familiar with the allegations in this case, and thus will dispense with a detailed recitation of those allegations. *See Nyambal v. AlliedBarton Sec. Servs., LLC*, 153 F. Supp. 3d 309, 311–13 (D.D.C. 2016) (providing factual background). On February 24, 2020, Judge Sullivan stayed the case to allow Mr. Nyambal to seek new counsel. *See* Min. Orders, Feb. 24, 2020, May 22, 2020. This action was still stayed when the parties filed their pending discovery-related motions. *See* Min. Order May 22, 2020. On January 22, 2021, the Court lifted the stay. *See* Min. Order, Jan. 22, 2021.

1

B. <u>Initial Disclosures</u>

On October 24, 2018, the parties "stipulate[d] to dispense with the initial disclosures required by Rule 26(a)(1)." ECF No. 44 ("Joint Meet and Confer Report") at 4. On January 31, 2019, following a change in counsel by Mr. Nyambal, the parties affirmed that they had "dispense[d] with the initial disclosures required by Rule 26(a)(1)." ECF No. 52 ("Joint Meet and Confer Report") at 4. Judge Sullivan subsequently recognized the official waiver, noting that "[t]he parties have stipulated to dispense with the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1)." Min. Order, Feb. 1, 2019.

Yet six months *after* the waiver, Mr. Nyambal made his initial disclosures following another change of counsel. *See* ECF 124 ("Pl.'s Reply for Mot. for Sanctions") at 4. Mr. Nyambal subsequently demanded AlliedBarton's initial disclosures. *See id*. AlliedBarton objected based on the prior waiver. *See* Def.'s MPO at 4–5. Undeterred, Mr. Nyambal continued to request initial disclosures in subsequent correspondence. *See* Pl.'s Mot. for Sanctions at 1. AlliedBarton now seeks a protective order to preclude the production of initial disclosures based on the prior waiver.

C. <u>Prior Discovery Requests</u>

Between May and July 2019, Mr. Nyambal propounded two rounds of discovery requests upon AlliedBarton. In August 2019, AlliedBarton produced its responses. Mr. Nyambal argues AlliedBarton's responses were so deficient to merit the imposition of sanctions.

In May 2020, Mr. Nyambal issued a third round of discovery requests. *See* ECF No. 119 ("Pl.'s Resp. to Def.'s MPO") at 10. This included a second request for the security contract between the International Monetary Fund and AlliedBarton ("IMF Security Contract"). On May 26, 2020, AlliedBarton requested Mr. Nyambal withdraw these requests because the case was stayed. *See* Def.'s MPO at 1. Mr. Nyambal refused to withdraw his discovery requests and

AlliedBarton sought a protective order to preclude him from seeking such discovery during the pendency of the stay. *See id.* at 2. Mr. Nyambal argues that AlliedBarton's refusal merits sanctions.

### D. Pro Se Status

Several different attorneys represented Mr. Nyambal throughout the course of this litigation. *See generally* Docket (documenting change of counsel). On February 24, 2020, Mr. Nyambal terminated his most recent counsel and later elected to proceed *pro se*. *See* ECF No. 109 ("Pl.'s Status Report") at 1.

## II. LEGAL STANDARD

This Court has the power to issue a protective order, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). By issuing a protective order, the Court may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(d).

## III. ANALYSIS

### A. Initial Disclosures

Mr. Nyambal appears to make two arguments as to why AlliedBarton must make their initial disclosures. First, that initial disclosures are required and cannot be waived. *See* Pl.'s Resp. to Def.'s MPO at 14. Second, that the change of his counsel and *pro se* status negates his prior counsel's waiver. *See id.* at 15. No caselaw supports either argument.

As explained by the Advisory Committee Notes, Rule 26(a)(1)(A) empowers a court to "eliminate or modify the disclosure requirements in a particular case, and similarly the parties, unless precluded by order or local rule, can stipulate to elimination or modification of the

requirements for that case." Fed. R. Civ. P. 26(a)(1) advisory committee's note to 1993 amendment. This Court's local rules allow for such waiver. *See* LCvR 16.3(c)(7).

Once the parties filed their waiver stipulation, it was binding. *C.f. Hajjar-Nejad v. George Washington Univ.*, No. 10-00626, 2012 WL 13168551, at *2 (D.D.C. Oct. 9, 2012) (holding that plaintiff's stipulation to waive initial disclosures is not binding until it is filed). And Judge Sullivan so noted. *See* Min. Order, Feb. 1, 2019.

Mr. Nyambal cannot undo his prior counsel's waiver simply by virtue of being *pro se* now or because he has changed his mind on the value of such waiver. *See Jideani v. Wash. Metro. Area Transit Auth.*, 979 F. Supp. 2d 77, 83 (D.D.C. 2013) (upholding pro se plaintiff's waiver because the court acknowledged the parties' waiver in its scheduling order). This is because Mr. Nyambal's "*pro se* status does not relieve h[im] of h[is] obligation to comply with the Federal Rules of Civil Procedure and the local civil rules of this Court." *Id.* at 83. Such rules bind him to his prior counsel's waiver.[1]

B. <u>Extant Discovery Requests</u>

Mr. Nyambal issued his discovery requests while this case was stayed. *See* Pl.'s Mot. for Sanctions at 3. The stay "excused [AlliedBarton's] obligation" to respond at that time. *King v. E.F. Hutton & Co.*, No. 86-cv-0211, 1987 WL 8733, at *10 (D.D.C. Mar. 13, 1987). But times have changed. As the parties agree, this case is no longer stayed. *See* Min. Order, Jan. 22, 2021. The extant requests "became effective only after the conclusion of the stay." *Mwabira-Simera v. Howard Univ.*, No. 05-cv-0441, 2006 WL 8460268, at *1 (D.D.C. Nov. 24, 2006).

---

[1] To the extent that Mr. Nyambal seeks sanctions for AlliedBarton's failure to make initial disclosures, his motion is denied. AlliedBarton was not required to make initial disclosures. Mr. Nyambal's Motion for Sanctions is further discussed below.

AlliedBarton offers no arguments outside of the stay as to why these requests are improper. *See* Def.'s MPO at 3–4. Thus, Defendant's motion for Protective Order is DENIED as to these requests. Defendant must respond to the outstanding discovery requests within 30 days of this opinion unless ordered differently by Judge Sullivan.

C. Sanctions

1. Legal Standard

Pursuant to Rule 37, a court may issue orders "as are just" to sanction a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(d) advisory committee's note to 1970 amendment; Fed. R. Civ. P. 37(b)(2). "Federal court decisions . . . unanimously agree that sanctions pursuant to Rule 37 may not be awarded absent violation of a court order." *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995) (cleaned up).

Outside of Rule 37, courts have "the inherent power to impose sanctions for abusive litigation practices undertaken in bad faith." *Young v. Off. of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 65 (D.D.C. 2003). Sanctions based on the court's inherent authority are not limited by the requirement of a violation of a court order. *See id*. Yet courts must act with "restraint and discretion" to prevent their inherent authority from becoming boundless. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

The court is mindful that Mr. Nyambal is proceeding *pro se* and will construe his motion for sanctions liberally. *See Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 738 (8th Cir. 2008).

    2.    <u>Analysis</u>

        i.    *Third Request*

Rule 37 sanctions are inapplicable because AlliedBarton was not subject to a production order. *See Paavola v. Hope Village*, No. 19-cv-1608, 2021 WL 4033101 at *2 n.3 (D.D.C. Sept. 4, 2021). Indeed, Mr. Nyambal never even sought an order to compel discovery.

Sanctions are also inapplicable under the Court's inherent power. Such sanctions are reserved for cases of egregious conduct that involve the "destruction or concealment of evidence." *More*, 480 F. Supp. 2d at 275. There is neither allegation, nor evidence of that here. In fact, AlliedBarton is working to produce the IMF Security Contract requested by Mr. Nyambal and informed him they would produce it as soon as possible. *See* ECF No. 122 ("Def. Opp. to Pl.'s Mot. for Sanctions") at 5.

        ii.    *Prior Requests*

Mr. Nyambal failed to specify which objections were inadequate and why. Without doing so, the Court cannot evaluate his request. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 235 F.R.D. 521, 523–24 (D.D.C. 2006) (analyzing whether specific Relator's objections to interrogatories were proper).

        iii.    *Future Action*

Mr. Nyambal has skipped several steps in seeking sanctions at this stage. Prior to filing for future sanctions, Mr. Nyambal should first "confer with opposing counsel" in a meaningful way about any dispute. *Equal Rts. Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 31 (D.D.C. 2007). If that does not resolve the dispute, he can then file a motion to compel discovery, specifically outlining the discovery requests at issue. *See id.* If after that, AlliedBarton fails to obey the Court's order, or acts "recklessly or negligently in destroying or failing to [produce] the missing evidence"

then sanctions *may* be appropriate. *More*, 480 F. Supp. 2d at 261. Given AlliedBarton's record of compliance to date, there is nothing to indicate it would engage in such outrageous behavior in the future.

## IV. **CONCLUSION**

This is a final order issued pursuant to Local Rule 72.2. The parties are hereby advised that, under the provisions of Local Rule 72.2(b) of the United States District Court for the District of Columbia, any party who objects to this Order must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Order. When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c).

                                                  ZIA M. FARUQUI
                                                  UNITED STATES MAGISTRATE JUDGE