# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-7084**  **September Term, 2021**

**1:14-cv-01904-EGS**

**Filed On: November 12, 2021**

In re: Eugene Nyambal,

    Petitioner

    **BEFORE:**    Millett, Wilkins, and Jackson, Circuit Judges

## O R D E R

    Upon consideration of the petition for writ of mandamus and the supplements thereto; and the motion to disqualify and reverse rulings, the opposition thereto, and the reply, it is

    **ORDERED** that the petition for writ of mandamus be denied in part and dismissed as moot in part. Petitioner seeks an order compelling the district court judge to (1) docket certain filings, (2) rule on certain pending motions, and (3) recuse himself from presiding over the underlying case. To the extent that petitioner seeks an order compelling the district court to docket his motion to vacate a prior order and to resolve three discovery-related motions and a motion for leave to file an amended complaint, the petition is moot because the district court docket reflects that the motion to vacate has been filed and that the other motions have been resolved. Mandamus relief is not available with respect to the remaining documents petitioner wants docketed because he has an adequate alternative remedy. He may challenge on appeal from final judgment the district court's denial of leave to file most of those documents. See Doe v. Exxon Mobil Corp., 473 F.3d 345, 353 (D.C. Cir. 2007) (observing that "mandamus is not to be used as a substitute for appeal" (internal quotation marks omitted)). He may also challenge on appeal from final judgment the district court's denial of his motion to grant certain other motions as conceded, which petitioner alleges was done without consideration of a reply that appears not to have been docketed. See id. Finally, to the extent petitioner seeks an order compelling the district court judge to recuse himself, petitioner has not shown a clear and indisputable right to the extraordinary remedy of writ of mandamus. See In re Brooks, 383 F.3d 1036, 1041–43 (D.C. Cir. 2004); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). It is

    **FURTHER ORDERED** that the motion to disqualify and reverse rulings be denied for the reasons set forth above.

## United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-7084**                                      **September Term, 2021**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**Per Curiam**

                           **FOR THE COURT:**
                           Mark J. Langer, Clerk

        BY:    /s/
                           Scott H. Atchue
                           Deputy Clerk