Leave to file GRANTED. The
Court construes this motion as a
Motion for Leave to File Motion to
Extend Discovery.
/s/_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT
JUDGE
Dated: 4/5/2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 1:14-cv-01904-EGS |
| | )   **Honorable Judge Emmet. G. Sullivan** |
| ALLIEDBARTON SECURITY SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## REQUEST TO DEPOSE DEFENDANT'S WITNESSES AFTER THE CLOSING OF DISCOVERY FOR DEFENDANT'S COUNSEL'S UNEXPECTED RETIEREMENT

**Plaintiff** Eugene Nyambal ("Plaintiff"), PRO SE, respectfully moves to inform the Court that pursuant to the order of 12/2/2021 extending the discovery deadlines, he had initially sent notice to depose Defendant's deponents under Fed. R. Civ. P. 30(a)(1) and DC Local Rule 30.1, as shown in the Notice of Deposition hereafter attached.

However, it appears that Defendant's counsel has retired effective April 1, 2022 without answering Plaintiff's Notice.

In his Motion for Extension of Time to answer the outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2020, Counsel of the Insurance firm representing Defendant sought and obtained the Court's extension of discovery deadlines through April 1, 2022 to depose Plaintiff and his witnesses. However, he never contacted Plaintiff for depositions.

On the other hand, Defendant's counsel retired without providing his list of witnesses after 8 years of litigation on the grounds that he had reached an agreement with one of Plaintiff's former attorneys in October 2018 to be dispensed from making his initial disclosures. Therefore, Plaintiff was not in a position to depose Defendant's witnesses in charge of operating, maintaining and updating the World Bank and IMF's security information management systems that were used for Mr, Nyambal's blacklisting and placement on the "No

Admit Security list" at the World Bank and security officers who denied him access to the World Bank buildings allegedly for security reasons.

Based on the exceptional circumstances represented by the retirement of Defendant's counsel and given the fact that Plaintiff's Notice of deposition was served before the closing of discovery deadlines, Plaintiff can depose Defendant's deponents after the closing of discovery upon an agreement with Defendant's incoming counsel without leave of the court pursuant to FRCP 30(a)(1).

For courtesy and due to Plaintiff's highest respect for the Court, he moves to seek to conduct his initial deposition of Defendant's deponents with leave of the court pursuant to FRCP 30 (a)(2) upon agreeing with Defendant's incoming counsel on the date and time of deposition of their deponents without reopening discovery.

Respectfully submitted,

EUGENE NYAMBAL
PRO SE
Email: enyambal@yahoo.com

**EXHIBIT A: Notice of Deposition Sent to Defendant's Counsel**
**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 1, 2022 a true and correct copy of the foregoing was served email transmission upon the following:

Edward C. Bacon (DC Bar No. 270124)
Richard S. Schrager  (DC Bar No. 349530)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal, PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com

2