Leave to file GRANTED.
/s/_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT
JUDGE
Dated: 4/20/2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EUGENE NYAMBAL**                                        :
                                                         :
      **Plaintiff,**                                     : **Case No. 1:14-cv-01904-EGS**
**v.**                                                    :
**ALLIED BARTON SECURITY SERVICES:**
                                                         :
      **Defendant**                                     :

_____

**SEVENTH MOTION FOR DISQUALIFICATION OF JUDGE EMMET SULLIVAN FOR 8 YEARS OF OBSTRUCTION OF JUSTICE, CONCEALMENT OF COURT DOCUMENTS AND TRANSMISSION OF TRUNCATED AND MISLEADING RECORDS TO COURT OF APPEALS (Appeal No.22-7003 and No.21-7071)**

Plaintiff Eugene Nyambal PRO SE hereby respectfully moves to request disqualification of Judge Emmet Sullivan pursuant to 28 U.S.C.§§455 (a) (b) for his deep-seated bias, a decade of judicial persecution without a trial date in a defamation case with lifetime injuries, loss of career and reputation and the destruction and confiscation of innocent lives of a family with helpless and hungry young American children due to systemic failures of all checks and balance mechanisms in the judiciary and lack of accountability for the judge's repeated and intentional violation of the laws and abuse of power to retaliate, deny access to the court or inflict cruel and inhumane treatment, thus making any fair judgment impossible.

Judge Sullivan has hijacked whistleblower's and his children's lives by denying him justice: (i) more than 12 years after his first injuries in 2009 (a few months after President Obama's first inauguration) when he lost his job for opposing corruption in the IMF's approval of $60 million for a mining project co-sponsored by the Cameroon Government and Geovic Mining a Cayman-Islands-Delaware incorporated junior mining firm that was awarded a 25 year cobalt, nickel, manganese concession with a capital base of $18,000; (ii) 10 years after his case was heard in the US Congress for the adoption of the US Whistleblower Act (2012) for

International Organizations and (iii) 9 years after he was maliciously portrayed as a security threat at the World Bank by Defendant and IMF for opposing corruption.

For the ongoing Appeal No.22-7003, Judge Sullivan arbitrarily refused to docket and adjudicate Plaintiff's first Motion for Sanctions filed on October 8, 2020 and second Motion for sanctions filed in December 2021 for Defendant's failure to comply with the orders of 9/29/2021 and 12/2/2021 compelling him to answer the outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2020. He also extended the discovery deadlines until April 1, 2022 on the grounds that Counsel for the insurance firm representing Defendant "needed this extension to depose plaintiff and his witnesses". In fact, Judge Sullivan's extension of discovery deadlines coincided with the retirement date of Defendant's counsel who retired on April 1, 2022 without making any deposition and supplementing answers to the outstanding discovery requests as alleged by Defendant and Judge Sullivan to justify the extension. He did not even inform Plaintiff that he was retiring at the closing of discovery.

In the meantime, Judge Sullivan continued to shield Defendant from court proceedings, harass Plaintiff and intentionally obstruct justice by refusing to transmit Plaintiff's Motions and evidence to the court of Appeals alongside the orders appealed, retaining proof of payment of Appeals fees to trigger a summary dismissal of Appeal and compelling Plaintiff to pay anew appeals fees for the same order denied twice on two different grounds and appealed by Plaintiff. First, on January 6, 2022. Plaintiff appealed Judge Sullivan's orders denying him leave to file his two Motions for sanctions, for reconsideration and to amend complaint, including the order of January 5, 2022, denying without justification Plaintiff's Motion for Reconsideration ECF 225 of order denying leave to file second Motion for Sanctions and making the documents unavailable to the court with the improper purpose of creating asymmetric docketing information that would

help manipulate the outcome of the case. *Second*, Judge Sullivan promised to transmit the missing documents made unavailable to the court of Appeals on a case by case upon request/ ***Third***, Judge Sullivan sent only the appealed orders to the Court of Appeals without the underlying Motions made unavailable to the Court for appellate review in order to make any appeal impossible. ***Fourth,*** Plaintiff realized that for this appeal and previous appeals, Judge Sullivan had been transmitting truncated, incomplete and misleading records to the Court of Appeals (i.e. orders with the underlying Motions) and requested the docketing of his missing documents, but to no avail. ***Fifth***, on March 6, 2022, Judge Sullivan denied leave to file the same Motion for <u>Reconsideration (ECF 229) "on the grounds that Rule 37</u> sanctions are inapplicable where Plaintiff has not first sought to compel discovery" although this same Motion had <u>already been denied without justification on January 5, 2022 (ECF 225).</u>

<u>When Plaintiff appealed this second order (ECF 229) already appealed under ECF 225) for the same Motion, Judge Sullivan punished him by compelling him to pay new appeal fees ($505) in spite of the pending appeal on the same Motion for which he had already paid appeals fees of $505 that the District court tardily sent to the Court of Appeals to impair the appeal.</u> **Plaintiff is financially and emotionally exhausted for paying appeals fees not on substance but to be granted the fundamental right to file documents in court**. His case was severally reset to discovery after more than $300,000 of legal fees, 3 interlocutory appeals, 2 writs of Mandamus, more than 230 docket entries to create a confusing docket and deter any attorney from representing Plaintiff.

**Judge Sullivan should recuse himself for deep-seated bias stemming from**:

(1)     Violation of human and constitutional rights, malicious, dilatory and retaliatory proceedings by holding a victim of whistleblower retaliation hostage in court without justice or trial date for 8 years with 4 years of discovery and 230 docket entries for a single claim case;

(2)     systematically and arbitrarily denying Plaintiff leave to file 20 Motions since the erroneous and malicious order of 9/19/2019 advising Defendant to comply with LCvR 7(b)(c) and prohibiting him from filing any Motion without leave of the Court except Notice of Appeal only a few months after the start of discovery with the improper purpose of shielding defendant from accountability. As a result, Plaintiff cannot litigate his case because his records and evidence have been made unavailable for dispositive Motions, trial and Appeal.

(3)     Retaliating against Plaintiff by denying him access to the court and refusing to docket and transmit his documents after Plaintiff's filing of six Motions for recusal for manipulation of the docket in favor of defendant (leave to file denied and documents made unavailable to the court because "similar issues raised in Notice of Appeal) and one Ethics Complaint which has also disappeared.

(4)     concealing properly-filed documents and transmitting truncated, incomplete and misleading records to make any credible appeal impossible (i.e. appealed orders transmitted without the underlying Motions and evidence for Appeal No.22-7003 and No.21-7071): denying leave to file two Motions for sanctions and related Motions for Reconsideration ECF 221, 222, 225, 229 filed for Defendant's bad faith discovery and failure to comply with orders of 9/29/2021 and 12/2/2021 compelling him to answer the outstanding requests for admissions and Production of Documents served on May 22 and 25, 2020). These documents (ECF 221, 222, 225) were removed from the annexes of Notice of Appeal before transmission to the USCA.

(5)      acting in bad faith by (i) promising to transmit these missing documents to the Court of Appeals on a case by case basis upon request but; (ii) repeatedly refusing to transmit these case-terminating Motions (ECF 221, 222, 225) alongside the appealed orders for Appeal No.22-7003 and (iii) deceptively transmitting supplemental records on 3/14/2022 (ECF 230) with the full records of order of 9/19/2019 (ECF 230) (i.e. appealed orders and supporting Motions) which are not critical for the outcome of this Appeal No.22-7003 in order to continue to indefinitely delay the resolution of this 8 year-old case. Then the question is: <u>Why would the District court transmit the full records of the order not appealed 9/19/2019 and refuse at least 3 times to docket and transmit the full records of the Motions and orders appealed on 1/6/2022;</u>

(6)      Discriminating against Plaintiff by arbitrarily refusing to docket his Motions for sanctions; extending discovery deadlines to accommodate Defendants with instructions to close discovery by April 1, 2022 and allowing Defendant to answer the outstanding discovery requests by April 15, 2022 (i.e. 15 days after the closing of this 4 year-old discovery on a single claim).

(7)      **Using the "systematic leave to file denied" as a tool to shield Defendant from answering any Motion over the past few years, to clean up the District court's errors and docket in favor of Defendant, to deny Plaintiff due process and suppress his records and evidence for trial and final appeal**. <u>None of the Motions raised in Appeal No.21-7071 for leave to file arbitrarily denied has been docketed to date in the District Court or transmitted to the Court of Appeals as promised.</u> These include Motion for Reconsideration of orders of June 3, 2021, June 12, 2021, August 13, 2021 "denied because there is no error in the orders and no grounds for reconsideration" or three Motions for recusal No.4, 5, 6 "*leave to file denied because similar issues were raised in Plaintiff's Notice of Appeal*" ) For instance, Motion for reconsideration of order of June 3, 2021 has disappeared from the court system alongside the

issues raised (e.g. leave to file amended complaint granted on 1/21/2021 and arbitrarily denied without justification on June 3, 2021; Motion to grant unanswered Motions (ECF 165) denied on June 3, 2021 at 2:31PM only 2 hours after the docketing of Defendant's opposition(ECF 167) at 12.09PM without docketing Plaintiff's reply filed the same day, but has since then disappeared). Motion for Reconsideration of order of August 13, 2021 also made unavailable with similar irregularities. Plaintiff is being denied justice through the "leave to file denied" tool because the Court of Appeals will never have the time and resources to identify 50 missing Motions after 10 years of litigation and over 350 docket entries.

(8)      **Denying Plaintiff justice and due process through a deceptive docketing refusing to use the transparent ECF system in favor of "the informal transmission of records on a case by case to the Court of Appeals upon request"  to create truncated and asymmetric information outside the oversight of the public to clean up the District court's errors or support  predetermined outcomes (e.g. transmission of appealed orders without the underlying Motions to mislead the court of Appeals-see. Appeal No.22-7003 and No.21-7071). The modus operandi is as follows:** (i) intentionally making erroneous and malicious legal opinions in the District Court to justify decisions denying leave to file Motions; (ii) immediately shielding these erroneous rulings from any judicial review by making the documents unavailable to the court for appellate review, dispositive Motions and trial as if they had never existed and (iii) and (iii) transmitting truncated, incomplete and inconsistent information to the Court of Appeals to make it impossible for the Court of Appeals to reconcile inconsistencies between the appealed orders and Motions.

That's how by refusing to transmit the appealed orders and underlying Motions, the district court will make it impossible to reconcile decisions such as ECF 222 "leave to file

**Plaintiff's 2nd Motion for sanctions DENIED** on the grounds that "Rule 37 sanctions are inapplicable where Plaintiff has not first sought to compel discover" and his Motion for Reconsideration ECF 225 showing that second Motion for Sanction s was filed pursuant to Rule 37 and the inherent power of the court for Defendant's failure to comply with the production orders of 9/29/2021 and 12/2/2021, bad faith and concealment of critical documents.

(9)      Giving the impression that Judge Sullivan works hand in hand with counsel for the insurance firm representing Defendant who transferred this case from the DC Superior Court to the US District Court in 2014. Since then, Judge Sullivan has made 230 docket entries with all decisions against Plaintiff. In emails of August 9 and 14, 2019 to Plaintiff's former counsel (see. Memorandum of Plaintiff's first Motion for Sanctions filed on October 8, 2020 and leave to file its Motion for reconsideration still denied to date), while refusing to cooperate in discovery, Insurance Counsel was bragging that he had the backing of Judge Sullivan who had already dismissed the complaint and he could not engage in serious settlement negotiations because Judge Sullivan will eventually dismiss Plaintiff's remaining claim.

On 9/19/2019, judge Sullivan entered a Minute order denying plaintiff's Motion for leave to amend, advised Defendant to comply with LCvR7(b)(c) and prohibited Plaintiff from filing any Motion except Notice of Appeal. As a result, Insurance counsel has no longer been answering Plaintiff's Motions because all leave to filed are denied and documents made unavailable since 2019. When Defendant missed the September 20, 2019 deadline for his expert report, he was granted an extension of time to file based on the false representation that the delays for completing expert report were due to the computer server breakdown of the law firm on 9/19/2021 and 9/23/2021. Plaintiff filed Motion for reconsideration (ECF 148) showing that Counsel had communicated with him during those dates through his business and personal emails. Defendant was allowed to file a tardy response almost 3 months after missing the

deadline by contending on June 1, 2021 that he missed the filing deadlines for having confused docket No.158 entered on Sunday March 21, 2021 and response to No.148 due on May 19, 2021. Once he field his tardy response end of June, 2021, Judge Sullivan denied Plaintiff's Motion and leave to file Motion for reconsideration and made all his documents unavailable to the court because "there was no error in his orders" .

Similarly it is unclear how Judge Sullivan sua sponte entered the order of 5/22/2022 staying discovery only a few hours after Plaintiff had served his 3rd request for Production of Documents on Defendant who had promised not to respond or how on December 6, 2019 Judge Sullivan denied without prejudice all Plaintiff's pending Motions "for the admission of his new counsel" and thereafter denied leave to file all these Motions on January 3, 2020 and thus helping Defendant halt the ongoing settlement negotiations.

(10) **Delaying transmission of filing fees to the Court of Appeals to trigger the dismissal of Plaintiff's Appeal for failure to prosecute.** *In this Appeal No.22-7003*, the material evidence shows that Plaintiff's fees were mailed on February 23, 2022 and allegedly received by the Court on March 1, 2022, but only docketed in the District Court on March 6, 2022. On this basis, the Court of Appeals erroneously dismissed Plaintiff's Appeal on March 1, 2022 for failure to prosecute. *For the related case* (Nyambal v. IMF-Case No.01037), the Court of Appeals' deadline for payment of fees was September 14, 2020. Appellant's payment made on September 11, 2020 was docketed more than a month later on October 15, 2020-Thu 10/15 at 1:06 PM) under the misleading docket date of September 15, 2020) in violation of 18U.S.C§1001 (a). Thereafter, Plaintiff's Appeal was summarily dismissed.

## I. LEGAL STANDARDS FOR DISQUALIFICATION OF US JUDGES

Pursuant to 28 U.S.C. § 455 (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned (*see United States v. Grinnell Corp.*, **384 U.S. 563, 583).** Section 455(b)(1) states, in relevant part, that a judge shall "disqualify himself . . . (1)[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Under Section 455(a), Recusal is required where the court determines that "an informed observer would have a reasonable factual basis for doubting the Judge's impartiality regardless of whether he is in fact impartial or not (*S.E.C. v. Loving Spirit Foundation, Inc*., 392 F.3d 486, 493 (2004) (quoting *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). What matters is not the reality of bias or prejudice, but its appearance." *United States v. Barry,* 961 F.2d 260, 263 (D.C. Cir. 1992).

For § 455(a), the Supreme Court has established the following principle for Judge's recusal under Liteky v. United States, 510 U.S. 540, at 555 (1994): "To sustain [his] burden and compel recusal under Section 455(a) where bias is based on judicial sources, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Tripp v. Executive Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting *Liteky*, 510 U.S. at 555).

## II.    STATEMENT OF FACTS FOR MANIPULATION OF THE DOCKET IN FAVOR OF DEFENDANT IN VIOLATION OF 18 U.S. Code § 1001(a) and Fed.R. App. P 10(a)

**A.    Deep-Seated Bias through Concealment of Properly-Filed Motions and Evidence and Transmission of Incomplete, Truncated and Misleading Records to the Court of Appeals for this Instant Appeal No.22-7003** in violation of Fed.R. App. P 10(a)

On May 20, 2020, Plaintiff informed Defendant that he will be serving him requests for Production of Documents and Admissions, but Defendant promised not to respond.

On May 22, 2020, Plaintiff served Defendant request for Production of Documents; surprisingly the Court *sua sponte* entered an order the same day staying the case and discovery and prohibiting Plaintiff from filing any document without leave to file.

**On June 3, 2020,** Defendant filed a Motion for Protective order to be shielded from answering Plaintiff's requests for Production of Documents and Admissions served on May 22 and 25, 2020

**On September 29, 2021, Magistrate Judge Faruqui entered an order denying Plaintiff's Motion for Sanctions and Denying in part Defendant's Protective order and granting** him a 30-day extension of Time to Answer the outstanding Requests for Production of Documents and Admissions served on May 22 and 25, 2020 ;

<u>**On December 2, 2021 Judge Sullivan entered a Minute order Denying Reconsideration of Order of Magistrate Judge Farooqui of September 29, 2021 denying Plaintiff's first Motion for Sanctions (ECF 132),** Denying in part Defendant's Motion for Protective Order (ECF 110) and granting him a 30-day extension to answer the outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2020:</u>

<u>On **December 2, 2021, Judge Sullivan entered and order Granting Defendant another Extension of Time to Answer by December 15, 2021 the outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2021**. The Court also extended discovery deadlines through April 1, 2022 and </u>instructing the parties to file separate status reports with recommendations for further proceedings by no later than April 15, 2022<u>.</u>

**On December 27, 2021, Judge Sullivan denied leave to file (ECF 221) Plaintiff's Motion for Reconsideration of Orders of December 2, 2021 denying Plaintiff's Motion for Sanctions**, Granting Defendant a second extension of time to answer by December 15, 2021 the

outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2020 (i.e., 20 months ago). The court also stated: "<u>This document is unavailable as the Court denied its filing.</u> "Leave to file DENIED. <u>Plaintiff has provided no legal ground[1] for the Court to reconsider its: 12/2/2021 affirmance of Magistrate Judge Faruquis Memorandum Opinion and Order;</u>

<u>**On January 5, 2020, Judge Sullivan denied leave to file Plaintiff's second Motion for Sanctions and made all the documents unavailable to the court on the following grounds (ECF 222):**</u> LEAVE TO FILE DENIED. <u>This document is unavailable as the Court denied its filing. "Leave to file DENIED.</u> As explained in199 Magistrate Judge Faruqui's Memorandum Opinion and Order and this Courts affirmance of that Order, see Minute Order, Dec. 2, 2021; <u>Rule 37 sanctions are inapplicable where Plaintiff has not first sought to compel discovery"</u>

**On January 6, 2022**, Plaintiff filed a Notice of Appeal for orders (ECF 217, 221, 222) with the following two Annexes for which Judge Sullivan had denied leave to file and made the documents unavailable to the Court: (i) Motion for Reconsideration of first Motion for Sanctions and (ii) second Motion for Sanctions. Plaintiff also sought Interlocutory Appeal for his missing

**On January 7, 2022,** the District Court docketed Plaintiff's Notice of Appeals, but maliciously removed the two annexes previously made unavailable to the court which can help understand how these proceedings are being manipulated to prevent Plaintiff from winning his case (i.e., second Motion for Sanctions under Rule 37 and Inherent power of the court and Motion for Reconsideration of Order of December 2, 2021 denying first Motion for Sanctions).

**On January 9, 2022**, the District Court transferred to the Court of Appeals the following deceptive records: (1) the truncated Notice of Appeal (without the two Motions for Sanctions and Reconsideration attached as annexes), (2) the Order appealed and (3) a truncated, incomplete and

---

[1] Plaintiff's Motion for reconsideration shows that the court erred by denying motion for reconsideration for: there is no allegation and evidence of bad faith discovery such as concealment of document (memorandum and the annexes show bad faith and concealment of security contracts and insurance policy) s, (ii) plaintiff did not consult with defendant (motion shows on page 3-7 emails of consultation from Plaintiff and his former counsel) and (iii) plaintiff did not seek Motion to compel (leave of file Motion to compel denied on January 23, 2020)

misleading docket sheet without the supporting missing Motions and evidence that were made unavailable to the Court by Judge Sullivan with the promise that he will transfer them to USCA on a case by case basis upon request.

**The docket sheet sent to the Court of Appeals includes**: (i) Plaintiff's Motion for Reconsideration of orders of December 2, 3, 2021 that was made unavailable to the Court for leave to file denied; however Judge Sullivan did not transfer Plaintiff's first Motion for Sanctions as well as the Defendant's response and the orders of Magistrate Judge of September 29, 2021 and December 2, 2021 to provide the full information to the Court of Appeals for its review on the merits which will help understand that documents are made unavailable to the court to conceal the repeated manipulation of rulings to alter the outcome in favor of Defendant;

(ii) Plaintiff's cover document for second Motion for sanctions without the supporting Memorandum of law and evidence and;

(iii) Plaintiff's Notice of November 30, 2021 for Defendant's failure to comply with orders of September 29, 2021 and Supplement to Plaintiff's opposition to Motion for Extension of Time to answer Requests for Production of Documents and Admissions served on May 22 and 25, 2020. On December 2. 2021, the Court granted another Extension of time to answer these requests by December 15, 2021 and never considered this Supplemental Notice which was made unavailable to the Court on December 3, 2021 because leave to file was denied.

**This Supplemental Notice is useless for the Court of Appeals because it cannot be reviewed on the merits if it is not transferred with the accompanying documents** such as Plaintiff's Motion for Reconsideration of the order of 9/29/2021 denying in part Defendant's Motion for Protective order and granting Defendant a 30 day extension to answer the outstanding discovery requests of May 2020; Defendant's Motion for another extension of time through

November 14, 2021 after missing the 30 day deadline and Judge Sullivan's order of December 2,

2021 granting Defendant extension to answer by December 15. 2021 which was also missed.

Judge Sullivan granted Defendant a new extension through April 22, 2022 to answer all

outstanding discovery requests and denied leave to file Plaintiff's two Motions for Sanctions.

**B. Pattern of Deep-Seated Bias through Manipulating Docketing to Create a False Narrative and Preclude Appeal by Making Plaintiff's Documents Unavailable to the Court For Appellate Review and Trial and Refusing to Transmit Them to the Court of Appeals alongside the orders appealed**

**1.** **Pattern of Transmission of Truncated and incomplete records (orders without the supporting Motions made unavailable to the Court) for Appeals No.22-7003, No.21-7071 and No.20.7021 making any appellate review impossible in violation of** Fed.R. App. P 10(a)

**(i)** **Transmission of Incomplete records of January 6, 2022-Appeal No.22-7003**

**Appellant's** second Motion for Sanctions and Motion for Reconsideration of order denying first

sanctions were removed from the annexes of the Notice before their transmission to USCA.

**(ii)** **Transmission of Incomplete Records for Appeal No.21-7071-**

On June 29, 2021, Plaintiff filed Interlocutory Appeal for (i) order denying leave to File

Motion to file first amended complaint and leave to file Motion for Reconsideration for the

reasons of May 3, 2019 and September 19, 2019; (ii) order granting Motion to Permit Late filing;

(iii) order to answer ECF 148 Motion to vacate order of September 24, 2019 and Strike Expert

Report by June 18, 2021; (iv) Motion to docket missing documents and (v) order denying Motion

to Grant Conceded Motions (ECF 137 and 159).

A review of the docket sheet to USCA shows that Judge Sullivan severally transferred the

orders and Notices of Appeal without Appellant's Motions that were made unavailable to the

court for "leave to file denied" with the promise to transfer them to the court of Appeals on a

case-by-case basis upon request. The detailed transmission of incomplete docket is as follows:

**(a) Transmission of incomplete records to the Court of Appeals (ECF 176 June 29, 29, 2021**

<u>Judge Sullivan transferred to USCA: (i)</u> Notices of Appeal of orders of June 3, 2021 (denying leave to file various Motions) and June 12, 2021 (denying Motions for recusal) and (ii) the appealed orders.

However, he did not transmit Appellant's Motions for leave to file first amended complaint and Motions for Reconsideration of orders of June 3 and 2021 made unavailable to the court as if they had never existed. <u>Thus the records for Appeals were truncated and incomplete.</u>

(b)   **Transmission of incomplete records to the Court of Appeals (ECF 182-July 12, 2021)**

The District Court transmitted (i) Plaintiff's Amended Notice of Appeal and (ii) Orders Appealed (<u>order of June 12, 2021 ECF 168</u> denying Motions for recusal and <u>order of July 2, 2021</u> ECF 177 denying leave to file Motion for Reconsideration ECF 177 and certification of Minute orders of June 3, 2021 allegedly because "there are no grounds for reconsidering the Court's Minute Orders pursuant to Federal Rule of Civil Procedure 59(e) or 54(b)"

Transmission of records was incomplete because the District Court did not transfer the supporting Motions for which leave to file was denied with the promise to transfer them upon request by the Court of Appeals (e.g. Motion for Recusal of US Judge and Motion for reconsideration of orders of June 3, 2021 made unavailable to the court for leave to file denied). As a result, any credible appellate review of the orders is impossible. This means the records were incomplete for the Interlocutory Appeal No.21-7071.

**© Transmission of incomplete records to the Court of Appeals (ECF 200-October 3, 2021).**

**Plaintiff filed Supplemental Notice of Appeal ECF 200 for orders of September 26, 2021 (ECF 196 and 195):** (i) ECF 196 order denying Motion for Amendment and Certification of order of August 13, 2021 denying Motion to vacate order of September 24, 2021 and strike expert report for misrepresentation Plaintiff's Motion for Amendment and Certification for

Interlocutory Appeal. This document is unavailable as the Court denied its filing. "Leave to file DENIED. <u>There are no grounds amend the Courts Minute Order of August 13, 2021 (ECF 196)</u> and (ii) ECF 195 order of September 26, 2021 denying leave to file Plaintiff's Request to Docket, Adjudicate and Transfer. This document is unavailable as the Court denied its filing. " Leave to file DENIED for the same reason as explained in prior Minute Orders: <u>the Clerk of Courts Office Provides any documents the USCA need they cannot access</u>"

**The Docket transmitted to the US Court of Appeals for ECF 200 was truncated and incomplete because none of the supporting Motions ECF 196 and 195) was attached to the** Supplemental Notice of Appeal. Thus, the Court of Appeals has ruled on the Interlocutory Appeal No.21-7071 without the full record pertaining to Appellant's Motion for reconsideration of order of August 13, 2021 denying Motion to vacate order of 9/24/2019 and strike Defendant's Expert report for misrepresentation. These documents are treated as if they had never been filed.

Judge Sullivan made a legal opinion denying leave to file ECF 196 "because There are no grounds amend the Courts Minute Order of August 13, 2021 (ECF 196)" and justified his systematic refusal to docket at least 15 documents (ECF 195) on the grounds that the Clerk of the District Court will provide access the Court of Appeals any document they cannot access"..

**2.** **<u>Judge Sullivan's should be disqualified for his deep-seated bias using backdated and misleading docket entries to deny Plaintiff's Motions ECF 148 and 165) in his orders of June 3, 2021 and August 13, 2021; denying leave to file Motion for Reconsideration of order of August 13, 2021 on the grounds that there is no error in his orders and making all these documents unavailable to the court for appellate review, dispositive Motions and trial and refusing to transmit them to the Court of Appeals for Appeal No.7071.</u>**

**(i)** **<u>Manipulation of the docket in denying Plaintiff's Motion to Grant Unanswered Motions (ECF 165) shows deep-seated bias that makes any fair judgment impossible</u>**

*On Thursday <u>June 3, 2021 at 12:09 PM</u>, Judge Sullivan <u>backdated</u>* Defendant's Memorandum in Opposition to Motion to Grant Unanswered Motions as Conceded <u>as docketed</u>

on *May 21, 2021-ECF 167*). Plaintiff's Motion (ECF 165) docketed on May 24, 2021 (i.e. 3 days after Plaintiff's opposition ECF 167 supposedly docketed on May 21, 2021).

Plaintiff's Motion that did not materially exist until May 24, 2021-(ECF 165).

**On June 3, 2021 at 2:31PM (i.e. 2 hours after docketing Defendant's opposition**), Judge Sullivan denied Plaintiff's Motion to Grant Unanswered Motions as Conceded (**ECF 170**).

On June 3, 2021, Plaintiff's filed his Reply to Defendant's Opposition, but it was never docketed and has since then disappeared in violation of LCvR 7(d).

*First inconsistency and misrepresentation: Judge Sullivan* intentionally made false representation that defendant's Memorandum was filed on May 21, 2021 when the actual date of docketing this document is June 3, 2021*12:09 PM*. By knowingly and wilfully making this false material representation, Judge Emmet Sullivan has violated 18 U.S. Code §1001 (a)(1)(2)(3).

*Second inconsistency and misrepresentation: Judge Sullivan* docketed Defendant's Memorandum in Opposition on May 21, 2021 (ECF 167) before Plaintiff's Motion to Grant Conceded Motions (May 24, 2021-ECF 165). This means that Defendant responded on May 21, 2021 (*ECF 167*) to Plaintiff's Motion that did not materially exist until May 24, 2021-(ECF 165). By knowingly and wilfully making this false representation, Judge Emmet Sullivan has violated 18 U.S. Code §1001 (a)(1)(2)(3).

*Third inconsistency and misrepresentation*: Judge Sullivan made the false representation that Defendant filed his Opposition Memorandum *(ECF 167) on May 21, 2021 and the Court denied Plaintiff's Motion two weeks later on June 3, 2021 (ECF 170) when in reality* it took only 2 hours for the court to docket Defendant's opposition at 12:09PM (ECF 167) and enter the order denying Plaintiff's Motion at 2:31PM (ECF 170) on June 3, 2021.

**(i)     Manipulation of the docket in denying Plaintiff's Motion to vacate order and strike Defendant's expert report for misrepresentation (ECF 148) shows deep-seated bias that**

**makes any fair judgment impossible**

**O**n March 5, 2021, the Court granted Plaintiff's leave to file Motion to vacate order of 9/24/2019 and Strike Defendant's Expert Report for misrepresentation.

Defendant's opposition was due by 3/19/2021 but he missed the deadline.

On Sunday March 21, 2021 at 6:20PM, the Court entered an order (ECF 158) denying Plaintiff's Motion for Inquiry of missing documents under the backdated docket of 3/16/2021.

On June 1, 2021, Defendant alleged that he missed the 3/19/2021 filing deadline for ECF 148 because he misunderstood the order of ECF 158 entered on Sunday 3/21/2021 (i.e. 2 days after the ECF 148 deadline). Although Defendant was already late by 75 days, he was permitted to file his response by June 18, 2021[2].

Judge Sullivan should have treated Plaintiff's Motion as conceded in the order of June 3, 2021 for Defendant's failure to respond ((see. Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia, 819 F.3d 471, 476 (D.C. Cir. 2016) and his multiple misrepresentations.

On June 16, 2021, Defendant filed his tardy response. Plaintiff replied on June 19, 2021

On 8/13/2021, Plaintiff's Motion to Vacate order of 9/24/2019 and Strike Defendant's Expert Report for misrepresentation was denied on the grounds that he had failed to demonstrate a clear error of law in the first order. His documents were made unavailable to the court.

Substantially, Defendant's Motion for Extension of Time to File Expert report was filed on 9/24/2019 at 12:15 PM and granted the same day at 09/24 5:46 PM (ECF71) despite the fact that: (i) Defendant's counsel filed a false certificate of service on September 24. 2019 contending that Motion had been served on Plaintiff and (ii) he falsely alleged that he did not timely file expert report for the law firm's server breakdown on September 19 and 23, 2019.

---

[2] Judge Sullivan denied Plaintiff's Motion for Reconsideration in the related IMF case on the grounds that "Motions can be denied for being tardy by one day".

The material evidence shows that: (1) Plaintiff was not served when the Court granted Defendant's Motion on 9/24/2019 and; (2) the email evidence shows that Defendant's counsel made false representation about the reasons of the Expert Report delays because he had communicated with Plaintiff through his personal and business emails on 9/19 and 23/2019.

Judge Sullivan had erected roadblocks for almost 2 years before granting Plaintiff's leave to file this Motion on March 5, 2021. It was initially filed on November 12, 2019, fully briefed and denied without prejudice on 12/6/2019 "for the admission of Plaintiff's new counsel". It was refiled on 2/20/2020 as instructed by the scheduling order of 1/23/2020, but was never docketed.

**C. Judge Sullivan Should Recuse himself for Deep-seated bias, Malicious Denial of Due Process Rights and "Systematically Putting Plaintiff's 20 Motions and Evidence in the Trash" for 3 years based on the erroneous, groundless and malicious order of 9/19/2019 advising Defendant to comply with LCvR 7(b)(c) and prohibiting Plaintiff from filing any Motion except Notice of Appeal only a few months after the start of discovery with the improper purpose to shield Defendant's insurance firm and indefinitely delay the resolution of this case**

**1.    Judge Sullivan should be disqualified for Malicious, Contradictory Arguments and Threats to deny Plaintiff access to the Court, Prohibit him from filing Motions for 3 years in violation of his for due process rights under the 5th amendment and Fed.R.App. P 10(a)**

i.   First, the Minute order of 9/19/2019 denying Plaintiff's leave to first amended complaint was legally deficient because on the one hand, Defendant's opposition cited no authority and had no proposed order in violation of LCvR7(b)(c) and the Court advised Defendant and on the other hand Plaintiff's amended complaint was supported by discovery evidence (World Bank security contract) showing that Defendant was liable because he was in charge of operating, maintaining and updating World Bank's physical and electronic information management security systems

   **MINUTE ORDER-Sept 19,2019 denying65 Plaintiff's Motion for Leave to Amended Complaint:**
   On May 3, 2019, the Court denied Mr. Nyambal's motion for leave to file an amended complaint. Undeterred, Mr. Nyambal moves for the Court's permission to file an amended complaint. For the reasons stated in the Court's Minute Order of May 3, 2019 and substantially for the reasons stated in AlliedBarton's memorandum in opposition, Mr. Nyambal's pro se motion is DENIED.

   It is FURTHER ORDERED that Mr. Nyambal must seek leave of the Court for all future filings until he retains an attorney. See Hollis-Arrington v. Fannie Mae, No. 04-5068 2004 WL 2595891, at *1 (D.C. Cir. Nov. 15, 2004) (district court did not abuse its discretion in

ordering that (1) plaintiff shall "file nothing further in relation to this case without leave of Court, other than a notice of appeal," and (2) "any filings [plaintiff] attempts to make without leave of Court shall be deemed vexatious litigation and sanctioned accordingly."). The Court declines to order Mr. Nyambal to pay Allied Barton's attorneys' fees and costs incurred in responding to the pro se motion, see Def.'s Opp'n, ECF No.66 at 3, and the Court reminds AlliedBarton of its obligation to file a proposed order with any opposition brief, see LCvR 7(c). The Clerk of Court is directed to mail a copy of this Order to Mr. Nyambal. Signed by Judge Emmet G. Sullivan on 9/19/2019

ii.   **Second**, in his order of June 12, 2022 denying Plaintiff's Motion for recusal **(see. ECF 168-part E-Claims for Refusing to Docket Filings)**, **Judge Sullivan denied refusing to docket Plaintiff's documents in the following terms:**

> "Mr. Nyambal claims throughout his motions and the supplement that the Court has refused to docket certain filings that he has submitted, and complains about the time lag from when he has submitted a document and when it has been docketed.*See generally* ECF Nos. 112, 131, 137, 159. He also claims that the Court violated the third scheduling order by not docketing his filings. *See* ECF No. 159 at 3-5.
>
> To the extent Mr. Nyambal believes that documents are missing from the docket, he may submit a motion for leave to file with the specific documents attached"

iii.   **Third**, when Plaintiff requested the docketing of his missing Motions for purposes of Appeal, as instructed by the order of June 12, 2021, Judge Sullivan entered an order on 2/22/2022 refusing to docket his Motions and evidence and threatening him to CEASE requesting that documents be docketed "because these documents can be made available to the Court of Appeals for the District of Columbia Circuit if requested"

iv.   **Fourth,** when Plaintiff filed his Appeal No.22-7003 and No.21-7071, Judge Sullivan refused to transmit the appealed orders to the Court of Appeals and refused to send the supporting Motions made unavailable to the Court.

2. **The following Documents are missing in violation of Plaintiff's due process rights under the Due Process Clause of the US Constitution and Fed.R. App. P 10(a):**

i.   Second Motion for Sanctions filed on December 28, 2021 for Defendant's failure to comply with the production orders of September 29, 2021 and December 2, 2021, bad faith and concealment of discovery documents.

ii.   **Motion for Reconsideration of Orders of December 2, 2021 denying:** (1) Plaintiff's first Motion for Sanctions filed in 2020 on the ground that there was no evidence and no

allegation of Defendant's egregious conduct such as concealment of documents and there is no evidence that Plaintiff sought a prior Motion to compel; (2) granting Defendant a 30 day extension to answer by October 29, 2021 the outstanding requests for Production of Documents and Admissions and (3) granting Defendant an extension of time to answer by December 15, 2021 the outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2020. <u>This document is unavailable as the Court denied its filing. "LEAVE TO FILE DENIED on the grounds that "Plaintiff has provided no legal ground for the Court to reconsider its: 12/2/2021 affirmance of Magistrate Judge Faruquis Memorandum Opinion and Order; 12/20/21 Minute Order granting 208 motion for extension of time to respond to discovery requests"</u>

iii.   Motion for leave to file first Amended complaint filed January 4, 2022 updating the complaint based on new evidence from Defendant's misrepresentation and deficient responses to requests for production of documents and Admissions.

iv.   Motion for LEAVE TO FILE <u>first Motion to amend complaint</u> whimsically DENIED on June 3, 2021 (ECF 170) after having been GRANTED on January 22, 2021 (ECF 138)[3]. The court has contradicted itself in these two rulings.

v.   Motion for leave to file <u>Motion for Reconsideration OF THE ORDERS OF June 3</u>, 2021 "LEAVE TO FILE DENIED on July 12, 2021 because "there are no grounds for reconsidering the Court's Minute Orders pursuant to Federal Rule of Civil Procedure 59(e) or 54(b)[4]. Furthermore, there are no grounds for invoking 28 U.S.C. 28 U.S.C. Section 1292(b) with regard to the Court's Minute Orders"-ECF 177

vi.   <u>Motion for leave to file PETITION FOR CERTIFICATION of Order of June 3</u>, 2021 DENIED on July 12, 2021 for the reasons mentioned above". ECF178

vii.   <u>Request to Clarify Orders, Docket and Adjudicate Missing Motions for Interlocutory Appeal</u>-LEAVE TO FILE DENIED on 7/21/2021 (ECF 186)

viii.   <u>Motion for Leave to File Motion for Reconsideration of Minute Order of June 12, 2021 Denying Plaintiff's three Motions for Recusal of US Judge- LEAVE TO FILE DENIED on 07/21/2021 (Motion Filed on 7/9/2021</u> (ECF 184).

ix.   Motion for Leave to File DENIED (ECF 193) -Plaintiff's Request to Transfer the Full and Complete Record to the Court of Appeals for Interlocutory Appeal Pursuant to Federal Appellate Rule 10(a)(1); Filed on August 2, 2021 and DENIED <u>on 8/16/2021</u>

x.   <u>Motion for Leave to File Plaintiff's fourth Motion for Recusal of US Judge</u> For Manipulation of the Docket with Backdatings and Misleading Entries in Favor of Defendant to Prolong Seven Years of Deep-Seated Antagonism and Judicial Persecution;

---

[3] Plaintiff never allowed to amend complaint since the start of this action in 2014 after 5 unsuccessful attempts

[4] denying plaintiff's Motion without docketing his reply is clear error under FRCP 54(b) and 59(e)

filed on August 12, 2021, DENIED (ECF 194) on August 16, 2021 with docket entry of August 26, 2021. "Leave to file DENIED. Plaintiff has filed A Notice of Appeal of the Court's denial of his three prior motions for recusal and he has raised similar issues in that Notice"

xi.   Motion for Leave to file Plaintiff's Fifth Motion for Recusal of US Judge for Manipulation of the docket and denial of access to the Court by systematically denying "leave to file" any document filed on September 16, 2021.

xii.  Plaintiff's Request to Docket, Adjudicate and Transfer Documents to the Court of Appeals (ECF 195) LEAVE TO FILE DENIED ON 9/26/2021 for the same reason as explained in prior Minute Orders: the Clerk of Courts Office Provides any documents the USCA need they cannot access/ Filed on August 31, 2021

xiii. Plaintiff's Motion for Amendment and Certification for Interlocutory Appeal of the Minute Order of August 13, 2021 (ECF 196)-LEAVE TO FILE DENIED ON SEPTEMBER 26, 2021 on the ground that "This document is unavailable as the Court denied its filing because "There are no grounds amend the Courts Minute Order of August 13, 2021[5]"; Filed August 20, 2021.

xiv.  Plaintiff's Motion to Transfer Full Record to the Court of Appeals-LEAVE TO FILE DENIED on August 16, 2021 (ECF 193). Motion filed on August 2, 2021.

xv.   Plaintiff's Sixth Motion to Recuse US Judge filed on September 30, 2021

xvi.  Motion to Docket all missing Motions or dismiss the case for Appeal, filed October 5, 2021, Leave to File DENIED

## III. JUDGE SULLIVAN SHOULD BE DISQUALIFIED FOR VIOLATION OF THE STATUTES AND CANONS

### A. Judge Sullivan Should be Disqualified for deep-seated antagonism toward Plaintiff through the systematic refusal to docket and adjudicate his documents for several years in violation of his Ministerial duty; thus making any fair judgment impossible

The docketing of filed documents is a ministerial act that the Office of the Clerk is obligated to perform. (See Ray v. United States, 57 S. Ct. 700, 301 U.S. 158 (U.S. 04/26/1937). The performance of this ministerial act whose can be compelled by writ of Mandamus (Snyder v. Nolen, 380 F.3d 279 (7th Circuit, 08/13/2004). This ministerial duty is reflected in case law and

---

[5] Leave to file cannot be denied on the arbitrary ground that there is no error in the judge Order when the material evidence shows that the Judge made backdates and misleading docket entries to bail out Defendant and deny Plaintiff's Motion (ECF 148)

the Code of Conduct of United States Judges, which provides in Canon 3 (A) (2): "A judge should hear and decide matters assigned, unless disqualified…"For proper administration of justice, "the duty of the clerk is to make sure that his records correctly represent the proceedings in the case." (Wetmore v. Karrick, 27 S. Ct. 434, 205 U.S. 141 (U.S. 03/11/1907). Failing to file documents presented and reflect the documents on the docket is a failure to perform the ministerial duties of the Court. The clerk of a court, like the Recorder is required to accept documents filed. It is not incumbent upon him to judicially determine the legal significance of the tendered documents (Daniel K. Mayers Et Al., v. Peter S. Ridley Et Al. No. 71-1418 (06/30/1972, United States Court of Appeals for the DC Circuit.) [emphasis added.]. Thus, the courts treatment of Petitioner's filings is not proper administration of justice. Thus, Plaintiff's Motion for Recusal Should Be Granted.

**B.      Plaintiff's Motion for Recusal Should Be Granted because Judge Sullivan's egregious bias and Hostility toward Plaintiff gives the impression to any reasonable person that he would be unable to render a fair judgment**

Disqualification is required when a judge either becomes or even seems to be an active participant in the litigation Burton v. Am. Cyanamid, 690 F. Supp. 2d 757, 764 (E.D. Wis. 2010); also see.Whitaker v. McLean, 73 App.D.C. 259, 118 F.2d 596 (1941) holding: "[i]f, before a case is over, a judge's bias appears to have become overpowering, we think it disqualifies him".

**Judge Sullivan has failed the Supreme Court test setting that "justice must satisfy the appearance of justice" by manipulating the docket and denying Plaintiff's due process rights. (see**." Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954). "Any tribunal permitted by law to try cases and controversies not only must be unbiased but also must

avoid even the appearance of bias." (see. Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 148, 150, 89 S.Ct. 337, 340, 21 L.Ed.2d 301 (1968) (emphasis in original).

The DC Circuit adopted the appearance of bias test, and also placed this requirement on a constitutional level. In Cinderella Career and Finishing Schools, Inc. v. FTC, 138 U.S.App.D.C. 152, 160, 425 F.2d 583, 591 (1970), the court remarked that administrative hearings "must be attended, not only with every element of fairness but with the very appearance of complete fairness.". Judge Sullivan should recuse himself for his judicial proceedings are tainted by the appearance of deep-seated bias toward Plaintiff (see In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) holding: In addition to pure legal theory, there are several pragmatic advantages to the appearance of bias test. First, a defendant, and the public generally, not only legitimately expects but deserves a judicial process untainted by even the appearance of bias; continued confidence in the judiciary in large measure rests upon the fulfillment of that expectation.

### C. Judge Sullivan Should Recuse Himself for Repeatedly Violating Plaintiff's Due Process Rights

### 1. The Court Has Violated plaintiff's Procedural Due Process Rights

The Fifth Amendment Due Process Clause protects individuals from deprivations of "life, liberty, or property, without due process of law." U.S.Const. amend. V. A procedural due process violation occurs when: (1) an official deprives an individual of a liberty or property interest (2) without providing appropriate procedural due process of law. ." *Lightfoot v. Dist. of Columbia*, 273 F.R.D. 314, 319 (D.D.C.2011) (citing *Propert v. Dist. Of Columbia*, 948 F.2d 1327, 1331 (D.C.Cir.1991)) also . Liberty interests may either be located in the Constitution itself or "may arise from an expectation or interest created by state laws or policies." [A] fundamental requirement of due process is the opportunity to be heard . . . at a meaningful time and in a

meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (internal quotation marks and citation omitted). " In this instant case, the facts show that Judge Sullivan's conduct violated Plaintiff's statutory or constitutional due process right under the 5th Amendment by depriving him of the right to be heard, denying him the right to file documents in preparation of the trial and making his documents unavailable for any proceeding or Appellate court's review.

**2.      The Court Has Violated Plaintiff's Substantive Due Process Rights**

The DC Circuit has stated that "[s]ubstantive due process prevents governmental power from being used for purposes of oppression, or abuse of government power that shocks the conscience, or action that is legally irrational [in that] it is not sufficiently keyed to any legitimate state interests." *Wash. Teachers' Union Local No. 6 v. Bd.of Educ. of Dist. of Columbia,* 109 F.3d 774, 781 (D.C.Cir.1997) (citation and quotations omitted). And in order to state a substantive due process claim, a plaintiff must include allegations of the deprivation of a right by the government or by government officials. *Id.* A substantive due process violation occurs when the behavior ... [was] so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience." *AFGE I,* 689 F.Supp.2d at 36 (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). The  behavior should be 'an act of grave unfairness,' such as 'a deliberate flouting of the law' ..." *AFGE, AFL–CIO, Local 2798 v. Pope,* 808 F.Supp.2d 99, 111 (D.D.C.2011) (quoting in part *Am. Fed'n of Gov't Emps., AFL–CIO, Local 446 v. Nicholson,* 475 F.3d 341, 353 (D.C.Cir.2007)).

This is a defamation case.  Plaintiff's career and reputation were destroyed ten years ago for being portrayed as a security threat. He cannot work to support his family. Plaintiff and his family have suffered and continue to suffer financial and emotional damages. Depriving Plaintiff

access to the court since 2019, making his documents unavailable and indefinitely postponing the resolution of this 8 year-old case is abuse of power and oppression that can shock any reasonable individual.

**Judge Sullivan has violated Plaintiff's due process rights by refusing to docket and adjudicate his Motions** (see. Cleveland Board of Education v. Loudermill, 470 U.S. 532 at 546 (1985) holding that "<u>The essential requirements of due process are, notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.</u>

### D.  Judge Sullivan has violated Canon 2 and 3 of Code of Conduct of US Judges
### Violations of Canon Two

Canon 2 of the Code of Conduct for United States Judges provides that "a judge should avoid impropriety and the appearance of impropriety in all activities." (Emphasis added.) Canon 2A is entitled "Respect for Law." It provides that "A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." This rule is "critical—the judiciary's ability to decide cases efficiently and effectively would be severely impaired, and public confidence in the courts would be undermined, if litigants had reason to suspect judicial bias. To perform its high function in the best way "justice must satisfy the appearance of justice".

The Commentary to Canon 2A provides in relevant part: "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by improper or appearance of improper professional or personal conduct by judges.

Plaintiff submits that Judge Sullivan's repeated violations of the law and Plaintiff's due process rights as well as his manipulation of the docket in favor of Defendant constitutes extreme impropriety and the appearance of impropriety that violate Canons 2 and 2A.

Plaintiff further submits that any "reasonable mind" would conclude that Judge Sullivan's "integrity, impartiality, temperament, [and] fitness to continue to serve as a judge in this case" are "impaired" by his deep-seated bias toward Plaintiff which demonstrates that his "impropriety" and "appearance of impropriety" are obvious. Thus he has failed to "act at all times in a manner that promotes public confidence in the . . . impartiality of the judiciary.

**Violations of Canon Three**

Canon 3(A)(4) of the Code of Conduct of United States Judges provides that "A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law…". Canon 3(A)(5) states: "A judge should dispose promptly of the business of the court" and the Commentary of Canon 3(A)(5) of the Code of Conduct of United States Judges adds: "In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs".

The conduct of Judge Sullivan, described above violates Canon 3 because it shows a dramatic and appalling lack of "fairness" and "impartiality" and failure to respect for the "fundamental right to be heard" enshrined in the US Constitution and the statutory obligation for a swift, fair and timely resolution of litigations. He has used his judicial power for retaliation, cruel and inhumane treatment and the destruction of innocent lives through endless proceedings.

Thus, Judge Sullivan has forfeited the obligation to perform the duties of his office fairly, impartially and diligently under Canon 3 (A) of the Code of Conduct for US Judges. He should disqualify under Canon 3 (C) and §§ 455(a), 455(b)(1) to restore public trust in the integrity, fairness and credibility of the judicial process.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully asks Judge Sullivan to recuse himself to allow the case to be assigned to another Judge for further proceedings.

Respectfully submitted

_____

Eugene Nyambal, PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com

**Exhibit 1**: Complaint for Transfer of Incomplete records to the Court of Appeals for Appeal No.22-7003 filed in the District Court

**Exhibit 2:** Truncated Records for Appeal No.22-7003 (orders transmitted to US Court of Appeals without Plaintiff's Motions and evidence made unavailable to the Court in the District Court with the Promise to transmit them on a case by case upon request

**Exhibit 3:** Truncated records to US Court of Appeals for Appeal No.21-7071 of June 29, 2021 (orders transmitted without the Motions made unavailable to the Court (e.g. Motions for Reconsideration of orders of June 3, 12 and August 13, 2021).

**Exhibit 4:** Excerpts of the Docket With Misleading Entries (Case No. 1904) and Appeal No.21-7071-

**Exhibit 5:** Excerpts of the Docket With Misleading Entries (IMF Case No. 01037)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFIE that on the 5th day of April 2022, a copy of the foregoing was served electronically on:

Edward C. Bacon (DC Bar No. 270124)

Richard S. Schrager  (DC Bar No. 349530)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com