# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EUGENE NYAMBAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:14-cv-01904-EGS |
| | ) | **Honorable Judge Emmet. G. Sullivan** |
| ALLIEDBARTON SECURITY | ) | |
| SERVICES, LLC, | ) | Appeal No.22-7003 |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL NOTICE OF APPEAL OF ORDER OF ORDER (ECF 235) OF 4/20/2022 DENYING PLAINTIFF'S LEAVE TO FILE MOTION FOR RECONSIDERATION AND OPPOSITION TO THE ORDER GRANTING HIM LEAVE TO FILE MOTION TO REOPEN DISCOVERY NEVER REQUESTED BY PLAINTIFF OR DEFENDANT AND GRANTING DEFENDANT EXTENSION OF TIME TO FILE STATUS REPORT BY APRIL 22, 2022**

**Notice is hereby given this 21ST day of April 2022, that Plaintiff Eugene NYAMBAL hereby moves *this Honorable Court to appeal* the order of 4/20/2022 (ECF 235)** denying Plaintiff's leave to file Motion for Reconsideration and opposition of the order of 4/6/2022 (ECF 233) reopening discovery and making all his documents unavailable to the Court for appellate review and trial.

The appealed order (ECF235) denying leave to file Motion to reconsider order (ECF 233) states:

"LEAVE TO FILE DENIED- Opposition/Request To Reconsider submitted by Plaintiff. This document is unavailable as the Court denied its filing. "Pursuant to the Scheduling Order entered on December 2, 2021, discovery in this case concluded on April 1, 2022. On April 5, 2022, the Court granted leave to file Mr. Nyambal's Request to Depose Defendants Witnesses After the Closing of Discovery for Defendants Counsels Unexpected Retirement. See ECF No. 233.

The Court construed this notice as a motion to re-open discovery so that Mr. Nyambal could conduct these depositions. Mr. Nyambal is informed that in order to conduct these depositions, discovery needs to be reopened because depositions are part of the discovery process" Signed by Judge Emmet G. Sullivan on 04/20/2022. (zjf)".

Order ECF 235 granting Defendant extension of Deadlines to file status report by 4/22/2022. (zacr)

The order ECF 233 of 4/6/2022 granting leave to file Motion to Extend Discovery that was never requested by Plaintiff states:

"MOTION for Leave to File Motion to Extend Discovery by EUGENE NYAMBAL. "Leave to file GRANTED. The Court construes this motion a Motion for Leave to File Motion to Extend Discovery" Signed by Emmet G. Sullivan, U.S.D.J. on 04/05/2022 (zjf)"

**On December 2, 2021**, after failing to answer the outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2020, Defendant was granted extension of time to answer these requests by no later than April 1, 2022 on the grounds that: "AlliedBarton states that it intends to depose Mr. Nyambal and several witnesses and requests that discovery remain open for at least 120 days from the entry of any order by the Court. ECF No. 205".

**On April 1, 2022,** Defendant's attorney retired without Notice, never sent Plaintiff any request for deposition and failed to answer the outstanding discovery requests and never filed his status report by April 15, 2022 as instructed by the orders of December 2 and 3, 2021. Because Defendant engaged in bad faith discovery, the court will prejudice Plaintiff by reopening discovery to reward his dilatory tactics.

The Court abused its discretion by sua sponte reopening discovery because there is no request from Defendant and this extension of deadlines is opposed by Plaintiff and it does not meet the requirements of Rule 16(b)(4) governing a request to reopen discovery and establishes that the Court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4) Relevant factors include: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court ; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court ; and (6) the likelihood that discovery will lead to relevant evidence." *In re Rail Freight Fuel Surcharge Antitrust Litig*., 281 F.R.D. 12, 14 (D.D.C. 2011) (internal quotation marks omitted).

Reopening discovery for Defendant's repeated failures to comply with court orders, bad faith discovery have prejudiced Plaintiff by delaying discovery, dispositive Motions and the resolution of this case: "[a] litigant's failure to abide by discovery deadlines is prejudicial *when it prevents the opposing party from timely reviewing relevant evidence*." 312 F.R.D. at 226 (emphasis added) (citing

*Moore v. Napolitano*, 723 F. Supp. 2d 167, 181-82 (D.D.C. 2010); *Klayman v. Judicial Watch, Inc.*, 256 F.R.D. 258, 262 (D.D.C. 2009)).

Because Defendant has failed to provide his list of witnesses after 8 years of litigation and almost 4 years of discovery and was timely served before the April 1, 2022 deadline for the closing of discovery, a Notice to depose two former Allied Barton employees and that he still has not answered this Notice, this Court cannot reopen the entire discovery for the purpose to accommodate Defendant's failures. In the absence of witness list, deposition of two former staff will not add significant information at this stage and will create further delays.

**THE COURT'S REPEATED EXTENSIONS AND REOPENING OF DISCOVERY AFTER THE RFETIREMENT OF DEFENDANT'S COUNSEL WITHOUT COMPLYING WITH THE ORDERS OF DECEMBER 2 AND 3, 2021 COMPELLING HIM TO ANSWER BY 4/1/2022 ALL OUTSTANDING DOSCOVERY REQUESTS SERVED ON MAY 22 AND 25, 2020 AND WITHOUT FILING STATUS REPORT BY 4/15/2022 AS INSTRUCTED BY ORDER OF 12/3/2021**

**On 9/29/2021,** Defendant was granted a 30-day extension after failing to answer the outstanding requests for Production of Documents and Admissions served on May 22 and 25, 2020. For failing to meet the deadline, he requested another 15-day extension.

**On 12/2/2021**, the Court granted Defendant an extension of time to answer all outstanding discovery requests and close discovery by no later than April 1, 2022. However Defendant was allowed to answer by no later than 4/15/20 (i.e. 15 days after the closing of discovery).

**On April 1 and 15, 2022**, Defendant failed to answer the outstanding discovery requests and file a status report in violation of the orders of December 2 and 3, 2021

**On April 20, 2022**, the Court granted Defendant another extension of time to file status report by April 22, 2022

**On April 20, 2022**, Judge Sullivan granted Plaintiff leave to file status report (ECF 236)  filed on 4/15/2022 pursuant to the order of 12/2/2021 instructing the parties to file separate status reports by no later than April 15, 2022.

**On April 20, 2022,** Judge Sullivan denied leave to file Plaintiff's Motion for reconsideration

of order (ECF 235) reopening discovery and request to reconsider order granting Motion for leave to

File Motion to Extend Discovery (ECF 233) on the grounds that:

> "Pursuant to the Scheduling Order entered on December 2, 2021, discovery in this case concluded
> on April 1, 2022. On April 5, 2022, the Court granted leave to file Mr. Nyambals Request to Depose
> Defendants Witnesses After the Closing of Discovery for Defendants Counsels Unexpected
> Retirement. See ECF No. 233. The Court construed this notice as a motion to re-open discovery so
> that Mr. Nyambal could conduct these depositions. Mr. Nyambal is informed that in order to conduct
> these depositions, discovery needs to be reopened because depositions are part of the discovery
> process" Signed by Judge Emmet G. Sullivan on 04/20/2022. (zjf)

Plaintiff prays the court to reverse this extension of discovery deadlines and maintain the April

1, 2022 deadline or narrow the scope of the extension to the deposition of the three former staff

members identified in the Notice of Deposition served before the closing of discovery.

Respectfully submitted,

EUGENE NYAMBAL
PRO SE
Email: enyambal@yahoo.com

**Attachments: Motion of opposition and Reconsideration of order ECF 233 Granting Plaintiff
Motion to extend discovery that was never requested by Plaintiff and Defendant**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this April 21, 2022 a true and correct copy of the foregoing
was served email transmission upon the following:

Edward C. Bacon (DC Bar No. 270124)
Richard S. Schrager  (DC Bar No. 349530)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
rschrager@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal, PRO SE
C/o Christine TAMBI

9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com