# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL, | ) |
|     Plaintiff, | ) |
|         v. | )   Case No.: 1:14-cv-01904-EGS |
| ALLIED BARTON SECURITY | ) |
| SERVICES, LLC, | ) |
|     Defendant. | ) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORIES**

Now comes the Plaintiff, Eugene Nyambal, PRO SE, hereby provides supplementary answers to Interrogatories propounded upon him by Defendant Allied Barton Security ("Allied Universal") as follows:

On August 20, 2019, Defendant requested Plaintiff to provide the name and address of his ex-wife (Interrogatory No. 1) which Plaintiff had deemed irrelevant to the merit of this case. Defendant also asked Plaintiff to supplement Interrogatories No.9, 16, 17, 22 and 23 and provide the correct name and address for Virginia Hospital Center and Arlington Behavioral Services, identified in the answer to Interrogatory No. 11. Defendant finally asks Plaintiff to provide full and complete answers to these Interrogatories under oath.

    a. The information supplied in these Responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, and attorneys unless privileged.

    b. The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers, and thus does not necessarily purport to be the precise language of the executing party.

    c. The information contained in these Responses is being provided in accordance with the provisions and intent of the Rules of this Court, which require the disclosure of facts which may be relevant, or which may lead to the discovery of relevant information. Accordingly, the party answering these Responses, by providing the information requested, does not

waive any right to provide further clarification on grounds of materiality, relevancy, or other proper grounds.

d. These Responses are continuing in nature to the extent required by the Rules of this Court.

e. Each objection contained in the following general objections is hereby incorporated into each one of Plaintiff's Responses. The following General Objections are hereby incorporated by reference into the individual responses to the Interrogatories, and have the same force and effect as if fully set forth in the responses to the Interrogatories. Plaintiff objects as follows:

1. Plaintiff objects to the Interrogatories to the extent that they seek information that is not relevant to the subject matter of this proceeding or is not reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to the Interrogatories as improper and unduly burdensome to the extent that they purport to impose upon Plaintiff any obligations or requirements broader than those set forth in the Federal Rules of Civil Procedure or rules otherwise applicable to this matter.

3. Plaintiff objects to the Interrogatories to the extent that they call for information that is a matter of public record or otherwise routinely available to all parties.

4. Plaintiff objects to the Interrogatories to the extent that they are duplicative or designed to harass.

5. Plaintiff objects to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Inadvertent disclosure of any

such privileged information shall not constitute a waiver of any applicable privilege or any other ground for objecting to discovery with respect to such privileged information.

6. Plaintiff objects to the Interrogatories to the extent that they seek information regarding documents or materials that are not in Plaintiff's possession, custody, or control.

7. Plaintiff objects to the Interrogatories to the extent that they state a legal conclusion, or assume or appear to assume that any fact, event, or assumption is true. By responding to any such Interrogatory, Plaintiff does not concede the correctness of any such conclusion or assumption.

8. In responding to the Interrogatories, Plaintiff does not concede that any of the information provided is relevant or material to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff reserves the right to object to the admissibility at trial of any of the information produced in response to the Interrogatories.

**SPECIFIC RESPONSES TO SUPPLEMENT PLAINTIFF'S INTERROGATORIES AS REQUESTED BY DEFENDANT**

**Interrogatory No. 1.** Provide the name and address of your ex-spouse

**ANSWER:**   Eugene Nyambal
Date of birth: October 8, 1962

Plaintiff's ex-wife: Modeste BALENG, remarried and now lives with her new family in the State of Maryland, probably in Montgomery County. Her new address where she lives with her husband is unknown to Plaintiff.

**Interrogatory No. 9.** State with particularity any and all statements or writings made or produced by the Defendant involving you which you allege were defamatory in nature. For each, provide the date such statement or writing was made/produced, and identify the individual(s) who made/produced such statement in writing, to whom was made/produced, and any others who witnessed such statement or writing.

3

**ANSWER:** Plaintiff refers this Defendant to his Complaint and Amended complaint recently filed in court and incorporates such complaints as though fully set forth herein. Defendant's agents who have denied Mr. Nyambal access to the World Bank in July and October 2013 have designated him as a security threat and they have reported to the World Bank that Nyambal was a security threat. Such a designation of Mr. Nyambal is defamation per se. Given the fact that Defendant has refused to produce the requested discovery documents, including the names, titles and contacts of his agents involved in the blacklisting and denial of access incidents at the World Bank and IMF, as well as the list of witnesses, verbal and written communications between the IMF and Work Bank security units and within the World bank security unit, the names of Allied Barton agents in charge of operating, maintaining and updating the security databases and websites and the organization chart of the corporate security office, Plaintiff is unable to answer the rest of the sentence.

**Interrogatory No. 16.** Identify fully and completely each communication or statement made by any representative, agent, servant, or employee of the Defendant relating to any allegations in the Complaint. For each, state whether it was written or oral, the date it was made, the identities of the persons who made or and to whom it was made, the identify of each person present at the time of each communication, and the context in which the communications was made.

**ANSWER**: Plaintiff refers this Defendant to his Complaint and Amended complaint recently filed in court and incorporates such complaints as though fully set forth herein. See supplemental answer to Interrogatory No.9

**Interrogatory No. 17.** Identify fully and completely each communication made by you or anyone on your behalf to the Defendant or any other person, relating to any allegations in the Complaint. For each, state whether it was written or oral, the date it was made, the identities of the person who mad I and to whim it was made, the identity of each person present at the time of each communication and the context in which the communication was made.

4

>**ANSWER**: Plaintiff refers this Defendant to his Complaint and recently-filed Amended complaint and incorporates such communications as fully set forth herein. My counsels have made privileged communications.

**Interrogatory No. 22.** Do you contend that any employee, representative, or agent of the Defendant had personal knowledge regarding your termination from the IMF and/or the reason for such termination? If so, state every fact upon which you rely support of this contention.

>**ANSWER:** Plaintiff refers this Defendant to his Complaint and recently-filed Amended complaint and incorporates such complaints as though fully set forth herein. Defendant's agents were aware of the conditions surrounding Plaintiff's hasty termination. He was not allowed to get his personal belongings. Defendant's agents have escorted Plaintiff when he was allowed to get his belongings several weeks later. They were also involved in assaulting and expelling Plaintiff from the Credit Union at the behest of the IMF while he was conducting his business transactions. As stated in the complaint, the Credit Union leases an annex of the IMF building alongside other private businesses and is open to all its clients, including Mr. Nyambal.

**Interrogatory No. 23.** State every fact upon which you rely in support of your contention that the Defendant "blacklisted" the plaintiff at the World Bank, as alleged in your Complaint.

>**ANSWER:** Plaintiff refers this Defendant to his Complaint and recently-filed Amended complaint and incorporates such complaints as though fully set forth herein. See the July and October incidents in the complaint, the World Bank's position and the autonomy and responsibility of Defendant in operating, updating and maintaining the World Bank's security systems and databases as provided by the security contract.

5

**Interrogatory No. 11.** Provide the correct name and address for the Virginia Hospital Center and Arlington Behavioral Services.

ANSWER:

**Virginia Hospital Center**
1701 N. George Mason Drive
Arlington, VA 22205-3698
Tel 703.558.5000

**Arlington Behavioral Services**
1725 N George Mason Drive
Arlington, VA 22205, USA
Tel: 703 228-51 50

**These Supplemental Answers to Interrogatories are Respectfully Prepared and Submitted by:**
Eugene Nyambal
PRO SE

**I verify under oath that the answers to these interrogatories are true to the best of my ability.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFIE that on the 16th day of September 2019, a copy of the foregoing was served on:

    Edward C. Bacon (DC Bar No. 270124)
    Richard S. Schrager (DC Bar No. 349530)
    BACON, THORNTON & PALMER, LLP
    Capital Office Park
    6411 Ivy Lane, Suite 500
    Greenbelt, MD 20770-1411
    (301) 345-7001
    ebacon@lawbtp.com
    rschrager@lawbtp.com
    *Counsel for Defendant*

    Eugene Nyambal
    5734 First Street South
    Arlington, VA 22204
    Email: enyambal@yahoo.com

**CERTIFICATE REGARDING DISCOVERY**

I HEREBY CERTIFY that on the 16th day of September 16, 2019, I served the following discovery materials on Defendant's counsel:

1. A supplemental response to Interrogatories.

                                       By: Eugene Nyambal
                                       PRO SE
                                       5734 First Street South
                                       Arlington, VA 22204
                                       Email: enyambal@yahoo.com