IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL,<br><br>Plaintiff,<br><br>v.<br><br>ALLIEDBARTON SECURITY SERVICES, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)  14-1904 (EGS)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY TO OPPOSITION OF DEFENDANT ALLIED BARTON SECURITY SERVICES, LLC TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND FOR JUDGMENT BY DEFAULT OR, ALTERNATIVELY, MOTION FOR LEAVE TO PERMIT LATE FILING OF ANSWER**

The Plaintiff, Eugene Nyambal, by his attorneys, Law Office of Mohaimina Haque, PLLC, hereby replies to the Opposition of Defendant AlliedBarton Security Services, LLC to Plaintiff's Motion to Strike Answer and for Judgment by Default or, Alternatively, Motion for Leave to Permit Late Filing of Answer, as follows.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES......................................................5

    I.    Plaintiff did not waive his motion to strike Defendant's untimely Answer that was filed without leave of court, and has fully complied with Rule 55, Fed. R. Civ. P. in moving this court to enter judgment by default in his favor..................................................5

    II.    Defendant's Motion for Leave to Permit Late Filing of Answer should be denied.........................................................................................8

        1.    Danger of prejudice to Plaintiff............................................................9

        2.    Length of delay and impact on judicial proceeding..........................10

        3.    The reason for the delay, including whether it was within the reasonable control of the movant..................................................13

        4.    Whether the movant acted in good faith............................................18

CONCLUSION....................................................................................................................19

# TABLE OF AUTHORITIES

Page

### Cases

*Adriana Int'l Corp. Lewis & Co.*,
  913 F.2d 1406 (9th Cir. 1990)...........................................................................................7

*Biton v. Palestinian Interim Self-Government Auth*,
  239 F.R.D. 1 (D.D.C. 2006).............................................................................................5, 6

*Casanova v. Marathon Corp.*,
  499 F.Supp.2d 32 (D.D.C. 2007) ....................................................................................17

*Cobell v. Norton*,
  213 F.R.D. 42 (D.D.C. 2003)..........................................................................................17

*Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*,
  305 F.R.D. 10, 13 (D.D.C. 2014).................................................................................14-15

*Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*,
  819 F.3d 476 (D.C. Cir. 2016).........................................................................................9

*D.A. v. District of Columbia*,
  No. 07-1084, 2007 U.S. Dist. LEXIS 90640 (D.D.C. Dec. 6, 2007)...........................15, 17, 19

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
  840 F.2d 685 (9th Cir. 1988)...........................................................................................7

*Edwards v. Arizona*,
  451 U.S. 477 (1981).....................................................................................................6 n.2

*Embassy of Fed. Republic of Nigeria v. Ugwuonye*,
  901 F.Supp.2d 92 (D.D.C. 2012)....................................................................................15

*Fay v. Noia*,
  372 U.S. 391 (1963).........................................................................................................6

*Foman v. Davis*,
  371 U.S. 178 (1962).................................................................................................12, 13

*Geddes v. United Fin. Group.*,
  559 F.2d 557 (9th Cir. 1977)...........................................................................................8

*Halmon v. Jones Lang Wootton USA*,
  355 F.Supp.2d 239 (D.D.C. 2005).................................................................................17

|  | Page |
|---|---|
| **Cases (continued)** | |

*Inst. for Policy Studies v. United States CIA*,
 246 F.R.D. 380 (D.D.C. 2007)..................................................................................15, 17-18

*Johnson v. Zerbst*,
 304 U.S. 458 (1938)......................................................................................................................6

*Kpodi v. Smith (In re Smith)*,
 463 B.R. 144 (Bankr. D.C. 2012).............................................................................................19

*Linchpins of Liberty v. United States*,
 71 F.Supp.3d 236 (D.D.C. 2014)..............................................................................................10

*Meehan v. Snow*,
 652 F.2d 274 (2d Cir. 1981).......................................................................................................8

*Moore v. District of Columbia*,
 No. 1:05-cv-02020-PLF (D.D.C. Feb. 15, 2007)..................................................................9, 17

*Mowrer v. U.S. Dep't of Transp.*,
 326 F.R.D. 350 (D.D.C. 2018)...........................................................................................12, 13

*NLRB v. Washington Star Co.*,
 732 F.2d 974 (D.C. Cir. 1984)..................................................................................................18

*Nwaneri v. Quinn Emanuel Urquhart & Sullivan, LLP*,
 No. 19-cv-01540 (TNM), 2020 U.S. Dist. LEXIS 244108 (D.D.C. Dec. 30, 2020)................17

*Pioneer Inv. Servs. v. Brunswick Assocs.*,
 507 U.S. 380 (1993)......................................................................................................9, 16, 17

*Quigley v. Rosenthal*,
 427 F3d 1232 (10th Cir. 2005)..................................................................................................16

*Ramseur v. Barreto*,
 216 F.R.D. 180 (D.D.C. 2003)..................................................................................................17

*Sai v. Transp. Sec. Admin.*,
 326 F.R.D. 31 (D.D.C. 2018)....................................................................................................13

*Smith v. District of Columbia*,
 430 F.3d 450 (D.C. Cir. 2005)................................................................................................5, 9

**Cases (continued)**                         **Page**

*Tolliver v. Lilley*,
  No. 1:12-cv-00971-DAB-KNF,
  2015 U.S. Dist. Lexis 129413 (S.D. N.Y. Feb. 19, 2015)..........8

*True the Vote, Inc. v. IRS*,
  831 F.3d 551 (D.C. Cir. 2015)..........10

*United States v. Reed*,
  No. CV-F-05-0431 REC LJO,
  2006 U.S. Dist. LEXIS 77787 (E.D. Cal. Feb 2, 2006)..........7

*United States v. Torres*,
  372 F.3d 1159 (10th Cir. 2004)..........14, 16

*Wainwright v. Sykes*,
  433 U.S. 72 (1977)..........6

*Webster v. Pacesetter, Inc.*,
  270 F.Supp.2d 9 (D.D.C.2003)..........15, 17

*Wilson & Co. v. Ward*,
  1 F.R.D. 691 (D.D.C. 1941)..........17

*Wilson v. Feldman*,
  Civ. A. No. 90-0263, 1991 WL 197025 (D.D.C. September 18, 1991)..........9

*Wilson v. Prudential Fin.*,
  218 F.R.D. 1 (D.D.C. 2003)..........17

                            **Page**
**Rules**

Fed. R. Civ. P. 6(b)..........6, 9, 14, 16, 19

Fed. R. Civ. P. 8(b)(6)..........5, 6

Fed. R. Civ. P. 8(c)..........10

Fed. R. Civ. P. 12(a)..........10

Fed. R. Civ. P. 12(f)..........6

Fed. R. Civ. P. 55..........5-8

Page

**Other Authority**

Fed. R. Civ. P. 55, Notes of Advisory Committee to 2007 Amendment..........................................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Plaintiff did not waive his motion to strike Defendant's untimely Answer that was filed without leave of court, and has fully complied with Rule 55, Fed. R. Civ. P. in moving this court to enter judgment by default in his favor.**

Defendant AlliedBarton does not contest the fact that it attempted to file its Answer, with six "defenses," including five previously unasserted affirmative defenses, approximately 42 months late and without leave of court. Rule 8(b)(6), Fed. R. Civ. P. provides: "(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." And, as the court ruled in *Biton v. Palestinian Interim Self-Government Auth.*, 239 F.R.D. 1, 3 (D.D.C. 2006), "[t]he answer without a motion was … a legal nullity." *Id*. ""In the absence of any motion for an extension, the trial court ha[s] no basis on which to exercise its discretion." *Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005), and accordingly cannot determine if excusable neglect exists, *Id.*

Because Defendant failed to deny the allegations in plaintiff's Complaint, the allegations were deemed admitted by operation of Fed. R. Civ. P. 8(b)(6), and Plaintiff is therefore entitled to a judgment in its favor by default. Defendant does not argue about the meaning of these well-established rules. Defendant asserts that because there have been numerous "docketed filings" in the case, then Plaintiff's motion to strike the Answer

5

and enter judgment is "moot, has been waived, and does not comply with Fed. R. Civ. P. 55." (Doc. #248 at 3.)[1]

Defendant does not cite any authority to support its claims of mootness and waiver. In fact, there is no legal support for such claims. First, there is no rule that requires the Plaintiff to move for a default judgment at any particular time in the proceeding. Second, "[t]he classic definition of waiver" is the "'intentional relinquishment or abandonment of a known right or privilege.'" *Fay v. Noia*, 372 U.S. 391, 439 (1963)(*quoting Johnson v. Zerbst*, 304 U.S. 458, 464 (1938))[2], *overruled in part on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 85 (1977). Defendant has not produced any evidence showing that Plaintiff waived his right to file a motion for default judgment pursuant to Fed. R. Civ. P. 55 or to move to strike an answer filed out of time and without the court's approval.

Defendant also argues that: "Due to the Defendant filing its Answer prior to an entry of default, the Defendant respectfully submits the issue is moot." Again, Defendant cites no authority for this novel assertion which is squarely contradicted by Fed. R. Civ. P. Rules 6(b), 8(b)(6), 12(f) and 55. Because Defendant did not obtain leave of court to file the tardy Answer, the Answer was a nullity and did not cure Defendant's default. *Biton*, 239 F.R.D. at 3.

Nor does Defendant's response make clear why Plaintiff's Motion for Default Judgment allegedly does not comply with Fed. R. Civ. P. 55. Paragraph (a) of Rule 55 applies to the facts of this case because Defendant "failed to plead or otherwise defend"

---

[1] "Doc. #248" is an example of the convention used in this document to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This convention is used throughout this document.

[2] *Overruled in part on other grounds, Edwards v. Arizona*, 451 U.S. 477 (1981).

and therefore paragraph (b)(2) applies; "the party must apply to the *court* for a default judgment." *Id.* (emphasis added).

Had Plaintiff sought an order of the Clerk pursuant to Fed. R. Civ. P. 55(b)(1), which Defendant seems to argue is required, such an order would have been "*void ab initio*" because Defendant had actually appeared in this action. "Rule 55(b)(1) 'applies only to parties who have never appeared in the action.' *See Direct Mail*, 840 F.2d at 689 (citation omitted)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.,* 375 F.3d 922, 927 (9th Cir. 2004). Rule 55(a) was amended in 2007 to change "plead or otherwise defend 'as provided by these rules'" to merely "plead or otherwise defend." *See* Fed. R. Civ. P. 55, Notes of Advisory Committee to 2007 Amendment. The Advisory Committee Note to the 2007 amendment suggests that the change was meant to mean that if a party did something showing an intent to defend, a default should not be entered by the clerk even if the act was not specifically described by the rules. *Id.* "Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule." *Id.*

In *United States v. Reed*, No. CV-F-05-0431 REC LJO, 2006 U.S. Dist. LEXIS 77787, at *8 (E.D. Cal. Feb 2, 2006), the court stated:

> Rule 55 of the Federal Rules of Civil Procedure provides that the Court may enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend…." A party must file an answer or motion to dismiss within 20 days of service of the summons and complaint. Fed. R. Civ. P. 12. Rule 55 provides that *default judgment may be granted to a party entitled to it by either the Clerk or the Court*. In cases in which damages are not for a "sum certain," a party must seek default through the Court pursuant to Rule 55(b)(2). Upon default, the allegations of a well-pleaded complaint are taken as true. *Adriana Int'l Corp. Lewis & Co.*, 913 F.2d 1406, 1414 (9th

7

    Cir. 1990)(citing *Geddes v. United Fin. Group*. 559 F.2d 557, 560 (9th Cir. 1977)).

*Id.* (emphasis added).

  And, in *Tolliver v. Lilley*, No. 1:12-cv-00971-DAB-KNF, 2015 U.S. Dist. Lexis 129413 (S.D. N.Y. Feb. 19, 2015), the court explained:

> Although Prack was in default as of July 7, 2014, the record did not indicate his default at the time of the plaintiff's motion for judgment by default. "The omission of the entry of a default was largely technical" because Prack had an opportunity to oppose the motion for judgment by default and was afforded "the same opportunity to present mitigating circumstances that [he] would have had if a default had been entered [at the time of the plaintiff's motion] and [he] had then moved under Rule 55(c) to set it aside." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). "Even if a default had been entered, opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion."

*Id.* at 12-13.

  Therefore, Plaintiff properly moved the court, not the Clerk, to enter a judgment by default in his favor and his motion is fully compliant with Rule 55. If the court strikes the purported Answer because leave to file it out of time was not sought prior to its filing, then the Defendant has defaulted and Plaintiff is entitled to a judgment by default, unless the court grants Defendant's Motion for Leave to Permit Late Filing of Answer. If the court denies that motion, then the court must enter a judgment by default and schedule a hearing on damages only.

**II. Defendant's Motion for Leave to Permit Late Filing of Answer should be denied.**

  Defendant now, 42 months late, moves for leave to be permitted to file an Answer containing 5 previously unasserted affirmative defenses, arguing as an excuse for its tardy attempt to file an Answer: "Undersigned counsel acknowledges that the filing of

8

the Answer was embarrassingly late, but would respectfully submit that it was an oversight and the result of excusable neglect due to the confusion of the state of case following the multiple substitutions of counsel on behalf of Mr. Nyambal and the failed efforts to file an Amended Complaint following the court's October 17 2018 Order." (Doc. #248 at 2.)  This "excuse" of "oversight" is not evidence of "excusable neglect" as required by Rule 6(b), Fed. R. Civ. P., *see, e.g., Moore v. District of Columbia*, No. 1:05-cv-02020-PLF, at 2-3 (D.D.C. Feb. 15, 2007), *citing Wilson v. Feldman*, Civ. A. No. 90-0263, 1991 WL 197025, at *1 (D.D.C. September 18, 1991)("To meet the standard for excusable neglect, . . . counsel must show good faith, little or no prejudice to other parties, and 'a reasonable basis for not complying within the specified period.'"); therefore, leave of court should not be granted to allow the tardy Answer to be filed.

As the court explained in *David E. Harvey Builders, Inc. v. Sec. of Labor*, No. 17-1215, 724 F.App'x 7 (D.C.Cir. 2018):

> Under *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), our evaluation whether neglect is "excusable" depends on: (1) the "danger of prejudice" to the opposing party; (2) the "length of the delay" and its "impact on judicial proceedings"; (3) the "reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *See also Cohen v. Bd. of Trustees*, 819 F.3d 476, 479, 422 U.S. App. D.C. 129 (D.C. Cir. 2016).

*Id.* at 2, 724 F.App'x at 10.  *See also Smith*, 430 F.3d at 456 n.5.

Applying these factors to this case:

1. **Danger of prejudice to Plaintiff**.  Defendant's tardy Answer attempts to plead six "defenses" which include previously unasserted affirmative defenses, including: "no publication" (Second Defense), "statute of limitations" (Third Defense), "absolute and/or

9

qualified privilege" (Fourth Defense), "damages caused by others" (Fifth Defense) and extensive denials and denials for lack of knowledge, (Sixth Defense).

Rule 8(c), Fed. R. Civ. P. states: "Affirmative Defenses (1) In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense…." Here Defendant alleges these affirmative defenses for the first time in its proposed Answer, 42 months late. No notice of these defenses was provided to Plaintiff during the 8-year pendency of this action, including almost four years of discovery. Even Carnac the Magnificent could not have known to prepare to defend against these sophisticated affirmative defenses now newly asserted by able insurance counsel, much less a *pro se* litigant.

Although Plaintiff was aware that Defendant contested his defamation claim he did not know of these defenses, and therefore he did not and could not undertake essential discovery about them. Defendant, by either artifice or gross negligence, failed to comply with Fed. R. Civ. P. 8(c) for 42 months, only attempting to plead affirmative defenses after the close of discovery on April 15, 2022. There is no "danger" of prejudice here; there is real, palpable prejudice caused by Defendant's failure to comply with the Federal Rules of Civil Procedure.

2. **Length of delay and impact on judicial proceeding.** The court's Order of October 17, 2018 reinstated Plaintiff's defamation claim. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant had 14 days to respond to the counts of the Complaint. *Linchpins of Liberty v. United States*, 71 F.Supp.3d 236, 251 n.24 (D.D.C. 2014), *aff'd in part, rev'd in part on other grounds and remanded sub nom., True the Vote, Inc. v. IRS*, 831 F.3d 551 (D.C. Cir. 2015). Defendant did not attempt to respond until April 21, 2022, approximately 42

months late and without leave of court. This delay is truly unprecedented; Plaintiff has not found any other reported decisions with such a tardy response.

As to the "impact on judicial proceeding" factor, if Defendant is allowed to file its Answer eight years after the suit was filed and 42 months after the court's reinstatement of the defamation claim, Plaintiff will be required, in the interest of justice, to request that the court allow a reopening of discovery for Plaintiff to inquire into these newly asserted defenses. This will unduly prolong this eight-year-old case and increase the parties' legal expense.

Defendant has established a pattern of tardiness and requesting the court to extend deadlines for its convenience. In his order of September 29, 2021 compelling Defendant to answer within 30 days the outstanding requests for production of documents and admissions served on May 22 and 25, 2020, Magistrate Judge Farruqui wrote:

> AlliedBarton offers no arguments outside of the stay as to why these requests are improper. See Def.'s MPO at 3–4. Thus, Defendant's motion for Protective Order is DENIED as to these requests. Defendant must respond to the outstanding discovery requests within 30 days of this opinion unless ordered differently by Judge Sullivan.

(Doc. #199 at 5.)

However, Defendant missed the deadline of the September 29, 2021, order. At its request, the court granted Defendant another extension of time on December 2 and 3, 2021, extending discovery deadlines through April 1, 2022, compelling it to answer all outstanding requests by April 15, 2022 based on the following representation recited in the court's Minute Order of December 2, 2021:

> AlliedBarton states that it intends to depose Mr. Nyambal and several witnesses and requests that discovery remain open for at least 120 days from the entry of any order by the Court. ECF No.

11

> 205. . . . It is HEREBY ORDERED that discovery in this case shall conclude by April 1, 2022. The parties shall file separate status reports with recommendations for further proceedings by no later than April 15, 2022.

As of April 1, 2022, Defendant had not responded to the outstanding discovery requests, filed a status report, produced its list of witnesses, or deposed Plaintiff as requested in its Motion for extension to respond to discovery requests filed on October 27, 2021. (Doc. #208.) In the Minute order of April 20, 2022, the court acknowledged that Defendant had failed to comply with its order, which states:

> Defendant has failed to comply with this Court's Minute Order of December 2, 2021 by failing to submit, by no later than April 15, 2022, a status report with recommendations for further proceedings. Defendant shall file a status report with recommendations for further proceedings by no later than April 22, 2022.

The court has been aggressive in case management by denying Plaintiff all requests for leave to file an amended complaint since the start of this action in 2014. The court's reasoning in its Minute Order of May 3, 2019, denying Plaintiff leave to file an amended complaint, was that amending the complaint "would cause undue delay and undue prejudice to AlliedBarton because this case has been pending for over four years." This reasoning and logic should also apply to denying Defendant's tardy Answer to the Complaint. The court ruled in its Minute Order of May 3, 2019:

> The Court finds that Mr. Nyambal's proposed amendments would cause undue delay and undue prejudice to AlliedBarton because this case has been pending for over four years and the parties have engaged in motion practice. See, e.g., Foman, 371 U.S. at 182; Mowrer, 326 F.R.D. at 352-53. Allowing Mr. Nyambal to file his proposed amended complaint "offers no end [to the litigation] and is unfair to the opposing party. It presents precisely the type of 'moving target' that delays the resolution of long-pending cases, such as this one, and that deprives the defendant of the opportunity to understand and to address the wrong that it has allegedly

12

committed." Sai v. Transp. Sec. Admin., 326 F.R.D. 31, 35 (D.D.C. 2018).

Here, for the same reasons given by the Court in denying Plaintiff's leave to amend the Complaint, the court should deny Defendant's attempt to file a tardy Answer containing new affirmative defenses. (See also this court's Minute Order of September 19, 2019, once again denying leave to file an amended complaint.)

The logic of this Court's Minute Order of May 3, 2019, is another reason for denying leave to file Defendant's tardy Answer. As the court noted:

> Although the Court "should freely give leave [to amend] when justice so requires," id., that liberal standard does not extend to cases involving "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," Foman v. Davis, 371 U.S. 178, 182 (1962). "[U]ndue delay has been found when plaintiffs have sought to add claims four or five years after litigation commenced, particularly after the parties had engaged in motion practice." Mowrer v. U.S. Dep't of Transp., 326 F.R.D. 350, 352-53 (D.D.C. 2018)(collecting cases).

3. **The reason for the delay, including whether it was within the reasonable control of the movant.** The reason given for the delay by Defendant is: "Undersigned counsel acknowledges that the filing of the Answer was embarrassingly late, but would respectfully submit that it was an oversight and the result of excusable neglect due to the confusion of the state of case following the multiple substitutions of counsel on behalf of Mr. Nyambal and the failed efforts to file an Amended Complaint following the court's October 17 2018 Order." (Doc. #248 at 2.) These excuses are not grounds for a finding of "excusable neglect."

13

The excuse "confusion of the state of the case following the multiple substitution of counsel on behalf of Mr. Nyambal" relies on a misstatement of the facts. Defendant was required to file its Answer on October 31, 2018. At that time, there was no "confusion of the state of the case;" all Defendant had to do was to file a timely answer. After that, if it wanted to file an answer or otherwise plead out of time, it was required to seek leave from this court for late filing, which it did not do until now, 42 months later, and only after Plaintiff filed the pending motions. Therefore, "confusion of the state of the case following the multiple substitution of counsel" could not have caused Defendant to fail to timely answer the complaint when due on October 31, 2018.

Defendant's other excuse, that it could not file an Answer because of Plaintiff's "failed efforts to file an Amended Complaint following the court's October 17, 2018, Order," (Doc. #248 at 2), is no better than the first excuse. Plaintiff did not attempt to file an amended complaint until February 28, 2019, in line with the court's modified scheduling order of February 1, 2019, and almost four months after Defendant's Answer was due on October 31, 2018. (*See* Doc. #54). Not only is Defendant's delay in answering "embarrassing," so are its reasons for this court to find "excusable neglect" as required by Fed. R. Civ. P. 6(b). Because the reason for delay is an important factor to be considered by the court in determining excusable neglect, *see United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004), on this basis alone the court should deny Defendant's motion.

This case is similar to *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 305 F.R.D. 10, 13 (D.D.C.2014). In that case, the District Court properly denied Cohen a motions for extension of time because his counsel created a pattern of missing court


deadlines and his repeated failure "to meet almost every relevant deadline" created a pattern that could, taken together, burden judicial proceedings. *Id.* Most importantly, counsel "put forth no reasonable excuse" for the delay, *Id.* at 14, and there was no suggestion that anything went wrong with the district court's CM/ECF electronic case filing system, *Id.* at 15.

As the court stated further in *Cohen*, emphasizing the reasons to deny his motions for extension in the absence of excusable neglect:

> Any one of those delays may not alone be a significant burden on judicial proceedings, but the pattern of near-constant delay is notable. *Cf. Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 901 F.Supp.2d 92, 99 (D.D.C. 2012)(relying in part on " multiple delays" in denying a motion for extension of time and noting that " this is not the first time [the party] has missed a deadline in this action" ). Even if all three of these factors weighed in plaintiff's favor, however, "the reason for the delay is the most important [factor], particularly if it weighs against granting the extension." *Id.*; *see also Webster v. Pacesetter, Inc.*, 270 F.Supp.2d 9, 14 (D.D.C. 2003). For that reason, in the absence of a reasonable excuse for delay, courts regularly deny motions for extension, even if the other factors weigh in the movant's favor. *See, e.g., Inst. for Policy Studies v. CIA*, 246 F.R.D. 380, 382-83 (D.D.C. 2007); *D.A. v. District of Columbia*, No. 7-1084, 2007 WL 4365452, at *3 (D.D.C. Dec. 6, 2007).

*Cohen*, 305 F.R.D. at 13-14.

In this instant case, Defendant failed to answer the complaint for 42 months, missed the deadlines for expert and non-expert discovery of the scheduling order of February 1, 2019. The Defendant failed to answer the second request for production of documents served on July 13, 2019 and failed to timely answer the deficiency letter of September 17, 2019, nor Defendant supplemented its response to the first and second set of discovery requests. It missed the court's deadline for filing expert report on the

grounds that delays were due to its law firm's computer breakdown on September 19, and 23, 2019 and did not serve Plaintiff its motion for extension of time. It answered Plaintiff's motion to vacate order and strike its expert report for misrepresentation 71 days after the deadlines. (*See* Doc. #148.) It was granted permission for a late filing in June 2021 on the grounds that it failed to answer Plaintiff's motion to vacate order and strike, (Doc. #148), due by March 19, 2021, because it confused Docket #148 (which was due by March 19, 2021) with Docket #158 (which had been entered on Sunday March 21, 2021). It failed to timely answer the third request for production of documents and admissions served on May 22 and 25, 2020 more than 20 months after being served and did not answer the deficiency letter of December 23, 2021 and supplement its responses as instructed by the court's orders of December 2 and 3, 2021, which compelled it to answer all outstanding requests by April 15, 2022.

> Defendant has put forth no cognizable excuse for its delay. Moreover,
>
> > it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b), the district court acted well within its discretion in refusing to consider the Quigleys' untimely motion. *See Pioneer Investment Servs. v. Brunswick Assoc.*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Torres*, 372 F.3d at 1163-64 ("[C]ounsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word excusable is to be read out of the rule.") (internal quotation omitted).

*Quigley v. Rosenthal*, 427 F3d 1232, 1238 (10th Cir. 2005).

Because both of Defendant's excuses are at best disingenuous, they are not a proper basis for this court to find "excusable neglect" as required by Fed. R. Civ. P. 6(b)

to permit the filing of the tardy Answer. Furthermore, the timing of filing an Answer was 100% within the control of the Defendant, and therefore 100% Defendant's fault.

In the District of Columbia Circuit, fault is a critical factor in the analysis of what is excusable neglect. *See Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) ("Courts have noted that 'fault in the delay [is] perhaps the most important single factor,' while the prejudice factor is of relatively little importance." *Quoting Webster v. Pacesetter, Inc.,* 270 F.Supp.2d 9, 14-15 (D.D.C.2003)). *Nwaneri v. Quinn Emanuel Urquhart & Sullivan, LLP*, No. 19-cv-01540 (TNM), 9, 2020 U.S. Dist. LEXIS 244108 (D.D.C. Dec. 30, 2020). Here, the Defendant has no one to blame but itself.

> The case law from this court is replete with examples of untimely filings being rejected where the only triggering *Pioneer* factor was, as is the case here, a mistake made by counsel. *See, e.g., D.A. v. District of Columbia*, No. 07-1084, 2007 WL 4365452 (D.D.C. filed Dec. 6, 2007)(untimely filing of opposition was not the result of excusable neglect where delay was caused by counsel's mistaken belief that a motion for enlargement had been filed); *Casanova*, 499 F.Supp.2d at 34 ("mere characterization of prior counsel's failure [to timely file answer to counterclaim] as an oversight is insufficient" ); *Moore v. District of Columbia*, No. 05-2020 (D.D.C. filed Feb. 15, 2007)(" the holidays and the press of other business, and the absence of undue prejudice to Plaintiff, fall far short of a showing of excusable neglect"); *Halmon*, 355 F.Supp.2d at 242 (describing as "lame" counsel's excuse that she "did not place the due date on her calendar"); *Webster*, 270 F.Supp.2d at 12 (mistaken belief that court's order was not a final judgment triggering time to appeal "does not amount to excusable neglect"); *Cobell*, 213 F.R.D. at 42-43 ("inadvertent miscalculation of the date by which [plaintiffs] were required to respond to defendants' filings" not excusable neglect); *Ramseur v. Barreto*, 216 F.R.D. 180, 182 (D.D.C.2003) ("inadvertently overlook[ing] a filing deadline [and later] to be reminded of it only by a show cause order some three weeks later [does not] constitute [ ] excusable neglect")(internal quotations omitted); *Wilson & Co. v. Ward*, 1 F.R.D. 691, 691 (D.D.C.1941)(no excusable neglect where demand for jury trial was "inadvertently overlooked" by counsel, even where opposing party consented to enlargement).

*Inst. for Policy Studies v. United States CIA,* 246 F.R.D. 380, 384 (D.D.C. 2007).

4. **Whether the movant acted in good faith.** Defendant has knowingly violated Federal procedural rules while claiming such violations were mere "excusable neglect." Defendant seeks an "attaboy" from the court for discovering that it had failed to file an answer 42 months after it was due. Plaintiff believes that no "attaboy" is appropriate; even after discovering the "embarrassingly" late failure to file an answer, Defendant continued to ignore the federal rules and attempted to file an Answer without leave of court, perhaps hoping that a *pro se* defendant would not know the difference. And its excuses for its failure to comply with the rules are unconvincing and disingenuous.

As to the "good faith" factor, Defendant's practice has been to be chronically late in its filings while repeatedly asking the court to forgive it for its non-compliance with the rules. For example, recently the court noted that Defendant had disobeyed the court's order of December 2, 2021. (A review of the difficulties caused by Defendant that Plaintiff has faced in discovery in this case is set out in Docket #132, filed December 12, 2020.) And, the lateness in answering is so long that the lateness alone is bad faith. The Court of Appeals in *NLRB v. Washington Star Co.,* 732 F.2d 974, 976 (D.C. Cir. 1984) suggests that a filing can be "filed so late that [it] could not be regarded as in good faith." Here an answer filed 42 months late is not in good faith, particularly where it attempts to assert new affirmative defenses, thus upending an opportunity by the Plaintiff to do meaningful discovery.

Therefore, Defendant's motion should be denied and a judgment by default should be entered for Plaintiff. "If such a defendant is not permitted to file an answer or a Fed. R. Civ. P. 12 motion out of time, it makes sense that a default judgment may be

entered, and that a default may be entered as a prelude to, or incident to, the entry of that default judgment, even though there was an effort to defend at an earlier stage. *Kpodi v. Smith (In re Smith)*, 463 B.R. 144, 145 (Bankr. D.C. 2012).

## CONCLUSION

Defendant's failure to Answer for 42 months was not the product of mistake. It was, at best, the result of negligence and intentional disregard of the Federal Rules of Civil Procedure. Defendant's excuses for its failure to timely Answer do not constitute "excusable neglect" under Fed. R. Civ. P. 6(b). *See, e.g., D.A. v. District of Columbia*, No. 07-1084, 2007 U.S. Dist. LEXIS 90640 (D.D.C. Dec. 6, 2007) (an excellent survey of the federal decisions on this subject). The court should strike the purported Answer because leave to file it out of time was not sought prior to filing, therefore the Defendant has defaulted and Plaintiff is entitled to a default judgment, unless the court grants Defendant's Motion for Leave to Permit Late Filing of Answer. Because the Defendant has not made an adequate showing of excusable neglect, its motion for leave to file an Answer should be denied and the court should enter a judgment by default in favor of the Plaintiff and schedule a hearing on damages only.

**WHEREFORE**, Plaintiff respectfully requests that the court strike the purported Answer and enter judgment by default in favor of the Plaintiff and against the Defendant on the defamation count of Plaintiff's Complaint and schedule a hearing on the issue of damages only.

Respectfully submitted,
Law Office of Mohaimina Haque, PLLC

By:  /s/ Mohaimina Haque
Mohaimina Haque #1644522

/s/ J Nelson Happy
J. Nelson Happy #435987

*Attorneys for Plaintiff Eugene Nyambal*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of May, 2022 a copy of the foregoing was mailed postage first class, and electronically served via email to:

Edward C. Bacon
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
ebacon@lawbtp.com

*Attorneys for Defendant AlliedBarton Security Services, LLP*

                                      /s/ Mohaimina Haque, Esq
                                      Mohaimina Haque

                                      /s/ J Nelson Happy
                                      J Nelson Happy

                                      Law Office of Mohaimina Haque, PLLC
                                      1629 K Street, NW, Suite 300
                                      Washington, DC 20006
                                      TEL: 202-355-6384
                                      EMAIL: mina@attorneymina.com