# United States Court of Appeals
## For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 22-7003** | **September Term, 2021** |
| | 1:14-cv-01904-EGS-ZMF |
| | **Filed On:** July 28, 2022 |

Eugene Nyambal,

      Appellant

  v.

Allied Barton Security Services, LLC,

      Appellee

_____

**No. 22-7037**

                                          1:14-cv-01904-EGS-ZMF

Eugene Nyambal,

      Appellant

  v.

Allied Barton Security Services, LLC,

      Appellee

      **BEFORE:**    Rogers, Millett, and Wilkins, Circuit Judges

# O R D E R

      Upon consideration of the motion for reconsideration of the court's order filed March 1, 2022, dismissing No. 22-7003 for lack of prosecution; the motions to compel; the motions to consolidate; the motions to disqualify; and the court's order to show cause filed April 1, 2022, in No. 22-7037 and the response thereto, it is

      **ORDERED** that the motion for reconsideration be denied. By order filed January 12, 2022, appellant was directed to either pay the $505 appellate docketing and filing fees to the Clerk of the District Court or file a motion in district court for leave to proceed on appeal in forma pauperis by February 11, 2022. The order warned that failure to comply may result in dismissal of the case for lack of prosecution. <u>See</u> D.C. Cir.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-7003**                                    September Term, 2021

Rule 38.  Appellant did not comply with the order, and the case was dismissed for lack of prosecution.

     Appellant argues that the court should reopen the appeal because he paid the appellate fees.  He attaches evidence showing that his payment was postmarked on February 23.  However, appellant does not explain why he failed to pay the fees by the February 11 deadline.  See D.C. Cir. Rule 38.  In any event, reinstating the appeal would "be a pointless gesture" because appellant "has failed to provide even a hint of a suggestion that he might succeed" in this case.  Thomas v. Holder, 750 F.3d 899, 901, 904 (D.C. Cir. 2014) (internal quotation marks omitted).  Appellant seeks to appeal orders of the district court that are nonfinal and thus not appealable under 28 U.S.C. § 1291.  In addition, the district court has not certified any of those orders for immediate appeal pursuant to 28 U.S.C. § 1292(b).  See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 474–75 (1978) ("[T]he discretionary power to permit an interlocutory appeal [under 28 U.S.C. § 1292(b)] is not, in the first instance, vested in the courts of appeals.  A party seeking review of a nonfinal order must first obtain the consent of the trial judge."); see also Nyambal v. Allied Barton Security Service, LLC, No. 21-7071, unpublished order (D.C. Cir. Nov. 12, 2021); Nyambal v. Allied Barton Security Service, LLC, No. 20-7021, unpublished order (D.C. Cir. Aug. 7, 2020).  Appellant's argument that he was precluded from seeking § 1292(b) certification is unpersuasive.  Although the district court denied appellant leave to file a motion for certification of prior orders not at issue here, the court made clear that it did so because there were no grounds for certification.  See July 2, 2021 Minute Order [Dkt. 178]; see also Nyambal v. AlliedBarton Sec. Servs. LLC, No. 14-cv-1409, 2021 WL 6773003, at *3–4 (D.D.C. Aug. 13, 2021) (denying subsequent certification motion that appellant had been granted leave to file).  Appellant also has not shown that the appealed orders qualify for any other recognized exception to the "final decision" requirement of 28 U.S.C. § 1291.  For these reasons, appellant has not demonstrated that reconsideration of the dismissal of No. 22-7003 is warranted.  It is

     **FURTHER ORDERED**, on the court's own motion, that the district court refund appellant's payment of $505 for Case No. 22-7003, which the district court received on March 2, 2022, after his appeal was dismissed.  It is

     **FURTHER ORDERED** that the order to show cause in No. 22-7037 be discharged.  It is

     **FURTHER ORDERED** that No. 22-7037 be dismissed for lack of jurisdiction.  The court's order filed April 1, 2022, directed appellant to show cause why this appeal from an interlocutory order of the district court should not be dismissed for lack of jurisdiction.  Appellant's response, filed May 1, 2022, does not address this court's

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-7003**                                          **September Term, 2021**

jurisdiction.  As in No. 22-7003, appellant seeks in No. 22-7037 to appeal nonfinal orders that the district court has not certified for immediate appeal, and appellant has not shown that any other recognized exception to the final decision requirement applies.  It is

      **FURTHER ORDERED** that appellant's remaining motions in No. 22-7003 and No. 22-7037 be dismissed as moot.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**