UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE NYAMBAL, | ) |
|     Plaintiff, | ) |
|     v. | ) Case No.: 1:14-cv-01904-EGS |
| ALLIEDBARTON SECURITY SERVICES, LLC, | ) |
|     Defendant. | ) |

**PLAINTIFF'S ANSWER TO ATTORNEY'S IMMEDIATE WITHDRAWAL AND NOTICE FOR FURTHER PROCEEDINGS IN THIS 8 YEAR OLD CASE**

Plaintiff, Eugene Nyambal, PRO SE, hereby moves to respectfully respond to the Motion to withdraw filed by Counsels Mohaimina Haque, Esq., and J. Nelson Happy Esq., on this 27th day of July, 2022, and answer for the next steps in these proceedings. I have been unable to find counsel since 2020. I cannot afford to pay legal fees because I am unemployed. In the meantime, I will be filing my documents PRO SE while looking for options for legal representation, including public fund raising and reaching out to different organizations. I do not seek further stays in this 8-year-old case. I also respectfully ask this court to adjudicate the pending motion to strike defendant's answer.

In this 8-year-old case, the court has violated my human, civil, and constitutional right to due process, fair trial and the public's access to judicial proceedings and records guaranteed to all litigants and protected by the 5th, 1st amendments and common law. I have been unconstitutionally deprived of my right of access to courts for being denied leave to file Motions, Notice of Appeal and appeal. Since 2019, I cannot file a document in the district and circuit courts.

For Ms. Haque's insistence to resume legal representation in this case in partnership with Mr. Happy for his extensive litigation and insurance experience, we executed a retainer agreement with the following scope of work: settlement discussions and litigation (finalizing ongoing Motions,

RECEIVED
APR 21 2023
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

filing re-submitting my missing Motions 2019-2022, including my Motions for sanctions; reviewing the evidence for dispositive motions and trial, and representation on appeal).

**Counsels breached the contract by refusing to comply with the agreed scope of work.** I agreed that no document should be filed while Motion to strike was pending. However, they refused to review the available evidence for dispositive motions and potential additional discovery and to re-submit my missing documents, including my third Motion for sanctions filed on April 28, 2022 with a copy to the Court of Appeals, but which has disappeared in the district court as if never filed. Plaintiff was told that "he should let it go because he lost all his motions" or "missing documents are lost" and "Motions for sanctions are barely granted in US Courts" thus they will not be re-submitted without further elaboration.

In June-July 2022, as stipulated in the retainer agreement, Plaintiff requested to no avail that counsels produce a roadmap and strategy for working on this case, the detailed sharing of tasks between Ms. Haque and Mr. Happy for this assignment as well as the team's and law office's experience in litigating defamation cases. I also sought clarification of Ms. Happy's role in this case because he appears under 3 different law firms (Ms. Haque's law firm, Mr. Happy's and Dilworth Paxson LLP in New York). I requested a discussion on these issues and Plaintiff also severally requested a discission about their stock taking of the docket, facts and legal issues in this case, but to no avail.

On July 27, 2022, rather than providing the information requested, counsels filed their Motion for immediate withdrawal without prior discussion about the timeline and conditions of withdrawal. Thereafter, a copy was sent to Plaintiff. Surprisingly, Motion to withdraw was granted the same day without giving Plaintiff the opportunity to answer. This also shows that this court can swiftly rule on pending Motions which are critical for ending this case.

II. **I AM CURRENTLY UNABLE TO FIND COUNSEL**

My best option was to allow counsels to withdraw after the court's ruling on pending Motion to strike defendant's answer to give me enough time to explore other options.

I have been litigating this case from overseas since 2016. I never met with the attorneys who have represented me from 2016 to 2020. I also want to inform this court that I have been unable to find counsel since 2020. When attorneys review the hostile and confusing 8-year-old docket with over 252 entries and all rulings against me since 2014, they refuse to represent enter representation sometimes without justification or "for confidential reasons".

After 8 years of litigation, I am financially and emotionally exhausted. I am currently unemployed. At this time, I cannot afford payment of legal costs. I will explore options on how I can get help for legal representation. Against this backdrop, I am not seeking a stay. This court should adjudicate pending motions, this will give an indication to the parties and potential attorneys on how this case might evolve.

Besides the pending Motion to strike late answer to the complaint, my attorneys sent a demand letter for settlement in line with Defendant's liability policy. On June 24, 2022, Defendant's insurer refused to proceed with settlement for his fundamentally different view of this case as to the procedural status, potential liability and damages.

### III. PENDING ISSUES TO BE ADDRESSED GOING AHEAD IN HIS 8-YEAR-OLD CASE

1. **The Pending Motion to strike and for default judgment Should Be Granted as a matter of law to bring this case to closure**

One the one hand, Defendant was allowed to tardily file an answer to the complaint and summons of 10/2014 on 4/22/2014 (i.e. after the closing of the 4-year-long discover, 8 years after being served and 42 months after the reinstatement of the defamation claim).

On the other hand, in the related IMF case (1:12-cv-01037), Judge Sullivan **denied my Motion for reconsideration of the concealed Stipulation for dismissal with Prejudice** with sharing of legal costs filed without my consent for: "A court may dismiss a [filing] for missing the deadline by one day":

"A motion for reconsideration "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The deadline to file a motion for reconsideration would have been November 29, 2019, but Mr. Nyambal filed his motion on December 2, 2019 (the date it was received by the Clerk's Office). See Mot. for Recons., ECF No.47 . "A court may dismiss a [filing] for missing the deadline by one day," see Smith v. Holder, 806 F. Supp. 2d 59, 62 (D.D.C. 2011) (citing Woodruff v. Peters, 482 F.3d 521, 525 (D.C.Cir.2007)".

**My Motion to strike tardy answer and for default judgment should be granted for the following reasons:**

➤ FRCP 12(a)(1)(A)(i) "Time to Serve a Responsive Pleading" states: (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: "A defendant must serve an answer within 21 days after being served with the summons and complaint"

➤ FRCP8(b)(6) *"Effect of Failing to Deny"* states: An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

➤ The trial court has no basis upon which to exercise its discretion in the absence of Motion for extension" *Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005."[t]he answer without a motion for extension was a legal nullity." Thus, my Motion to strike tardy answer for default judgment should be granted.

➤ My Motion to strike and for default judgment should be granted to ensure equal treatment under the Equal Protection Clauses of Constitution of the United States. Given the fact that my Motion for reconsideration was denied by Judge Sullivan in the IMF case for failure to file within 28 days and my interlocutory appeal No.7003 was summarily dismissed by the court of Appeals with decision to refund the filing fees allegedly having paid on March 1, 2022 rather than February 11, 2022, the Court should strike Defendant's tardy answer of 4/22/2022 to the complaint of 10/9/2014 for failure to answer 8 years after being served and 42 months after the reinstatement of the defamation claim in order to ensure equal treatment of the parties under the laws of the United States.

2. **My third Motion for sanctions filed on April 28, 2022 was never acknowledged. It is hereby re-submitted** in accordance with this court's instructions in its June 12, 2021 order advising him as follows: "To the extent Mr. Nyambal believes that documents are missing from the docket, he may submit a motion for leave to file with the specific documents attached".

3. **Missing Motions from 2019 to 2022 unlawfully concealed in the court's private docket and unavailable for dispositive Motions, trial and appeal should be docketed for a fair trial because there is no legal ground to criminalize and subject a victim of whistleblower retaliation to secret justice.**

**First,** the order of 19/9/2019 denying my Motion to amend and prohibiting me from filing any document without leave of the court, except a Notice of Appeal cannot be used as a ground to justify the court's systematic refusal because it was erroneous: (i) defendant's naked opposition had no cited authority and no proposed order in violation of LCrV 7(b)(c); (ii) the Judge is not allowed to advise Defendant to comply with local rules and (iii) there is no provision in this order justifying the systematic refusal to docket my documents since 2019.

**Second**, absent a sealing order, there are no legal grounds to subject me to secret justice by placing my discovery documents in the court's private docket because private entries reserved to internal users are generally for sealed documents and grand jury to protect confidentiality for use by Chambers and USCOA staff" (Witasick v. Minn. Mut. Life Ins. Co. 803 F.3d 184 (3d Cir. 2015). No document may be sealed absent a statutory authority and order LCvR5.1(h).

**Third**, placing my documents in the court's private docket unavailable to the public, to attorneys who can represent me and to myself violate my due process rights and First Amendment and common law rights of public access to judicial records (see "re Jason Leopold to Unseal Certain Elec. Surveillance Applications, 300 F. Supp. 3d 61 (D.D.C. 2018)".).

4. **Motion to amend complaint.** Since the start of this action in 2014, I have been denied leave to amend complaint either for: (A) *being premature (5/17/2017-ECF 29)* or (B) *"the case pending for 4 years and adding claims will prejudice defendant* (denying filing of Negligence claim although negligent conduct

5

needed to prove defamation!!!-see. orders **5/3/2019** and 9/19/2019) and (C) *denying without justification* (order 6/3/2021) and making these documents and Motions to reconsider "unavailable". It is well settled that leave to amend cannot be denied for length of time (Harrison v. Rubin, 174 F.3d 249, 252-53 (D.C.Cir.1999) or without justification (*Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Defendant's opposition had no order and no cited authority (violation of LCvR 7(b)(c)). Given the fact that my original complaint

5.  **My second Motion for sanctions should be docketed.** The court made an error by denying leave to file for "Rule 37 sanctions are inapplicable where Plaintiff has not first sought to compel discovery " and making the documents unavailable to the court" because the law clearly states:

> Federal Rule of Civil Procedure 37 (b) provides for a range of sanctions related to a party's failure to make disclosures or cooperate during discovery. Fed.R.Civ.P. 37. Under Rule 37(b), the Court may impose sanctions when a party " fails to obey an order to provide or permit discovery," including an order on a motion to compel. Fed.R.Civ.P. 37(b)(2)(A). The plain language of Rule 37(b) requires the moving party to demonstrate that (1) there is a discovery order in place, and (2) that the discovery order was violated. *D.L. v. D.C.*, 274 F.R.D. 320, 325 (D.D.C. 2011). If these requirements are met, Rule 37(b) allows for several specific forms of sanctions, including dismissal of the action or rendering a default judgment against the disobedient party".

There was no need to seek Motion to compel because there were two production orders (9/29/2021 and 12/2/2021) that Defendant "failed to obey". He also failed to disclose. Thus, Rule 37 (b) is applicable for failure to obey a court order because it states "a court may issue orders "as are just" to sanction a party that "fails to obey an order to provide or permit discovery, including a discovery order under Rule 26".

Rule 37(c)(1) is also applicable for failure to disclose critical information requested in the first, second and third requests for Production of documents. The "self-executing" exclusion sanctions under Rule 37(c)(1) does not require a finding of bad-faith. *Elion v. Jackson*, No. 05-0992, 2006 U.S. Dist. LEXIS 63854, at *2-3 (D.D.C. Sept. 8, 2006

**Besides Rule 37, my Motion for sanctions was also based on the inherent power of the court for misconduct, bad faith discovery and concealment of documents** (e.g. IMF contract and other undisclosed documents requested) including the power to enter a default judgment. See *Chambers,*

501 U.S. at 43-45; Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980); Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118-19 (1st Cir. 1989)

Respectfully submitted

Eugene Nyambal, PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIE that on the 9th day of August 2022, a copy of the foregoing was served electronically on:

Ms. Mohaimina Haque, Esq, DC # 1644522
Mr. Nelson Happy, Esq. DC# #435987
Attorneys for Plaintiff Eugene Nyambal
Law Office of Mohaimina Haque, PLLC
1629 K Street, NW, Suite 300 Washington, D.C. 20006
Email: mina@attorneymina.com
Tel: 202-355-6384

Edward C. Bacon (DC Bar No. 270124)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal PRO SE
C/o Christine TAMBI
9861 Good Luck Road, Appt. 2
Lanham, MD 20706
Email: enyambal@yahoo.com