**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EUGENE NYAMBAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:14-cv-01904-EGS |
| ) | **Honorable Judge Emmet. G. Sullivan** |
| ALLIEDBARTON SECURITY ) | |
| SERVICES, LLC, ) | ) |
| Defendant. ) | |

**MOTION FOR RECONSIDERATION, CLARIFICATION AND CERTIFICATION OF THE MINUTE ORDER OF MARCH 28,2023 DENYING PLAINTIFF'S 7ᵀᴴ MOTION FOR RECUSAL**

Eugene NYAMBAL (Plaintiff) PRO SE, hereby moves to respectfully request that this Court: (1) reconsider for errors of apprehension pursuant to FRCP 54(b) and certify for the requirements of 28 U.S. Code § 1292 (b), the Minute Order of 3/28/2023 denying ECF237 Seventh Motion to Disqualify Judge (docketed 4/21/2022)"*largely for the reasons stated in ECF168[1] Memorandum Opinion and Order of June 12, 2021*" denying Plaintiff's three Motions for Recusal of US Judge (see. Docket ECF No. 112 5/15/2020; ECF No.137, 01/22/2021 and ECF No.159, 3/16/2021); (2) docket the 5 missing ECF237 exhibits and; (3) clarify the specific reasons for denying 7ᵗʰ Motion ECF237 (i.e. similarities and differences of ECF168& ECF237). In ECF237, Judge Sullivan must answer whether he can make a fair judgment after repeatedly suppressing and unlawfully sealing documents and falsifying the docket to alter the outcome of this 9-year-old case in violation of plaintiff's rights to due process, access to courts and public access to judicial records. This cannot be answered through one unsubstantiated sentence covering 4 Motions (2020-2022) with different facts and issues. Disqualification or change of venue are mandatory for his bias and violation of Canons 2(A), 3(A)(4)(5) of the Code of Conduct for US Judges and 18 U.S.C §1001(a).

RECEIVED
APR 21 2023

---

[1] Leave to file Motion ECF184 to reconsider order ECF168 was arbitrarily denied and documents inaccessible to the public to hide court's errors

1

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## DISQUALIFICATION IN THIS 9-YEAR-OLD CASE IS MANDATORY FOR DEEP-SEATED BIAS

Disqualification is required when a judge either becomes or even seems to be an active participant in the litigation *Burton v. Am. Cyanamid*, 690 F. Supp. 2d 757, 764 (E.D. Wis. 2010); also see. Whitaker v. McLean, 73 App.D.C. 259, 118 F.2d 596 (1941) holding: "[i]f, before a case is over, a judge's bias appears to have become overpowering, we think it disqualifies him".

Disqualification is mandatory in this case in the interest of justice. For opposing corruption, Plaintiff was wrongly portrayed as a security threat at his place of business in 2013 to prevent him from working for the rest of his life. Since then, he is banned from employment despite his strong background and achievements (Master's in Economics, MBA, Post graduated from the same prestigious Universities as the heads of IMF Lagarde, Strauss-Kahn, or French President Macron, two World Bank awards for excellence amongst 13,000 staff, senior advisor at the IMF for two terms, author of several books). His children and entire family are suffering.

No court can bet on the death of plaintiff as a tool to dispose of his case. Judge Sullivan has weaponized the court and destroyed Plaintiff's life, career and family by refusing to adjudicate his case for a decade. He stole his years from age 49 to 60, refused to recuse himself 7 times by concealing in the private docket Motions alleging misconduct (4th, 5th, and 6th motions for recusal) for leave to file denied. There is no judiciary in the world where a whistleblower can be held hostage in endless proceedings for 9 years, 5 years of discovery for a single claim, 270 docket entries, huge legal fees, no trial date, prohibition to file, unlawful sealing and suppression of documents (3rd & 1st Motion for sanctions ECF221,222,225) and no recourse against abuse, injustice and dehumanization. Judge Sullivan is no longer a "neutral arbiter of matters the parties present." Greenlaw v. United States, 554 U.S. 237, 243 (2008). (see. Annex2: Ethics complaint).

The facts alleged by Mr. Nyambal meet the burden to demonstrate by clear and convincing evidence that the court has a "deep-seated favoritism or antagonism that would make fair judgment impossible," Liteky, 510 U.S. at 555) because based on these facts, a reasonable and informed observer would question the judge's impartiality.' " *SEC v. Loving Spirit Found. Inc.* , 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.* , 253 F.3d 34, 114 (D.C. Cir. 2001), *cert. denied* , 534 U.S. 952, 122 S.Ct. 350, 151 L.Ed.2d 264 (2001).

### RECONSODERATION OF MARCH 28, 2023 ORDER IS JUSTIFIED FOR CLEAR ERRORS

Reconsideration is justified **for error of apprehension and need to correct a clear error or prevent manifest injustice.'"** *Long John Silver's, Inc. v. Nickleson,* 2013 WL 1797442 (W.D. Ky. Apr. 29, 2013) ((quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir.2004)) because the court erred by applying the same reasons for denying the 7[th] Motion for Recusal ECF237 on March 28, 2023 and the previously denied Motions ECF168 (2020-2021) which raise different facts and issues. While Plaintiff's Motions are all based on deep-seated bias that makes any fair judgment impossible, the 7[th] Motion shows a pattern of misconduct, suppression of court documents and transmission of misleading records to USCA for Appeal No.22-7037 to fabricate a false narrative and alter the outcome[2].

Reconsideration is justified for error *because* (i) the docketing of Plaintiff's 7th Motion for recusal ECF237 was truncated, the five exhibits and evidence filed in support of this Motion were removed from the docket, as if never filed (see. Dkt.237, page 27). It is also justified for Defendant failed to file his opposition to this 7th Motion pursuant to LCvR7(b). Likewise, he failed

---

[2] e.g. first Motion for sanctions ECF 121: 141 pages out of 140 arbitrarily removed from the docket including Memorandum of law and annexes, then ECF121 docketed on 12/16/2020 as ECF132 with only 7 pages and denied 9/29/2021 and 12/2/2021. Leave to file Motion for reconsideration denied ECF221 and concealed in private docket "because there is no ground to reconsider order". Transmitting ttruncated records to USCA for Appeal 22-7037 to alter the outcome of the case shows deep-seated bias which undermines public trust in the judiciary.

to answer Plaintiff's first Motion for sanctions ECF132. Under this Rule, the court may treat a motion as conceded if an opposing party fails to file a memorandum in opposition within the prescribed time limit. LCvR 7(b); *see Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

Reconsideration is justified because the Minute order of March 28, 2023 failed to assess whether under 28 U.S.C. § 455 (a), the facts alleged by plaintiff in his 7th Motion for recusal meet the burden of demonstrating by clear and convincing evidence that an informed observer would reasonably question the judge's impartiality and conclude that he has a "deep-seated favoritism or antagonism that would make fair judgment impossible," Liteky, 510 U.S. at 555.

### I. LEGAL STANDARD FOR RECONSIDERATION

**Fed. R. Civ. P. 54(b) permits reconsideration of interlocutory judgments.** Rule 54(b) "governs non-final orders and permits revision at any time prior to the entry of judgment. . ." *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Under Rule 54(b), a court may grant relief "as justice requires," Capitol Sprinkler Inspection, Inc. v. Guest Servs. Inc., 630 F.3d 217, 227 (D.C. Cir. 2011), which requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances," Cobell v. Norton, 355 F.Supp.2d 531, 539 (D.D.C. 2005), To determine whether "justice requires" reconsideration of a previously issued interlocutory order, the court considers whether it has: (1) patently misunderstood a party, (2) made a decision beyond the adversarial issues presented, (3) made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred." *Id.* (internal citation, quotation, and alteration omitted); *see also Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) also (Singh v. George Washington Univ., 383 F.Supp.2d 99, 101 (D.D.C. 2005) (citation omitted). Furthermore, the party moving for reconsideration under Rule

54(b) must show that some harm would accompany a denial of its motion. In Def. of Animals v. Nat'l Institutes of Health, 543 F.Supp.2d 70, 76 (D.D.C. 2008).

"[I]n general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." Murphy v. Exec. Office for U.S. Attorneys, 11 F. Supp. 3d 7, 8 (D.D.C. 2014), aff'd sub nom., Murphy v. Exec. Office for U.S. Attorneys, 789 F.3d 204 (D.C. Cir. 2015) (internal quotation and alteration omitted).

## STANDARD FOR JUDGE'S DISQUALIFICATION

Pursuant to 28 U.S.C. § 455 (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned (see United States v. Grinnell Corp., 384 U.S. 563, 583). Section 455(b)(1) states, in relevant part, that a judge shall "disqualify himself . . . (1)[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

In the context of section 455(a), "unfavorable judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" See. United States v. Microsoft Corp., 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam) ("That a judge commits error, of course, is by itself hardly a basis for imputing bias or even the appearance of partiality.").

For § 455(a), the Supreme Court has established the following principle for Judge's recusal under Liteky v. United States, 510 U.S. 540, at 555 (1994): To sustain [his] burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases where no

extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" Tripp v. Executive Office of the President, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting Liteky, 510 U.S. at 555). "By contrast, Section 455(b)(1) requires the moving party to demonstrate actual bias or prejudice based upon an extrajudicial source." Id. ".

The Supreme Court has explained that "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 865 (1988) (Stevens, J.).

Accordingly, the legal standard for recusal under section 455(a) is an objective one that inquires whether a "reasonable and informed observer would question the judge's impartiality." See Liteky v. United States, 510 U.S. 540, 548 (1994), also United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001) (per curiam). "[R]ecusal is required where the court determines that "an informed observer would have a reasonable factual basis for doubting the Judge's impartiality regardless of whether he is in fact impartial or not (*S.E.C. v. Loving Spirit Foundation, Inc.*, 392 F.3d 486, 493 (2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). What matters is not the reality of bias or prejudice, but its appearance." *United States v. Barry*, 961 F.2d 260, 263 (D.C. Cir. 1992).

The court has broad discretion in the consideration of the sufficiency of a motion to remove a judicial officer pursuant to 28 U.S.C. § 455(a)." Cotton v. Washington Metropolitan Area Transit Authority, 264 F. Supp. 2d 39, 42 (D.D.C. 2003) (citing Cobell v. Norton, 237 F. Supp. 2d. 71, 78 (D.D.C. 2003), citing James v. District of Columbia, 191 F. Supp. 2d 44, 46–47 (D.D.C. 2002)). The court "must begin its analysis of the allegations supporting such a request with a presumption against disqualification." Cobell, 237 F. Supp. 2d at 78 (citations omitted). To overcome this

<u>presumption, the moving party must demonstrate by clear and convincing evidence that disqualification is required by Section 455(a). Id. at 78–79 (citations omitted).</u>

**II. THE MINUTE ORDER OF MARCH 28,2023 SHOULD BE RECONSIDERED BECAUSE THE ARGUMENTS FOR DENYING DISQUALIFGICATION UNDER ECF168 ARE UNRELATED TO PLAINTIFF'S SEVENTH MOTION FOR RECUSAL FOR UNLAWFUL SUPPRESSION OF DOCUMENTS**

**A, SUMMARY OF FACTS ALLEGED BY PLAINTIFF FOR JUDGE SULLIVAN'S RECUSAL FOR DEEP-SEATED BIAS IN MOTIONS DENIED ON JUNE 12, 2021 (ECF168)**

Plaintiff's allegations for recusal in his first three Motions for recusal for clear and convincing evidence deep-seated antagonism toward Plaintiff by clear and convincing evidence that would make fair judgment impossible were based on a number of unfair decisions, including:

i. Judge Sullivan discriminated against Plaintiff by unevenly **applying the order of 5/22/2020 staying the case through 1/22/2021.** *On the one hand*, he removed Plaintiff's documents from the docket on 12/15/2020 for being entered in error. *On the other hand*, he allowed Defendant to file a frivolous Motion for Protective Order on 6/3/2020 (ECF 117) shielding him through 1/22/2021 from answering the 3rd request for Production of Documents and Admission served on May 20 and 25, 2020. On 9/29/2021, Defendant was granted a 30-day extension of time to answer these requests and another extension by the Minute order of 12/2/2021 to answer the requests by 4/15/2022. At his request, Discovery was extended to 4/1/2022 (i.e **his answers were due after closing of discovery! Defendant failed to comply).** He is yet to produce the IMF security contract and make his initial disclosures after 7 years of litigation;

ii. Systemic denial of all leaves to file first amended complaint since the start of this action in 2014 and prohibition to file any document, except Notice of Appeal (see. order 9/19/2019)

iii. <u>On June 3, 2021</u> at 2:31 PM<u>, the Court denied Plaintiff's Motion to Grant conceded Motions for defendant's failure to file his Rule LCvR7(b) opposition. This was only a few minutes</u>

7

after docketing Defendant's opposition (ECF167 on June 3, 2021 at 12:09 PM)³. On the other hand, it refused to docket Plaintiff's reply filed on June 3, 2021 which disappeared as if never filed. This suppression of documents to alter the outcome violates Plaintiff's due process rights.

iv.  On March 5, 2021, Plaintiff's leave to file granted for Motion to vacate 9/24/2019 order and strike expert report for misrepresentation and failure to serve Motion (ECF148). On March 21, 2021, order denying Plaintiff's Motion for Inquiry of missing documents was entered (ECF 158). On June 1, 2021, Defendant alleged in response to unrelated Motion (ECF166) that he failed to answer ECF148 due on March 19,2021⁴ for confusing with ECF158 entered March 21,2021. June 3, 2021, Defendant was granted extension to answer (ECF148) about 75 days after the deadline. The Judge had no ground for discretion because no motion for extension was filed.

Concealment in private docket. 8/13/2021 order ECF192 denying plaintiff's Motion ECF148. On 9/26/2021, leave to file ECF196 Motion to reconsider order (ECF192) was denied and document unavailable for "there are no grounds to amend the Order of 8/13/2021". Concealment to hide the court's errors (no personal jurisdiction for failure to serve Motion for extension to file expert report ECF71, no excusable neglect for not answering Motion ECF148 for 75 days). For appeal 21-7071, Motion to reconsider (ECF196) was not sent to USCA.

**B. THE ORDER OF MARCH 26, 2023 SHOULD BE RECONSIDERED BECAUSE THE GROUNDS FOR RECUSAL IN THE ORDER ECF 168 OF JUNE 12, 2021 ARE SPECIFIC TO THE ISSUES RAISED IN PLAINTIFF'S FIRST 3 MOTIONS FOR RECUSAL (2020-2022)**

"[I]n general, a court will grant a motion for reconsideration of an interlocutory order when the movant demonstrates: a clear error in the first order." *Murphy v. Exec. Office for U.S. Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014).

---

³ The docketing of Defendant's opposition on June 3, 2021 is misleading because it appears under the docket of May of May 21, 2021 making it impossible for Plaintiff to determine his 7-day deadline for filing LCvR 7(d)

⁴. On the other hand, Judge Sullivan denied Plaintiff's Motion for Reconsideration in the related IMF case on the grounds that "Motions can be denied for being filed late by one day". This shows discrimination and deep-seated favoritism

8

The Court denied Plaintiff's three Motions for Disqualification ECF168 under Rule 455(a) based on "*Liteky*, 510 U.S. at 555". He denied leave to file Motion for reconsideration ECF184 raising court's errors and restricted public access (see. ANNEX2). His <u>main arguments against recusal are as follows:</u>

(i)     **Claims of bias are based on Misunderstood Court Rulings, Orders, and Stipulation fail to demonstrate, by clear and** convincing evidence, a "deep-seated favoritism or antagonism that would make fair judgment impossible for the following reasons:

(a)     Plaintiff's claim of court's <u>bias for entirely dismissing his complaint with prejudice for failure to state claims</u> on January 26, 2016 (ECF14,15) is based on his misunderstanding of the legal standards pursuant to which a motion to dismiss is analyzed (see. ECF168, page 16);

(b)     Plaintiff's unfounded claim that he was prohibited from filing any motion except a notice of appeal (*see* ECF No. 131 at 8, 13) <u>because he misunderstood the orders stating that he may file motions with leave of court, (*see* Minute Order, Sept. 19, 2019 and May 22, 2020)</u>[5];

(c)     Plaintiff's erroneous contention that the Court mislead him into thinking he would be able to file an amended complaint, *see* ECF No. 112 at 14-15; but <u>he misunderstands that the Court set a briefing schedule on the motion to amend. *See* Minute Order (March 1, 2019)</u>[6];

(d)     "Plaintiff claims bias because Allied Barton has not made its initial disclosures, *see* ECF No. 112 at 12, ECF No. 131 at 6; but in the parties' meet and confer statement, <u>they stipulated to dispense with initial disclosures</u>[7], *see* ECF No. 44 at 4".(see. ECF168, page 16)

(ii)    **Claims of bias based on Alleged Threats and Hostility** in the language of the Minute Order of 09/19/2019 was unfounded because such orders are routinely sent to litigants.
On May 3, 2019, the court denied Motion for leave to file amended complaint ECF65.

> Order of 9/19/2019: "On May 3, 2019, the Court denied Mr. Nyambal's motion for leave to file an amended complaint. <u>Undeterred, Mr. Nyambal moves for the Court's permission to file an amended complaint.</u> For the reasons stated in the Court's Minute Order of May 3, 2019 and substantially for the reasons stated in AlliedBarton's memorandum in opposition. <u>Mr. Nyambal is prohibited from filing any document without leave of the court, except Notice of Appeal.</u> any filings [plaintiff] attempts to make without leave of Court shall be deemed vexatious litigation and sanctioned accordingly." <u>The Court reminds AlliedBarton of its obligation to file a proposed order with any opposition brief, see LCvR 7(c)"</u> Allied Barton's opposition had no proposed order, no authority cited in May&September 2019. On May 3,2019, Plaintiff's Motion denied for case pending for 4 years.

(iii)   **Claims of bias Based on Court Rulings (Motions to Amend the Complaint., stays and 3 modifications of Scheduling** Orders do not reflect by clear and convincing evidence, that the

---

[5] This is false. Why Judge Sullivan has systematically denied all my leaves to file any document since hos order of 9/19/2019 while allowing Defendant to file all his documents. As a result, I have at least 15 Motions and evidence missing from the docket

[6] The scheduling order of February 1, 2019 instructed Plaintiff to file amended complaint by 2/28/2029 with a timeline to close discovery by 10/30/2029. But, on May 3. 2019 and 9/19/2019,, Judge Sullivan denied my Motions for leave to file amended complaint for prejudice to Defendant because the case had been pending for 4 years. All leaves to file amended complaint denied since 2014

[7] Defendant failed to make his initial disclosure during the 5 years of discovery, Judge Sullivan denied filings of my Motions for sanctions.

9

court has a "deep-seated favoritism toward Defendant or antagonism toward Plaintiff that would make fair judgment impossible. Thus, recusal is not required for denying all leaves to amend complaint.

Leaves to file amended complaint denied since 2014 for:(i) being premature (Minute order 5/17/2017 denying ECF26), (ii) case pending for 4 years (Minute orders May 3 and 9/19/ 2019) and (iii) no justification (leave to file granted 1/22/2021 and denied 6/3/ 2021 and (ECF217).

(iv) **Claims Based on the Length of Time the Case and Certain Motions Have Been Pending** (Motion for Reconsideration filed in February 2016 and Length of Time This Case Has Been Pending) do not provide a reasonable basis to question the Court's impartiality.

(v) **Claims Regarding Other Cases** (claims that the Court's impartiality can be questioned based on its rulings in *Nyambal v. IMF* and its failure to timely transfer the proof of payment of his filing fees to the Court of Appeals do not demonstrate bias because he failed to understand the grounds of the summary dismissal of his case by the Court of Appeals.

(vi) **Claims of bias for Refusing to Docket Filings, Time Taken to File Documents on the Docket and the court's violation of its own scheduling orders are unfounded.** Therefore, recusal is not required.

The court's advice to re-submit missing documents (see. Memorandum opinion 5/12/2021, at page 21) was never implemented as the court continued to deny all leaves to file or re-submit:

> "To the extent Mr. Nyambal believes that documents are missing from the docket, he may submit a motion for leave to file with the specific documents attached"

### III. DISQUALIFICATION IS JUSTIFIED FOR JUDGE SULLIVAN'S ACTUAL WORSENING BIAS WITH THE SYSTEMATIC SUPPRESSION AND UNLAWFUL CONCEALMENT OF DOCUMENTS THAT MAKES ANY FAIR JUDGMENT IMPOSSIBLE

Judge Sullivan's mandatory disqualification for seep-seated bias belongs to the first category noted as follows by the D.C. Circuit Court: "As the First Circuit explained: At one end are situations in which the hypothesis of partiality is so compelling that the judge has no real choice but to recuse herself. See, e.g., Fredonia Broad. Corp. v. RCA Corp., 569 F.2d 251 (5th Cir. 1978) (involving a recusal motion based upon one party's representation by the judge's former law clerk, who had served in that capacity during a

prior trial of the same action). At the other end are situations in which the hypothesis of partiality is so tenuous that the judge has no real choice but to sit. See Blizard v. Frechette, 601 F.2d 1217 (1st Cir. 1979) (involving a recusal motion based upon nothing more than a judge's criticism of a party and her case in an opinion). Between these two polar extremes lies a zone in which the district judge's discretion holds sway. See In re United States, 666 F.2d at 695. If a case falls within this gray area, a court of appeals ought not to interfere.

The basis of disqualification in this case is clear and falls under the purview of all layers of the judiciary and the Judicial Ethics Committee because the Court has "knowingly and willfully suppressed and conceal[ed] his properly-filed documents, facts and evidence. These allegations are sufficient to demonstrate the appearance of the Court's partiality **(Annex 2 Ethics complaint)**.

**Disqualification for unlawful suppression of court Documents**. Recusal is justified because the Judge engaged in misconduct by unlawfully suppressing Plaintiff's documents from the docket, as if never filed, in the improper purpose to alter the outcome of the case in favor of Defendant. Missing documents include Plaintiff's 3rd third Motion for sanctions filed 4/28/2022 and re-filed 8/9/2022 as instructed by the 6/12/2021 order advising him to re submit missing documents, but it was suppressed after its transmission to Judge Sullivan's office by the clerk's office.

**Disqualification for falsification of docket and unlawful concealment of Documents to alter the outcome of Plaintiff's first Motion for sanctions.** It is justified for the court's falsification of docket entries and false representations by removing from the docket the Memorandum of law and Annexes (141 pages out of 149-see ECF121, 232) before denying Motion for sanctions and restricting public access to Motion to reconsider (ECF221). These purported misrepresentations point to concealment of evidence or clear error, and thus warrant reconsideration.

**Specifically, the court concealed Plaintiff's Memorandum of law and evidence before denying his first Motion for sanctions.** Mr. Nyambal's first Motion for sanctions ECF121 was filed on 10/15/2020 with 149 pages. Defendant's opposition ECF122 was filed on 12/31/2020. **On 12/15/2020,** Plaintiff's Motion ECF121 **was arbitrarily removed from the docket by a Notice of corrected docket** for "entered in error pursuant to Minute Order of 05/22/2020 directing the clerk's office not to docket any filing by Mr. Nyambal except Notice of appeal". <u>on 12/16/2020, leave to file this Motion was granted under ECF132, but *only 7 pages were docketed and the Memorandum of law(37pages) and Annexes (105 pages) were removed-before the orders of 9/29/2021 and 12/2/2021 denying the truncated ECF132.*</u> Leave to file Motion for reconsideration ECF221 was denied because "*Plaintiff has provided no legal ground for the Court to reconsider its 12/2/2021order*" and documents made unavailable to the public.

The purported court's misrepresentations were related to its substantive arguments and reasoning for denying Plaintiff's motion. Plaintiff's concealed Motion for reconsideration <u>ECF221 hidden to the public shows the court's Rule 54(b) errors because all issues raised in the Minute orders 9/29/2021&12/2/2021 denying first Motion for sanctions ECF132 were addressed in the Memorandum of law and annexes (141 pages) removed from the docket</u> on 12/15/2020: (i) *no prior consultation* (error. see my email and counsel's Proof of LCvR 7(m) consultation are in (ECF132, page 3-4 and ECF121, Attach1. Memorandum page 12-13); (ii) *no motion to compel sought* (error. See order 1/23/2020 denying leave to file Motion to compel); (iii) *no allegation or evidence of concealment or destruction of evidence* (error. see. ECF121, page 5-7) and ECF121 Attach 1, Memorandum, page 6-8& 26-28), and (iv) *no specification of discovery deficiencies* (error. see ECF121, Memorandum, page 30-33& Annexes 3,4.5,6).

As a result of this falsification of the docket, Circuit Judges (Rogers, Millet and Wilkins Appeal No22-7037-7003, opinion 7/28/2022) were misled in their decision to refuse to consider Plaintiff's appeal and refund filing fees for "failure to pay the fees before the deadline" and "substantially for reinstating the appeal would "be a pointless gesture because there is no hint of a suggestion that Appellant might succeed". **First,** they failed to realize that the appealed order (12/2/2021) denying ECF132 was deceptive for the Memorandum of law and annexes (105 pages) were suppressed earlier on 12/15/2021. **Second,** they were misled to rely on Judge Sullivan's refusal to certify his 6/3/2021 (See Dkt. 178) by stating "the court made it clear there is no ground for certification pursuant to Rule 54(b)" because Plaintiff's concealed Motions for certification (Dkt.177/178) show: Defendant was granted extension (6/3/2021) to answer ECF148 about 75 days after the 3/19/2021 deadline with *no supporting Motion)*. By manipulating the docket, Judge Sullivan makes any credible review of his decisions impossible.

<u>Disqualification for denying due process and access to court by systematically refusing to file and unlawfully sealing Motions and evidence (ECF217,221,196)</u> to prevent Plaintiff from moving his case from discovery to trial and manufacture a false narrative for a predetermined outcome for defendant.

**Judge Sullivan has no legal grounds to conceal Plaintiff's documents in the court's private docket or subject him to secret justice because:** *<u>First</u>*<u>, private entries reserved to internal users (Chambers and USCA staff) are generally for sealed documents and grand jury to protect confidentiality</u> of proceedings (Witasick v. Minn. Mut. Life Ins. Co. 803 F.3d 184 (3d Cir. 2015, **No document may be sealed without a statutory authority and order (see.** LCvR5.1(h)). *Second*, by unlawfully sealing and restricting access to Plaintiff's documents, he violates his 1st Amendment

and common law rights to access, inspect and copy judicial records (*see "re Jason Leopold to Unseal Certain Elec. Surveillance Applications, 300 F. Supp. 3d 61 (D.D.C. 2018)"*.)).

## IV. JUDGE SULLIVAN SHOULD BE DISQUALIFIED FOR VIOLATION STATUTES, JUDICIAL CANONS AND PLAINTIFF'S CONSTITUTIONAL RIGHTS

### A. Judge Sullivan Has Violated Plaintiff's Due Process Rights

**Disqualification is justified because Judge Sullivan has violated Plaintiff's due process rights by denying him the right to be heard** (see. Cleveland Board of Education v. Loudermill, 470 U.S. 532 at 546 (1985) holding that "The essential requirements of due process are, notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.

**Judge Sullivan has failed the Supreme Court test setting that "justice must satisfy the appearance of justice" by manipulating the docket and denying Plaintiff's due process rights (see. Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954).** "Any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the *appearance of bias.*" **(see.** Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 148, 150, 89 S.Ct. 337, 340, 21 L.Ed.2d 301 (1968) (emphasis in original).

### B. Judge Sullivan has Violated 18 U.S. Code §1001 (a)(1)(2)(3)

The Court wilfully and Knowingly Falsified by concealing Plaintiff's reply to Motion to Grant Conceded Motions and making backdated and misleading docket entries in favour of Defendant in Violation of 18 U.S. Code § 1001 (a)(1).

The Court knowingly made materially false representation about docketing dates and items and suppressing critical documents (3rd Motion for sanctions or removing 141 pages out of 149 before denying Plaintiff's first Motion for sanctions) in violation of 18 U.S. Code §1001 (a)(2).

14

The Court knowingly and wilfully make or use any false writing knowing the same to contain any materially false, fictitious, or fraudulent statement or entry on the docket in violation of 18 U.S. Code § 1001 (a)(1)(2)(3) to favor Defendant.

### C. Judge Sullivan has violated Canon 2 and 3 of Code of Conduct of US Judges
### Violations of Canon Two

Canon 2 of the Code of Conduct for United States Judges provides that "a judge should avoid impropriety and the appearance of impropriety in all activities." (Emphasis added.) Canon 2A is entitled "Respect for Law." It provides that "A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." This rule is "critical—the judiciary's ability to decide cases efficiently and effectively would be severely impaired, and public confidence in the courts would be undermined, if litigants had reason to suspect judicial bias. To perform its high function in the best way "justice must satisfy the appearance of justice".

The Commentary to Canon 2A provides in relevant part: "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by improper or appearance of improper professional or personal conduct by judges.

Plaintiff submits that Judge Sullivan's repeated violations of the law and Plaintiff's due process rights and unlawful suppression of Plaintiff's documents to favor Defendant constitutes extreme impropriety and the appearance of impropriety that violate Canons 2 and 2A.

Plaintiff further submits that any "reasonable mind" would conclude that Judge Sullivan's "integrity, impartiality, temperament, [and] fitness to continue to serve as a judge in this case"

are "impaired" by his deep-seated bias toward Plaintiff which demonstrates that his "impropriety" and "appearance of impropriety" are obvious.

### Violations of Canon Three

Canon 3(A)(4) of the Code of Conduct of United States Judges provides that <u>"A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law…"</u>. Canon 3(A)(5) states: <u>"A judge should dispose promptly of the business of the court"</u> and the Commentary of Canon 3(A)(5) of the Code of Conduct of United States Judges adds: <u>"In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs"</u>.

The conduct of Judge Sullivan, described above violates Canon 3 because it shows a dramatic and appalling lack of "fairness" and "impartiality" and failure to respect for the "fundamental right to be heard" enshrined in the US Constitution and the statutory obligation for a swift, fair and timely resolution of litigations. He has used his judicial power for retaliation, cruel and inhumane treatment and the destruction of innocent lives through 9 years of endless proceedings.

Thus, Judge Sullivan has forfeited the obligation to perform the duties of his office fairly, impartially and diligently under Canon 3 (A) of the Code of Conduct for US Judges. He should disqualify under Canon 3 (C) and §§ 455(a), 455(b)(1) to restore public trust in the integrity, fairness and credibility of the judicial process.

### IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully prays the District Court to: (1) Reconsider and clarify the legal reasoning of the Minute Order of March 28, 2023 Denying his seventh Motion for recusal ECF237; (2) certify this order to reflect the language required by 28 U.S. Code § 1292(b) and; docket the missing five exhibits of ECF237 that were suppressed as if never filed.

Respectfully submitted

Eugene NYAMBAL, PRO SE

**LIST OF ANNEXES**

**ANNEX 1:** Proof of filing of Plaintiff's suppressed third Motion for sanctions filed 4/28/2022 and re-submitted 8/9/2022 but suppressed as if never filed

**ANNEX 2:** Ethics complaint against Judge Sullivan filed in March 2023

### CERTIFICATE OF SERVICE

I HEREBY CERTIFIE that on the 21th of April 2023, a copy of the foregoing was served electronically on:

Edward C. Bacon (DC Bar No. 270124)
BACON, THORNTON & PALMER, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770-1411
(301) 345-7001
ebacon@lawbtp.com
*Counsel for Defendant*

Eugene Nyambal PRO SE
C/o Christine TAMBI
Email: enyambal@yahoo.com