**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EUGENE NYAMBAL,

        *Plaintiff,*

    v.

ALLIEDBARTON SECURITY
SERVICES, LLC,

        *Defendant.*

Civil Action No. 14-1904 (LLA)

## <u>MEMORANDUM ORDER</u>

Before the court is Eugene Nyambal's Motion for Leave to File the Amended First Amended Complaint ("Motion for Leave to Amend"). ECF No. 315. For the reasons explained below, the motion is **DENIED**.

### I.      Background

In 2014, Mr. Nyambal brought this suit against AlliedBarton Security Services, LLC ("AlliedBarton") to recover damages for allegedly wrongfully adding him to the World Bank's "No Admit List." ECF No. 1. In his original complaint, Mr. Nyambal raised claims of civil conspiracy, tortious interference with business relationships, defamation, and intentional infliction of emotional distress. *Id.* In January 2016, the court dismissed Mr. Nyambal's complaint in its entirety, ECF Nos. 14, 15, but the court subsequently granted reconsideration and reinstated his defamation claim, ECF Nos. 41, 42. The parties engaged in discovery, which closed in April 2022. Thereafter, AlliedBarton discovered that it had not answered Mr. Nyambal's complaint, and, after significant briefing, the court permitted AlliedBarton to file an answer in October 2023. ECF Nos. 307, 308.

Throughout the course of this case, Mr. Nyambal has repeatedly sought to amend his complaint, both through counsel and pro se.  ECF Nos. 11, 26, 54, 65, 79, 83, 110, 138, 311, 315.  The court has repeatedly denied the motions.  *See* May 17, 2017, May 3, 2019, September 19, 2019, December 6, 2019, January 23, 2020, June 3, 2021 Minute Orders.  Mr. Nyambal again moves for the court's permission to file an amended complaint to raise a negligence claim and support his defamation claim.  ECF No. 315-4 at 7.

## II.        Discussion

Mr. Nyambal argues that he is entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1) in light of AlliedBarton's recently filed answer.  ECF No. 315-4 at 3.  In the alternative, he contends that the court should grant him leave to file under Rule 15(a)(2).  *Id.* at 4-8.  The court disagrees on both counts.

### A.        Mr. Nyambal is Not Entitled to Amend his Complaint as a Matter of Course

Mr. Nyambal's argument that he can amend as of right under Rule 15(a)(1) due to AlliedBarton's recently filed answer reflects a misunderstanding of the rule.  Rule 15(a)(1) directs that

> A party may amend its pleadings once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier.*

Fed. R. Civ. P. 15(a)(1) (emphasis added).  By its text, the right to amend under Rule 15(a)(1) is "confined to the initial stages of a case—that is, the right terminates [twenty-one] days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, and it does not revive thereafter."  *Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022).  After AlliedBarton removed the case to this court, it filed a motion to dismiss under Rule 12(b)(6) on November 26,

2014.   ECF No. 7.[1]   Under Rule 15(a)(1)(B), Mr. Nyambal had twenty-one days from November 26, 2014—through December 17, 2014—to amend his complaint as of right.   That deadline has long since passed, and Mr. Nyambal thus needs leave of court under Rule 15(a)(2) to file an amended complaint.

### B.     The Court Denies Leave to Amend Under Rule 15(a)(2)

When a party is not entitled to amend the pleading as a matter of course, "a party may amend its pleading . . . [with] the court's leave." Fed. R. Civ. P. 15(a)(2).   While the court "should freely give leave [to amend] when justice so requires," *id.*, that standard does not extend to cases involving "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962).   "An amended complaint may cause undue delay when it is filed several years after the start of litigation."   *McComb v. Ross*, 202 F. Supp. 3d 11, 20 (D.D.C. 2016) (citing *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015)); *see Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012) (upholding a finding of undue delay when leave to amend was sought "nearly five years after the initial complaint and after discovery had closed").

Nearly five years ago, the court denied Mr. Nyambal's request for leave to amend, in which he similarly sought to "amplify his defamation claim and add a claim for [n]egligence," after determining that amendment "would cause undue delay and prejudice to AlliedBarton because this case has been pending for over four years and the parties have engaged in motion practice."   May 3,

---

[1] Before removing the case, AlliedBarton filed a motion to dismiss in Superior Court, ECF No. 1-4, but the court will give Mr. Nyambal the benefit of using the later date on which AlliedBarton filed its amended motion to dismiss, ECF No. 7, as the operative date for purposes of calculating the deadline for him to amend his complaint as of right under Rule 15(a)(1).

2019 Minute Order.  That rationale rings even more true today.  This case has now been pending for almost a decade, and discovery closed in April 2022.  The only material change arguably in Mr. Nyambal's favor is that the court permitted AlliedBarton to belatedly file an answer in October 2023, ECF No. 308, but the court did so to avoid a procedural default and allow the case to proceed to a judgment on the merits.  ECF No. 307 at 15-17.  Permitting amendment at this late stage would unduly delay resolution on the merits and prejudice AlliedBarton even more than it would have in 2019.  Accordingly, this court denies Mr. Nyambal's request for leave to amend his complaint.

### III.    Conclusion

For the foregoing reasons, the court **DENIES** Mr. Nyambal's Motion for Leave to Amend.  ECF No. 315.  The court **ORDERS** the parties to file a Joint Status Report on or before April 8, 2024, setting forth recommendations for further proceedings, including whether the parties would benefit from a referral to a magistrate judge for mediation or a settlement conference and whether the parties anticipate filing dispositive motions; if so, they should propose a briefing schedule.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: March 25, 2024