UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE NYAMBAL,

        *Plaintiff*,

v.

ALLIEDBARTON SECURITY
SERVICES, LLC,

        *Defendant*.

Civil Action No. 14-1904 (LLA)

## MEMORANDUM ORDER

Before the court is pro se plaintiff Eugene Nyambal's Motion for Reconsideration. ECF No. 324. For the reasons explained below, the motion is **DENIED**.

### I.  Background

Throughout the course of this case, Mr. Nyambal has repeatedly sought to amend his complaint, both through counsel and pro se. ECF Nos. 11, 26, 54, 65, 79, 83, 110, 138, 311, 315.[1] The court has repeatedly denied the motions. *See* May 17, 2017, May 3, 2019, September 19, 2019, December 6, 2019, January 23, 2020, June 3, 2021 Minute Orders; ECF No. 319. Mr. Nyambal now asks the court to reconsider its most recent decision, ECF No. 319, a March 2024 order in which it denied Mr. Nyambal leave to amend his complaint to raise a negligence claim and support his defamation claim. ECF No. 324.

---

[1] Mr. Nyambal asks the court to "correct the docket" by adding ECF No. 278 to the list of motions to amend that were denied. ECF No. 324, at 1. That motion is procedurally different from the other motions to amend because the court denied leave for it to be filed; accordingly, it is not part of the case.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 54(b), "[a] district court may revise its own interlocutory decisions 'at any time before the entry of judgment adjudicating all the claims and the [parties'] rights and liabilities.'"  *Johnson v. Mukasey*, 248 F.R.D. 347, 353 (D.D.C. 2008), *aff'd sub nom. Johnson v. Holder*, No. 08-5157, 2009 WL 3568647 (D.C. Cir. Oct. 7, 2009) (quoting Fed. R. Civ. P. 54(b)).  A trial court has more discretion in applying Rule 54(b) than it does in applying Rules 59(e) or 60(b), which govern reconsiderations to final judgements.  *Id.* (comparing *Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001), and *United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992), with *LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d 48, 51-52 (D.D.C. 2000), and *Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996)).  While the standard governing reconsideration under Rules 59(e) and 60(b) requires a court to find "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," reconsideration of an interlocutory decision is available "as justice requires."  *Campbell v. U.S. Dep't of Just.*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000)).

## III.     Discussion

Mr. Nyambal argues that reconsideration is warranted because the court committed legal errors in denying his motion to amend by: (1) relying on undue delay, ECF No. 324, at 8-9; (2) applying the law of the case doctrine to "confirm" erroneous orders, *id.* at 9-12; (3) failing to consider his arguments based on Federal Rules of Civil Procedure 15(c) and (d), *id.* at 12-13; and (4) not requiring AlliedBarton to bear the burden of proving the futility of the proposed amended claims, *id.* at 13-16.  The court disagrees.

### A.     Undue Delay

As the court explained in its March 2024 Memorandum Opinion, while a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), that standard does not extend to cases involving "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Mr. Nyambal argued in his previous motion that amendment would not cause undue delay or prejudice AlliedBarton, ECF No. 315-4, at 4-5, but this court disagreed, ECF No. 319, at 3-4.  "[I]t is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled."  *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (quoting *Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)).  Accordingly, there is no basis for the court to revisit its conclusion that allowing amendment would unduly delay resolution of the proceeding and prejudice AlliedBarton.

### B.     Law of the Case

Mr. Nyambal argues that the court erred by adhering to the law of the case doctrine.  ECF No. 324, at 9-12.  The court, however, did not apply the law of the case doctrine; it denied Mr. Nyambal's motion after independently assessing whether justice required leave to amend. *See* ECF No. 319, at 3-4.  That said, Mr. Nyambal is advised that the court's March 2024 ruling will serve as law of the case going forward, providing a basis to deny any request to amend that relies on arguments the court has already rejected.

### C.     Federal Rules of Civil Procedure 15(c) and (d)

Mr. Nyambal contends that the court "overlooked" his legal arguments about Federal Rules of Civil Procedure 15(c) and (d).  ECF No. 324, at 12.  Not so.  Rule 15(c) governs whether an

3

amendment "relates back" to the original complaint for purposes of the statute of limitations. Where the court has concluded that amendment is not warranted under Rule 15(a)—as the court did here—the court has no occasion to consider whether any amendment would relate back under Rule 15(c).

With regard to Rule 15(d), Mr. Nyambal referenced it only in the "Standard of Review" section of his motion; the "Argument" section of his motion fails to mention Rule 15(d) at all. *See* ECF No. 315-4, at 4-8. "In this circuit, '[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'" *Davis v. Pension Benefit Guar. Corp.*, 734 F.3d 1161, 1166-67 (D.C. Cir. 2013) (alteration in original) (quoting *Consol. Edison Co. of N.Y. v. FERC*, 510 F.3d 333, 340 (D.C. Cir. 2007)). But even if Mr. Nyambal had sufficiently preserved an argument about Rule 15(d) (and, to be clear, he did not), it would fail. Rule 15(d) provides that "[o]n motion . . . , the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). As the redline of Mr. Nyambal's original and proffered amended complaint shows, ECF No. 315-3, Mr. Nyambal was not seeking to supplement his complaint with events after the date of his original complaint; instead, he was trying to bolster his defamation claim and add a claim for negligence stemming from the October 2013 events at the heart of his original complaint. Rule 15(d) bears no relevance to that type of amendment.

## D. Futility

Finally, Mr. Nyambal argues that AlliedBarton had the burden to show that amendment would be futile and failed to do so. ECF No. 324, at 13. While futility is a basis for denying leave to amend, it is not the basis that the court relied on in its March 2024 order. *See* ECF No. 319,

4

at 3-4. Because the court did not rely on futility, it did not fail to hold AlliedBarton to any burden it would have had.

## IV.   Conclusion

For the foregoing reasons, the court **DENIES** Mr. Nyambal's Motion for Reconsideration. ECF No. 324.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: May 28, 2024